**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS, individually and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 08 C 453 |
| RITZ CAMERA CENTERS, INC., | ) ) | |
| Defendant. | ) ) ) | Judge Guzman Magistrate Judge Cole |

---

### MEMORANDUM IN SUPPORT OF
### DEFENDANT'S MOTION TO TRANSFER

The material allegations and key questions of law at issue in Plaintiff's class action complaint are nearly identical to those in two class action suits being heard together in the Northern District of California. All three suits allege violations of the Fair and Accurate Credit Transactions Act ("FACTA"), a federal statute, and will rely on the same witnesses and documents for resolution. In fact, the claims are so similar that the members of the putative class proposed by Plaintiff in the instant case fit into the classes defined by the two earlier suits. The interest of justice, often considered the most compelling factor in the transfer analysis, heavily favors transferring this case to the Northern District of California. Based on the authority outlined below, Ritz Camera Centers, Inc. ("Ritz Camera") moves this Court to exercise its discretion under 28 U.S.C. §1404 (a) and transfer this case to the United States District Court for the Northern District of California.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has filed this class action lawsuit against Ritz Camera alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") relating to the alleged printing of more than five digits of a credit card number or an expiration date on an electronically generated receipt.   Plaintiff purports to bring this suit on behalf of "all consumers to whom Defendant Ritz Camera provided an electronically printed receipt at the point of sale or transaction in a store located in Cook County Illinois, after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's creditor debit card or (c) both."  (Compl. ¶ 22.)

A case with virtually identical material allegations was brought in the Northern District of California on February 2, 2007 and is currently being heard by Judge Sandra Armstrong.  *Hile v. Ritz Camera Centers, Inc.*, C 07-00716 SBA.  (Ex. A, *Hile* Docket Report.)  The class in the *Hile* case is defined as "All persons in the United States to whom, on or after January 1, 2005, Defendant provided, through use of a machine that was first put into use by Defendant on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendant printed more than the last five digits of the persons' credit card or debit card number and/or printed the expiration date of the person's credit or debit card" and "All persons in the United States to whom, on or after December 4, 2006, Defendant provided, through use of a machine that was first put into use by Defendant on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendant printed more than the last five digits of the persons' credit card or debit card number and/or printed the expiration date of the person's credit or debit card."  (Ex. B, *Hile* Compl. ¶ 13.)

Another class action suit was filed against Ritz Camera on April 9, 2007, in the Central District of California, also alleging violations of FACTA. *Andonian v. Ritz Camera Centers, Inc.*, C 07-06342 SBA. (Ex. C, *Andonian* Docket Report.) The class in the *Andonian* case is defined as "all persons in the United States who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which defendants printed the expiration date of the person's credit or debit card." (Ex. D, *Andonian* Compl. ¶ 14.) On December 18, 2007, *Andonian* was transferred to the Northern District of California pursuant to a stipulated order. (Ex. C.) On January 11, 2008, Judge Armstrong issued a Related Case Order finding that the *Andonian* case was related to *Hile* and ordering that it be assigned to her. (Ex. E, Jan. 11, 2008 Order.)

## II.    ARGUMENT

### A.    Standard For Transfer Of Venue.

Pursuant to 28 U.S.C. §1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer under Section 1404(a) is separate and distinct from a motion to dismiss for *forum non conveniens. Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). This Court has broad discretion to grant a motion to transfer under Section 1404(a). *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). In fact, Section 1404(a) provides district courts with much greater discretion to transfer than they have under the doctrine of *forum non conveniens. Sanders*, 25 F. Supp. 2d at 857.

Transfer is appropriate under Section 1404(a) when the movant establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee

district; and (3) transfer of the case will serve the convenience of the parties and witnesses as well as the interest of justice. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999); *Sanders*, 25 F. Supp. 2d at 857.

**B.     Venue Is Proper In The Transferor Court.**

The first requirement for a section 1404(a) motion to transfer is that venue be proper in the transferor court. *Allied Van Lines*, 200 F. Supp. 2d at 946; *Bryant*, 48 F. Supp. 2d at 832; *Sanders*, 25 F. Supp. 2d at 857. Although inconvenient for reasons discussed below, venue is nevertheless proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a)(1), because Ritz Camera does business within this judicial district and is subject to personal jurisdiction here. It is therefore deemed to reside in this judicial district for purposes of venue.

**C.     Venue And Jurisdiction Are Proper In The Transferee Court.**

A movant must also demonstrate that venue and jurisdiction are proper in the transferee district. *Hoffman v. Blaski,* 363 U.S. at 335, 342-44 (1960); *see also Allied Van Lines*, 200 F. Supp. 3d at 946; *Bryant*, 48 F. Supp. 2d at 832; *Sanders*, 25 F. Supp. 2d at 857. Thus, the Court must determine whether this action initially could have been brought in the transferee court.

Plaintiff could have initially filed this case in the Northern District of California. Subject matter jurisdiction would have been proper in that court because this case involves a federal question. Moreover, venue would also have been proper pursuant to 28 U.S.C. §1391(a)(1), because defendant Ritz Camera is subject to personal jurisdiction in the Northern District of California and therefore deemed to reside in that judicial district for purposes of venue.

**D.    Transfer Will Serve The Convenience Of The Witnesses
And Parties As Well As The Interest Of Justice.**

Although a motion to transfer under Section 1404(a) is distinct from a motion to dismiss pursuant to the doctrine of *forum non conveniens*, in evaluating the party and witness convenience and interest of justice prong of the transfer analysis test, courts often apply the factors identified in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), the seminal Supreme Court opinion addressing the doctrine of *forum non conveniens*. *Gas Research Inst. v. Quantum Group, Inc.*, No. 97 C 4082, 1997 WL 433607, at *1 (N.D. Ill. July 29, 1997). Thus, to determine whether a transfer will be inconvenient to witnesses or parties and will serve the interest of justice, the court will weigh the private interests of the parties to the litigation and the public interest. *Gulf Oil*, 330 U.S. at 508. The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience to the witnesses and parties; (3) the situs of material events; and (4) the availability of evidence in each forum. *Id.* at 508-09. The public interest factors focus on whether a change of venue will promote the interest of justice, and include: (1) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; (3) the speed at which the case will proceed; and (4) whether similar cases are pending in the district in which the case is sought to be transferred. *Trustmark Ins. Co. v. All Am. Life Ins. Co.* No. 04 C 5760, 2004 WL 2967529, at *4 (N.D. Ill. Nov. 30, 2004). In the instant matter, the public interest factors are dispositive.

1.    **Public Interest Factors.**

Courts have found that the "most compelling" factor in a motion to transfer under § 1404 may be "whether the efficient administration of justice favors transfer." *C&F Packing Co., Inc. v. KPR, Inc.*, No. 93 C 2309, 1993 WL 278504, *3 (N.D. Ill. July 22, 1993). Thus, public interest factors can be dispositive. *Carus Corp. v. Greater Texas Finishing, Corp.*, No. 91 C 2560, 1992 WL 22691, *2 (N.D. Ill. Jan. 31, 1992) (Rovner, J.) ("The most compelling factor in determining the appropriateness of transfer is the interest of society in the efficient administration of justice."); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) ("the 'interest of justice' is a separate component of a §1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result."). The benefit to the public interest may outweigh the individual interests of the parties and "a transfer may be granted on this basis even where the convenience of the parties and witnesses calls for a different result." *C&F*, 1993 WL 278504, *3; *see also Trustmark*, 2004 WL 2967529, at *3; *Medi USA v. Jobst Inst., Inc.*, 791 F.Supp. 208, 211 (N.D. Ill. 1992).

Transfer in this case serves the very purpose underlying § 1404(a), to prevent "the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts." *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, *5 (N.D. Ill. Dec. 11, 2007) (quoting *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960)); *see also Ameritech Corp. v. United States*, No. 93 C 6642, 1994 WL 142864, *4 (N.D. Ill. April 18, 1994) ("Transfer also serves the further purpose of avoiding the possibility of inconsistent judgments."). Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources and thereby have "an ample degree of discretion" to defer to

another federal proceeding involving the same parties and issues to avoid duplicative litigation. *Triple Mfg. Co. v. Am. Power Conversion Corp.* 46 F.3d 624, 629 (7th Cir. 1995).

**a.     Similar Case Pending.**

The existence of two similar class action suits in California strongly supports Ritz Camera's requested transfer. *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *6 (N.D. Ill. Oct. 31, 2002) ("Generally, in order to achieve 'efficient administration of justice,' cases 'should be transferred to the district where related actions are pending.'") (citation omitted); *Law Offices of Michael P. Cascino v. Laudig*, No. 94 C 909, 1995 WL 557483, at *5; *Burlingon Northern R.R. Co. v. Waller*, 650 F. Supp. 988, 990 (N.D. Ill. 1987; 15 Wright & Miller, Federal Practice & Procedure §3954, at 274 (3d ed. 2007) ("As a general proposition, the forum in which the first-filed action is lodged has priority."). *But see Gueorguiev v. Max Rave, LLC*, --- F.Supp.2d ---, 2007 WL 4259469, *4 (N.D. Ill. Nov. 30, 2007) (finding against transfer of FACTA case to forum hearing related matter where discovery in Illinois case was nearly closed and California case had not progressed as far). Whether there is a similar case pending in another venue it is of particular importance when the two cases have common questions of law and fact and where, as here, there is a possibility of consolidation. *Trustmark*, 2004 WL 2967529, at *4.

The case at bar, the *Hile* case and the *Andonian* case all involve the same operative facts. Plaintiffs in all three cases allege that Ritz Camera violated FACTA by willfully printing receipts displaying more than five digits of plaintiffs' credit cards or displaying the cards' expiration date after the statutory provision forbidding this practice became effective. (Compl. ¶ 11; Ex. B, ¶ 3; Ex. D, ¶ 11.) In each case, the common questions of fact that predominate over questions that may affect individual class members are alleged to be: whether Ritz Camera violated FACTA,

whether its conduct was willful, and whether plaintiffs are entitled to damages as a result. (Compl. ¶ 26; Ex. B, ¶ 21; Ex. D, ¶ 18.)  None of these issues are specific to the instant class action.  Not only the issues but the parties involved in all three cases are similar if not identical. Ritz Camera is the only defendant named in all three class actions, and the class in this case is subsumed by the classes in *Hile* and *Andonian*.  The class definitions in those actions are nearly identical to the one in the instant action, except that they encompass members whose transactions took place across the country.  (Compl. ¶ 22; Ex. B ¶ 13; Ex. D ¶ 14.)  Therefore, putative class members here, whose transactions took place in Cook County, would also be members of the nationwide classes in *Hile* and *Andonian*.

The judge presiding over the *Hile* and *Andonian* lawsuits is familiar with the issues of all three cases.  She has presided over the *Hile* case for more than a year.  Moreover, because these three actions involve similar parties, essentially identical issues and the same type of requested relief, they are prime candidates for consolidation.  *See* Fed. R. Civ. P. 42(a); *Trustmark,* 2004 WL 2967529, at *4.  Transfer under these circumstances best ensures consistent results and efficient utilization of resources. *Laudig*, 1995 WL 55743, at *5.

Finally, the parties in *Hile* and *Andonian* have been attempting to reach a joint settlement since September of last year.  (Ex. A.)  Should a proposed settlement be reached on a class-wide basis, it would need to be approved by Judge Armstrong.  *See* Fed. R. Civ. P. 23(e).   Judge Armstrong's findings related to that settlement proposal would likely bind most if not all of the members of the putative class proposed by Plaintiff here. *See id.*  That decision could very well render the proceedings here moot.  Therefore, to avoid duplicative litigation and potentially conflicting results, transfer best serves 1404(a)'s purpose of promoting judicial economy.

**b.    Relation Of The Community To The Issue Of The Litigation And Court's Familiarity With Applicable Law.**

As this case involves federal law, either forum is equally well equipped to handle the issues involved. *Kammin v. Smartpros, Ltd.*, No. 07 C 2665, 2007 WL 3046128, *3 (N.D. Ill. Oct. 9, 2007). Moreover, because the issue of the litigation is a federally enacted statute designed to protect consumers throughout the nation, this district has no greater tie to the litigation than the Northern District of California. Thus, these factors are neutral.

**c.    Speed At Which Case Will Proceed.**

According to the Judicial Caseload Profiles for both the Northern District of Illinois and the Northern District of California, this case would impose greater burden on the judicial system and the residents of this district than on the Northern District of California. The speed to trial in the Northern District of California is 24.9 months, compared to the Northern District of Illinois, where that number is 29.7 months. *See* Federal Court Management Statistics, U.S. District Court-Judicial Caseload Profile, *available at* http://www.uscourts.gov/cgi-bin/cmsd2007.pl. Accordingly, prosecution of this lawsuit in Illinois would be a slower process than in the Northern District of California, where the *Hile* case has already been pending for more than one year. This factor weighs in favor of transfer.

**2.    Private Interest Factors.**

As the public interest factors strongly support the transfer of this case to the Northern District of California, private interest factors are less relevant. *See, C&F*, 1993 WL 278504, *3. On balance, each of these private interest factors weighs slightly in favor of transfer, especially when they are considered in conjunction with the public interest factors.

**a.    Plaintiff's Choice Of Forum.**

A plaintiff's choice of forum is given significantly less deference in the transfer analysis than in a motion to dismiss for *forum non conveniens*. *Chicago, Rock Island & Pac. R.R. Co. v.*

*Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (district court abused its discretion in failing to grant defendant's motion to transfer); *Alliance Gen. Ins. Co. v. Deutsch, Kerrigan & Stiles, L.L.P.*, No. 99 C 2311, 1999 WL 637205, at *1 (N.D. Ill. Aug. 16, 1999) (transfer under Section 1404(a) affords plaintiff's choice of forum substantially less force than the deference available under doctrine of *forum non conveniens*); *Gas Research Inst.*, 1997 WL 433607, at *2 ("Any plaintiff's choice of forum is materially less significant in the Section 1404(a) balancing process than under *forum non conveniens*, where the result of a decision against plaintiff is the actual *dismissal* of its lawsuit, rather than the case simply being moved to another forum.") (citing *Pipier Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)).

Plaintiffs' choice of forum is afforded even less deference in the class action setting. *See, e.g., Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999) ("The plaintiff's choice is given less weight . . . when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum."). Notably, Plaintiff has not restricted his class to Cook County residents—membership is predicated upon the location of the transactions involved. Ritz Camera Centers and affiliated stores are located throughout the greater Chicagoland area in outlets that often cater to tourists and other visitors. The products they sell—film and camera equipment—are items frequently purchased by visitors.

More importantly, the interest of all of the class members is served by transfer of the case to the Northern District of California because all of the potential class members here are also potential class members in *Hile* and *Andonian*. Class members can more easily monitor the proceedings in a single forum, and will not subject to the confusion of conflicting rulings.

**b.**     **Convenience To The Witnesses And Parties.**

Where, as here, either party will have to litigate in a distant forum, the question of convenience to the party is essentially neutral. *See C&F*, 1993 WL 278504, *3 (finding this factor to be neutral where both forums present an inconvenience to one party). Other factors, however, tip the scales in favor of transfer.

As the central issue in this case—whether Ritz Camera willfully violated FACTA—revolves around Ritz Camera's, not Plaintiff's, actions, the key witnesses will most likely be Ritz Camera personnel and the key documents will be those in Ritz Camera's possession. Ritz Camera is headquartered in Beltsville, Maryland. Its key witnesses will therefore reside in Maryland and its documents are stored there, not in Illinois. It is far more convenient for Ritz Camera to defend this action in the Northern District of California in light of its defense of the *Hile* and *Andonian* lawsuits. *See, e.g., Waller*, 650 F. Supp. at 990 (because defendant must already defend other "closely related" cases in the District of Nebraska, "more than negligible inconvenience would be suffered by [defendant] if this action is litigated in the Northern District of Illinois.").

Moreover, all of the potential class members here could be class members in both the *Hile* or *Andonian* cases. To the extent the location of the proceedings impacts these class members, competing litigations in separate districts would not be convenient for them. Even if Plaintiff is able to point to a handful of potential witnesses from the Northern District of Illinois, the inconvenience to these witnesses will be minimal, as "[d]iscovery will occur at the appropriate locations under the Rules, regardless of where the cases are pending." *See Abbott Labs. v. Selfcare, Inc.*, No. 98 C 7102, 1999 WL 162805, *3 (N.D. Ill. Mar. 15, 1999). Transfer would also not affect discovery in any of the three cases, as no significant discovery has been

undertaken yet. Plaintiff would thus not face the prospect of duplicative discovery if his case is heard in conjunction with the California cases. Therefore, this factor weighs in favor of transfer.

       c.    **Situs Of Material Events.**

While the transactions alleged in this case may have taken place in Cook County, Plaintiff's Complaint makes clear that the material issues in this case will not revolve around those transactions. The common questions of fact and law affecting members of the class which predominate over questions which may affect individual members are defined as: "(a.) Whether defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement; (b.) Whether defendant thereby violated FACTA; (c.) Whether defendant's conduct was willful." (Compl. ¶ 26.) Clearly, it is Ritz Camera's actions, not the actions of the class members, that will be of key importance. Moreover, application of FACTA to the facts of the case are of national concern, and are not limited to Cook County transactions. Thus, the Northern District of Illinois does not hold a claim superior to that of the Northern District of California.

d.    **Ease Of Access To Proof.**

This court has stated that the "the fact that relevant records may be in each district does nothing to further the analysis." *Rugamboa v. Rungenga*, No. 06 C 1142, 2007 WL 317035, *2 (N.D. Ill. Jan. 30, 2007) (Guzman, J.) ("Unless the records are extraordinarily voluminous or otherwise difficult to ship, which neither party argues, they can easily be transported from one jurisdiction to another."). In this case, however, the records involved may well be voluminous as they involve receipts of credit and debit card purchases. *See Klingensmith v. Paradise Shops, Inc.*, No. 07-322, 2007 WL 2071677, *3 (W.D. Pa. July 17, 2007) (finding that this factor, while not accorded much weight, weighs in favor of transferring a FACTA case). Transporting those records to one court in three cases is both more efficient and more convenient for Ritz Camera. While this factor may not weigh heavily, it weighs in favor of transfer.

## III.    CONCLUSION.

Transfer of this case to the Northern District of California best serves the public interest and the underlying purpose of §1404(a). Two other cases with the same material factual allegations and issues of law are pending in the same court in that district. Those national class actions involve the same defendant as the instant action, Ritz Camera, and encompass the putative class proposed by Plaintiff here. In order to avoid duplicative litigation and the possibility of conflicting judgments, Ritz Camera therefore respectfully requests that the Court transfer this case to the Northern District of California.

DEFENDANT RITZ CAMERA CENTERS, INC.

By:    /s/ Suzanne E. Rollier_____

One of Its Attorneys

Richard T. Williams
Charles E. Joern
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600

## CERTIFICATE OF SERVICE

The undersigned certifies that on **February 27, 2008**, she caused the foregoing **Memorandum in Support of Ritz Camera Center Inc.'s Motion to Transfer** to be filed electronically and that service was accomplished pursuant to the CM/ECF for filing users and that non-participants were served as required by L.R. 5.5.


___ /s/ Suzanne E. Rollier ___


Richard T. Williams
Charles E. Joern
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600


# 5154869_v1

# Exhibit A

ADRMOP, E-Filing, RELATE

**U.S. District Court**
**California Northern District (Oakland)**
**CIVIL DOCKET FOR CASE #: 4:07-cv-00716-SBA**

Hile v. Ritz Camera Centers, Inc.
Assigned to: Hon. Saundra Brown Armstrong
Lead case: 4:07-cv-06342-SBA
Member case: (View Member Case)
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 02/02/2007
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Zachary Hile**
*on behalf of herself and all others*
*similarly situated*

represented by **Eric A. Grover**
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107
415-543-7861
Fax: 415-543-7681
Email: eagrover@kellergrover.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Aida Acevedo**
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
415 543-1305
Fax: 415 543-7861
Email: eacevedo@kellergrover.com
*ATTORNEY TO BE NOTICED*

**Jade Erin Butman**
Attorney at Law
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
415-543-1305
Fax: 415-543-7861
Email: JButman@KellerGrover.com
*ATTORNEY TO BE NOTICED*

**Mark R. Thierman**
Thierman Law Firm P.C.
7287 Lakeside Drive

Reno, NV 89511
775/284-1500
Fax: 775-703-5029
Email: laborlawyer@pacbell.net
*ATTORNEY TO BE NOTICED*

**Scott Allen Miller**
Law Offices of Scott A. Miller, A.P.C.
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436
818-788-8081
Fax: 818-788-8080
Email: millaw@sbcglobal.net
*ATTORNEY TO BE NOTICED*

**Steven Lee Miller**
16133 Ventura Boulevard
Suite 1200
Encino, CA 94136
818-986-8900
Fax: 818-990-7900
Email: stevenlmiller@sbcglobal.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ritz Camera Centers, Inc.**    represented by **Richard Thomas Williams**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2410
Fax: 213-896-2450
Email: richard.williams@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Gonden**
Holland & Knight LLP
50 California Street
Suite 2800
San Francisco, CA 94111
415-743-6900
Fax: (415) 743-6910
Email: dmgonden@hklaw.com
*ATTORNEY TO BE NOTICED*

**Tara Lynn Cooper**

Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2517
Fax: 213-896-2450
Email: tara.cooper@hklaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2007 | 1 | COMPLAINT With Jury Demand against Ritz Camera Centers, Inc. ( Filing fee $ 350, receipt number 34611002525.). Filed byZachary Hile. (jlm, COURT STAFF) (Filed on 2/2/2007) Additional attachment(s) added on 2/12/2007 (jlm, COURT STAFF). (Entered: 02/06/2007) |
| 02/02/2007 | | CASE DESIGNATED for Electronic Filing. (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | | Summons Issued as to Ritz Camera Centers, Inc.. (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 5/2/2007. Case Management Conference set for 5/9/2007 03:00 PM. (Attachments: # 1 Standing Order - SBA)(jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | 3 | Certificate of Interested Entities, filed by Zachary Hile (jlm, COURT STAFF) (Filed on 2/2/2007) Additional attachment(s) added on 2/12/2007 (jlm, COURT STAFF). (Entered: 02/06/2007) |
| 02/20/2007 | 4 | CLERK'S NOTICE Case Management Conference set for 5/9/2007 03:30 PM. VIA TELEPHONE. (lrc, COURT STAFF) (Filed on 2/20/2007) (Entered: 02/20/2007) |
| 04/23/2007 | 5 | SUMMONS Returned Executed by Zachary Hile. Ritz Camera Centers, Inc. served on 4/18/2007, answer due 5/8/2007. (Butman, Jade) (Filed on 4/23/2007) (Entered: 04/23/2007) |
| 05/01/2007 | 6 | MOTION to Continue filed by Zachary Hile. (Butman, Jade) (Filed on 5/1/2007) (Entered: 05/01/2007) |
| 05/03/2007 | 7 | ORDER: That the Case Management Conference is RESET for 6/28/2007 at 03:15 PM. VIA TELEPHONE. Signed by Judge ARMSTRONG on 5/2/07. (lrc, COURT STAFF) (Filed on 5/3/2007) Modified on 5/4/2007 (jlm, COURT STAFF). (Entered: 05/03/2007) |
| 05/08/2007 | 8 | MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* filed by Ritz Camera Centers, Inc.. Motion Hearing set for 7/3/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 05/08/2007 | 9 | MEMORANDUM in Support *of Ritz Camera Centers's Motion to* |

| | | |
|---|---|---|
| | | *Dismiss; and, in the Alternative, Motion for More Definite Statement* filed byRitz Camera Centers, Inc.. (Attachments: # 1 Exhibit Exhibit A to Memorandum In Support of Motion to Dismiss# 2 Exhibit Exhibit B to Memorandum in Support of Motion to Dismiss)(Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 05/08/2007 | 10 | Certificate of Interested Entities *or Persons* by Ritz Camera Centers, Inc. (Williams, Richard) (Filed on 5/8/2007) Modified on 5/9/2007 (jlm, COURT STAFF). (Entered: 05/08/2007) |
| 05/08/2007 | 11 | Proposed Order *Granting Ritz Camera Centers's Motion to Dismiss and Motion for More Definite Statement* by Ritz Camera Centers, Inc.. (Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 06/08/2007 | 12 | AMENDED CERTIFICATE OF SERVICE by Zachary Hile re 1 Complaint (Butman, Jade) (Filed on 6/8/2007) Modified on 6/11/2007 (jlm, COURT STAFF). (Entered: 06/08/2007) |
| 06/12/2007 | 13 | Memorandum in Opposition re 8 MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* filed byZachary Hile. (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/12/2007 | 14 | Declaration of Eric A. Grover in Support of 13 Memorandum in Opposition *to Defendant's Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)* filed byZachary Hile. (Related document(s) 13 ) (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/12/2007 | 15 | Proposed Order re 8 MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* by Zachary Hile. (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/14/2007 | 16 | STIPULATION *AND [PROPOSED] ORDER STAYING PROCEEDINGS FOR 60 DAYS PENDING MEDIATION* by Ritz Camera Centers, Inc.. (Gonden, David) (Filed on 6/14/2007) (Entered: 06/14/2007) |
| 06/15/2007 | 17 | ORDER by Judge ARMSTRONG denying as moot 8 Motion to Dismiss (lrc, COURT STAFF) (Filed on 6/15/2007) (Entered: 06/15/2007) |
| 06/18/2007 | 18 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Acevedo, Elizabeth) (Filed on 6/18/2007) (Entered: 06/18/2007) |
| 08/27/2007 | 19 | JOINT CASE MANAGEMENT STATEMENT *AND RULE 26(f) DISCOVERY PLAN* filed by Zachary Hile. (Butman, Jade) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/30/2007 | 20 | STIPULATION *and text of proposed order staying proceedings* by Ritz Camera Centers, Inc.. (Cooper, Tara) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 09/06/2007 | 21 | Minute Entry: Initial Case Management Conference held on 9/6/2007 before JUDGE ARMSTRONG (Date Filed: 9/6/2007). Further Case Management Conference set for 10/10/2007 02:45 PM. VIA TELEPHONE.() (lrc, COURT STAFF) (Date Filed: 9/6/2007) (Entered: |

| | | |
|---|---|---|
| | | 09/07/2007) |
| 09/27/2007 | 22 | NOTICE of Conditional Settlement by Ritz Camera Centers, Inc. (Gonden, David) (Filed on 9/27/2007) Modified on 9/28/2007 (jlm, COURT STAFF). (Entered: 09/27/2007) |
| 09/28/2007 | 23 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile. (Butman, Jade) (Filed on 9/28/2007) (Entered: 09/28/2007) |
| 10/11/2007 | 24 | CLERK'S NOTICE Case Management Conference set for 11/14/2007 03:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 11/05/2007 | 25 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile. (Butman, Jade) (Filed on 11/5/2007) (Entered: 11/05/2007) |
| 11/13/2007 | 26 | CLERK'S NOTICE Case Management Conference set for 1/23/2008 03:00 PM. via telephone. (lrc, COURT STAFF) (Filed on 11/13/2007) (Entered: 11/13/2007) |
| 01/11/2008 | 27 | ORDER RELATING CASE.. Signed by Judge ARMSTRONG on 1/10/08. (lrc, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/11/2008 | | Cases associated: Create association to 4:07-cv-06342-SBA. (jlm, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/11/2008 | 28 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile, Ritz Camera Centers, Inc. (Butman, Jade) (Filed on 1/11/2008) Modified on 1/14/2008 (jlm, COURT STAFF). (Entered: 01/11/2008) |
| 01/14/2008 | 29 | CLERK'S NOTICE Case Management Conference set for 5/7/2008 02:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/14/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/27/2008 11:39:36 | | |
| PACER Login: | hk0089 | Client Code: | 088507-00059/ser |
| Description: | Docket Report | Search Criteria: | 4:07-cv-00716-SBA |
| Billable Pages: | 3 | Cost: | 0.24 |

# Exhibit B

Eric A. Grover, Esq. (CSB# 136080)
Jade Butman, Esq. (CSB# 235920)
Elizabeth A. Acevedo, Esq. (CSB# 227347)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel. (415) 543-1305
Fax (415) 543-7681

Mark R. Thierman, Esq. (CSB# 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq. (CSB# 230322)
**LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 788-8081

Steven L. Miller, Esq. (CSB# 106023)
**STEVEN L. MILLER, A PROFESSIONAL LAW COPRORATION**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 986-8900

*ORIGINAL FILED*

*FEB - 8 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-FILING*

*SBA*

## UNITED STATES DISTRICT COUR
## NORTHERN DISTRICT OF CALIFORNIA

ZACHARY HILE, on behalf of herself and all
others similarly situated,

      Plaintiff,

      v.

RITZ CAMERA CENTERS, INC.

      Defendant.

Case No.: **C 07 0716**

**CLASS ACTION**

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

[15 U.S.C. §§ 1681 et seq.]

**DEMAND FOR JURY TRIAL**

*F 2/12/07*

1    Comes now Plaintiff Zachary Hile ("Plaintiff") on behalf of himself and all others
2    similarly situated and alleges as follows:

3    **INTRODUCTION**

4    1.    In 2003, Congress passed and the President signed, the Fair and Accurate
5    Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit
6    card fraud.  In the statement provided by the President during the signing of the bill, the
7    President declared that:
8
9         "This bill also confronts the problem of identity theft.  A growing number of
10        Americans are victimized by criminals who assume their identities and cause
11        havoc in their financial affairs.  With this legislation, the Federal Government
12        is protecting our citizens by taking the offensive against identity theft."

13   2.    A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair
14   Credit Reporting Act) provides that:

15        "No person that accepts credit cards or debit cards for the transaction of
16        business shall print more than the last five digits of the card number or the
17        expiration date upon any receipt provided to the cardholder at the point of sale
18        or transaction."

19   3.    The law gave merchants who accept credit card and/or debit cards up to three
20   years to comply with its requirements, requiring full compliance with its provisions no later
21   than December 4, 2006.  Although Defendant RITZ CAMERA CENTERS, INC. (hereinafter
22   collectively referred to as "Defendant" or "RITZ") had up to three years to comply, Defendant
23   have willfully violated this law and failed to protect Plaintiff and others similarly situated
24   against identity theft and credit card and debit card fraud by continuing to print more than the
25

1  last five digits of the card number and/or the expiration date on receipts provided to debit card

2  and credit card cardholders transacting business with Defendant.

3      4.      Plaintiff, on behalf of himself and all others similarly situated, brings this

4  action against Defendant based on Defendant's violation of 15 U.S.C. §§ 1681 et seq.

5      5.      Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive

6  damages, costs and attorneys fees, all of which are expressly made available by statute, 15

7  U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendant from continuing their

8  unlawful practice of willfully violating FACTA's provisions intended to safeguard against

9  

10  identity theft and credit and debit card fraud.

11  **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

12      6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and

13  15 U.S.C. §§ 1681p.

14      7.      Plaintiff's claims asserted herein arose in this judicial district and all Defendant

15  do business in this judicial district.

16      8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and

17  1400(a) in that this is the judicial district in which a substantial part of the acts and omissions

18  giving rise to the claims occurred.

19      9.      Assignment to the San Francisco or Oakland Divisions is proper because a

20  substantial part of the conduct which gives rise to the claims asserted herein occurred in the

21  County of Alameda in that Plaintiff is a resident of the County of Alameda and transacted

22  business with Defendant in California, County of Alameda.

23  

24  

25

## PARTIES

10.    Plaintiff, Zachary Hile, is and at all times relevant hereto was a resident of the State of California, County of Alameda.

11.    Defendant RITZ CAMERA CENTERS, INC. is a corporation organized and existing under the laws of the State of Delaware with headquarters in Beltsville, Maryland. Defendant operates stores in this district and throughout the United States.

## CLASS ALLEGATIONS

12.    Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

13.    Plaintiff seeks to represents two classes of persons to be defined as follows:

**CLASS A:**  All persons in the United States to whom. on or after January 1, 2005. Defendant provided. through use of a machine that was first put into use by Defendant on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendant printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

**CLASS B:**  All persons in the United States to whom, on or after December 4, 2006, Defendant provided, through use of a machine that was being used by Defendant before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendant printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

14.    Numerosity:  Each of the classes described above in paragraph 14 are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

15.    Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of each of the respective classes described in paragraph 14.

16.    The exact size of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

17.    Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

18.    Typicality:  Plaintiff's claims are typical of the claims of the members of CLASS A and CLASS B.  The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

19.    Plaintiff and members of CLASS A and CLASS B were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time on or after December 4, 2004 using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of CLASS and CLASS B, Defendant provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. § 1681c(g).

20.    <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting the members of CLASS A and CLASS B.

21.    The questions of fact and law common the CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

(a)    Whether Defendant's conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card violated the FACTA, 15 U.S.C. §§ 1681 et seq.;

(b)    Whether Defendant's conduct was willful;

(c)    Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

(d)    Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

22.    <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of CLASS A and CLASS B because his interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent.   Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B.

1    Plaintiff has retained counsel who are competent and experienced in the prosecution of class

2    action litigation.

3         23.    Superiority: A class action is superior to other available means for the fair and

4    efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages

5    which may be awarded to the members of CLASS A and CLASS B are likely to be

6    substantial, the damages suffered by individual members of CLASS A and CLASS B are

7    relatively small.  As a result, the expense and burden of individual litigation makes it

8    economically infeasible and procedurally impracticable for each member of CLASS A and

9    CLASS B to individually seek redress for the wrongs done to them. Plaintiff does not know

10   of any other litigation concerning this controversy already commenced by or against any

11   member of CLASS A or CLASS B. The likelihood of the individual members of CLASS A

12   and CLASS B prosecuting separate claims is remote.  Individualized litigation would also

13   present the potential for varying, inconsistent or contradictory judgments, and would increase

14   the delay and expense to all parties and the court system resulting from multiple trials of the

15   same factual issues.  In contrast, the conduct of this matter as a class action presents fewer

16   management difficulties, conserves the resources of the parties and the court system, and

17   would protect the rights of each member of CLASS A and CLASS B. Plaintiff knows of no

18   difficulty to be encountered in the management of this action that would preclude its

19   maintenance as a class action.

20        24.    Injunctive Relief: Defendant have acted on grounds generally applicable to the

21   members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with

22   respect to the CLASS A and CLASS B as a whole.

23        25.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. § § 1681 et seq.

### (On Behalf of Plaintiff and the Members of CLASS A and CLASS B,

### Against Defendant)

26.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

27.    Plaintiff asserts this claim on behalf of himself and CLASS A and CLASS B against Defendant and each of them.

28.    Title 15 U.S.C. § 1681c(g)(1) provides that:

> "...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

29.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. 1681 c(g)(3)(B) required compliance with the provisions of 15 U.S.C. 1681c(g)(1) on or after December 4, 2004.

30.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. 1681 c(g)(3)(B) required compliance with the provisions of 15 U.S.C. 1681c(g)(1) on or after December 4, 2006.

31.    Defendant transact business in the United States and accept credit cards and/or debit cars in the course of transacting business with persons such as Plaintiff and the members of CLASS A and CLASS B. In transacting such business, Defendant use cash registers and/or

other machines or devices that electronically print receipts for credit card and/or debit card transactions.

32.    On or after December 4, 2004, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card and/or printed the expiration of Plaintiff's credit or debit card.

33.    On or after December 4, 2004, Defendant, at the point of a sale or transaction with members of CLASS A, provided, through use of a machine that was first put into use on or after January 1, 2005, each member of CLASS A with one or more electronically printed receipts, each of which Defendant printed, for each respective CLASS A member, more than the last five digits of such member's credit or debit card number and/or the expiration of such member's credit or debit card.

34.    On or after December 4, 2006, Defendant, at the point of a sale or transaction with members of CLASS B, provided, through use of a machine that was in by Defendant before January 1, 2005, each member of CLASS B with one or more electronically printed receipts, each of which Defendant printed, for each respective CLASS B member, more than the last five digits of such member's credit or debit card number and/or the expiration of such member's credit or debit card.

35.    As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

36.    Defendant and each of them knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the

1   truncation of credit and debit card numbers and prohibition on printing of expiration dates.

2   For example, but without limitation, several years ago, on information and belief, VISA,

3   MasterCard, the PCI Security Standards Council (a consortium founded by VISA,

4   MasterCard, Discovery, American Express and JCB), companies that sell cash register and

5   other devices for the processing of credit or debit card payments, and other entities informed

6   Defendant and each of them about FACTA, including its specific requirements concerning the

7   truncation of credit card and debit card numbers and prohibition on the printing of expiration

8   dates, and Defendant's need to comply with same.

9           37.    In addition, on information and belief, many companies such as VISA and

10  MasterCard devised and implemented policies well before the operative date of FACTA's

11  requirements, wherein such companies as VISA and MasterCard and others required

12  Defendant (and informed Defendant of the FACTA requirements) to truncate credit card and

13  debit card numbers and prevent the printing of expiration dates on receipts. For example, on

14  March 6, 2003, VISA USA's CEO. Carl Pascarella, held a pres conference on Capitol Hill

15  with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publicly

16  announced VISA USA's new truncation policy to protect consumers from identity theft. At

17  the March 2003 press conference, Mr. Pascarella explained as follows:

18
19          "Today I am proud to announce an additional measure to combat
20          identity theft and protect consumers. Our new receipt truncation policy will
            soon limit cardholder information on receipts to the last four digits of their
21          accounts.  The card's expiration date will be eliminated from receipts
            altogether.  This is an added security measure for consumers that doesn't
22          require any action by the cardholder.  We are proud to be the first payments
            brand to announce such move to protect cardholders' identities by restricting
23          access to their account information on receipts.

24          The first phase of this new policy goes into effect July 1, 2003 for all
25          new terminals. I would like to add, however, that even before this policy goes

into effect, many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began several years ago.

Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, social security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access."

38.    Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendant and each of them willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B – persons with whom Defendant transact business.

39.    Many of Defendant's business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the least five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

40.    In contrast, Defendant willfully disregarded FACTA's requirements and continue to us cash registers or other machines or devices that print receipts in violation of FACTA.

41.    Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

42.     As a result of Defendant's willful violations of FACTA, Defendant are liable to Plaintiff and each class member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation.     15 U.S.C. 1681n(a)(1)(A).

43.     As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

44.     As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to punitive damages.     15 U.S.C. 1681n(a)(2).

45.     Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in their unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of CLASS A and CLASS B, prays for:

1.     An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B, and appointing the law firms representing Plaintiff as counsel for CLASS A and CLASS B;

2.     An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations;

3.     An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6.     A permanent injunction enjoining Defendant and each of them from engaging in their unlawful violations of FACTA; and

7.     For other and further relieve as the Court may deem proper.

Dated: February 2, 2007                          KELLER GROVER LLP

By: _____
                                                 Eric A. Grover
                                                 Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the putative members of CLASS A and CLASS B, demands a trial by jury on all claims and causes of action to which she is entitled to a jury trial.

Dated: February 2, 2007                          KELLER GROVER LLP

By: _____
                                                 Eric A. Grover
                                                 Attorneys for Plaintiff

# Exhibit C

ADRMOP, E-Filing, RELATE

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:07-cv-06342-SBA

Andonian v. Ritz Camera Centers, Inc.

Assigned to: Hon. Saundra Brown Armstrong

Demand: $5,000,000

Member case: (View Member Case)

Case in other court: U.S.D.C., Central District of CA,
        Western Division, 2:07-cv-02349-GAF

Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 12/14/2007

Jury Demand: Both

Nature of Suit: 480 Consumer Credit

Jurisdiction: Federal Question

## Plaintiff

**Shogher Andonian**
*individually and on behalf of all others
similarly situated*

represented by **Launa Nicole Everman**
Milstein Adelman & Kreger LLP
2800 Donald Douglas Loop N
Santa Monica, CA 90405
310-396-9600
Fax: 310-396-9635
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne Scott Kreger**
Milstein Adelman and Kreger
2800 Donald Douglas Loop North
Santa Monica, CA 90405
310-396-9600
Fax: 310-396-9635
Email: wkreger@maklawyers.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Ritz Camera Centers, Inc.**
*a Delaware corporation*

represented by **David M. Gonden**
Holland & Knight LLP
50 California Street
Suite 2800
San Francisco, CA 94111
415-743-6900
Fax: 415-743-6910
Email: dmgonden@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Thomas Williams**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2410
Fax: 213-896-2450
Email: richard.williams@hklaw.com
*ATTORNEY TO BE NOTICED*

**Tara Lynn Cooper**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2517
Fax: 213-896-2450
Email: tara.cooper@hklaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2007 | 1 | Case transferred in from District of CA, Central, Western Division; Case Number 2:07-cv-02349-GAF-FMO. Original file with documents numbered 1-13, certified copy of transfer order and docket sheet received.. Filed byShogher Andonian. (Attachments: # 1 Case Transfer In, # 2 Acknmnt. of Receipt of Case, # 3 USDC CD #1, # 4 USDC CD #2, # 5 USDC CD Summons, # 6 USDC CD #3, # 7 USDC CD #4, # 8 USDC CD #5, # 9 USDC CD #6, # 10 USDC CD #7, # 11 USDC CD #8, # 12 USDC CD #9, # 13 USDC CD #10, # 14 USDC CD #11, # 15 USDC CD #12, # 16 USDC CD #13, # 17 USDC CD Dkt Report)(jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 12/14/2007 | 2 | ADR SCHEDULING ORDER: Case Management Conference set for 3/20/2008 03:00 PM. Case Management Statement due by 3/13/2008. (Attachments: # 1 Standing Order - SBA)(jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 12/14/2007 |  | CASE DESIGNATED for Electronic Filing. (jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 01/11/2008 | 3 | ORDER RELATING CASE.. Signed by Judge ARMSTRONG on 1/10/08. (lrc, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/14/2008 | 4 | CLERK'S NOTICE Case Management Conference set for 5/7/2008 02:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/14/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/27/2008 11:45:41 | | | |
| **PACER Login:** | hk0089 | **Client Code:** | 088507-00059/ser |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-06342-SBA |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# Exhibit D

1 | **MILSTEIN, ADELMAN & KREGER, LLP**
2 | WAYNE S. KREGER, State Bar No. 154759
   | wkreger@maklawyers.com
3 | LAUNA N. EVERMAN, State Bar No. 227743
   | leverman@maklawyers.com
4 | 2800 Donald Douglas Loop North
   | Santa Monica, California 90405
5 | Telephone (310) 396-9600
   | Facsimile (310) 396-9635
6 |
   | Attorneys for Plaintiff,
7 | Shogher Andonian
8 |
9 | **IN THE UNITED STATES DISTRICT COURT FOR**
10 | **THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES**
11 |
12 | SHOGHER ANDONIAN, individually
   | and on behalf of all others similarly
13 | situated,
14 |                    Plaintiff,
15 | vs.
16 | RITZ CAMERA CENTERS, INC., a
   | Delaware corporation; and DOES 1
17 | through 10, inclusive,
18 |                    Defendants.
19 |
20 |

CASE NO. CV 07 2349

**CLASS ACTION COMPLAINT**

[15 U.S.C. § 1681, *et seq.*]

**SBA**

**DEMAND FOR JURY TRIAL**

### PRELIMINARY STATEMENT

21 | This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15

22 | U.S.C. § 1681, *et seq.* Plaintiff SHOGHER ANDONIAN, individually and on behalf

23 | of all others similarly situated (the "Class" or "Class Members"), brings this action as

24 | a class action against defendants RITZ CAMERA CENTERS, INC. and DOES 1-10

25 | (collectively "Defendants") based on Defendants' practice of violating 15 U.S.C. §

26 | 1681c(g), a provision of the Fair and Accurate Credit Transactions Act ("FACTA"),

27 | which was enacted by Congress in 2003 to aid in the prevention of identity theft and

28 | credit/debit card fraud. Specifically, section 1681c(g) provides that "no person that

1  accepts credit cards or debit cards for the transaction of business shall print more
2  than the last five digits of the card number or the expiration date upon any receipt
3  provided to the cardholder at the point of sale or transaction." Despite having had
4  several years to bring themselves into compliance with the law, Defendants have
5  willfully violated section 1681c(g) repeatedly with respect to Plaintiff and the Class.
6  Based on these violations, Defendants are liable to Plaintiff and the Class as set
7  forth by Congress in 15 U.S.C. § 1681n.

8                          **JURISDICTION AND VENUE**

9       1.    This court has subject matter jurisdiction pursuant to 15 U.S.C. §
10  1681p and 28 U.S.C. § 1331.

11      2.    Venue is proper within this district and pursuant to 28 U.S.C. §
12  1391(b) because a substantial part of the events and omissions giving rise to the
13  claims occurred in this district, and because there is personal jurisdiction in this
14  district over the sole named defendant.

15                                **PARTIES**

16      3.    Plaintiff SHOGHER ANDONIAN ("Plaintiff") is a resident of the
17  State of California and the County of Los Angeles, and is a "consumer" as defined
18  by 15 U.S.C. § 1681a(c). Pursuant to Federal Rules of Civil Procedure, rules 23(a)
19  and 23(b)(3), Plaintiff seeks to represent a nationwide class of persons similarly
20  situated.

21      4.    Defendant RITZ CAMERA CENTERS, INC. ("Ritz") is a Delaware
22  corporation which lists its address with the California Secretary of State as being in
23  Beltsville, Maryland. Ritz conducts business in the State of California, at numerous
24  locations in this district, and throughout the United States, and is a "person that
25  accepts credit cards or debit cards for the transaction of business" under the FCRA.

26      5.    Plaintiff is informed and believes and thereon alleges that at all times
27  relevant to this action, Ritz and DOES 1 through 10 were affiliated and were an
28  integrated enterprise.

2

CLASS ACTION COMPLAINT

6.    The true names and capacities, whether individual, corporate, associate, or otherwise of the defendants named herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these defendants by fictitious names.  Plaintiffs will seek leave of this Court to amend this Complaint to show their true names and capacities when the same has been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

7.    Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the defendants, and was engaged with some or all of the defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

**GENERAL ALLEGATIONS**

8.    Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" (collectively referred to herein as "Cash Register" or "Cash Registers") that was "first put into use on or after January 1, 2005."  With respect to Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006.  Thus, Congress gave companies which were using Cash Registers put in use before January 1, 2005 three full years to comply with the requirements of FACTA.  In contrast, with respect to Cash Registers first put into use on or after January 1,

3
CLASS ACTION COMPLAINT

1   2005, Congress imposed liability immediately for failure to comply with the
2   requirements of FACTA.

3       9.      In addition, years ago, VISA, Mastercard, and other entities, including
4   Cash Register sellers, began informing retailers of the need to truncate credit card
5   information to comply with various state laws, with VISA or Mastercard policies
6   and/or regulations, and/or FACTA. Indeed, VISA implemented new operations
7   regulations applicable to new Cash Registers, as early as July 2003, in response to
8   legislation in other states requiring suppression of the expiration date and some
9   digits on cardholder receipts, requiring similar suppression of such information for
10  VISA transactions. Defendants ignored all the warnings, as well as the terms of
11  FACTA itself, and continued to print prohibited information on customer receipts.

12      10.     In March 2007, Plaintiff made a purchase at the Ritz Camera store in
13  Glendale, California. Defendants printed Plaintiff's credit card expiration date on
14  the electronically-printed receipt provided to Plaintiff in connection with her
15  purchase.

16      11.     Since January 1, 2005, and within the applicable statute of limitations
17  period, Defendants printed the expiration date and/or printed more than the last five
18  digits of Class Members' credit card or debit card numbers on the receipts provided
19  to the Class Members at the point of a sale or transaction between Defendants and
20  the Class Members. To the extent Defendants did so using Cash Registers that were
21  first put in use on or after January 1, 2005, Defendants violated 15 U.S.C. §
22  1681c(g).

23      12.     On or after December 4, 2006, Defendants printed the expiration date
24  and/or printed more than the last five digits of the Class Members' credit card or
25  debit card numbers on the receipts provided to the Class Members at the point of a
26  sale or transaction between Defendants and the Class Members. Each and every

27
28

4

CLASS ACTION COMPLAINT

1   receipt violated 15 U.S.C. § 1681c(g), irrespective of when the Cash Register was
2   put into use.[1]

3        13.    Defendants' violations, as alleged herein, were not an accident or an
4   isolated oversight.   Rather, Defendants knowingly and intentionally continued to
5   use Cash Registers which were not programmed to, or otherwise did not, comply
6   with Section 1681c(g).   Defendants knew that their receipt-printing practice
7   contravened the rights of consumers under FACTA, or, at a minimum, recklessly
8   disregarded whether their practice contravened consumers' rights.   In effect,
9   Defendants ignored the law, thereby placing Plaintiff and the Class at greater risk of
10  identity theft.

11                        **CLASS ACTION ALLEGATIONS**

12       14.    Plaintiff brings this action pursuant to Federal Rules of Civil
13  Procedure, rules 23(a) and 23(b)(3) on behalf of herself and the following
14  subclasses:

15            a.    "Subclass One": all persons in the United States who, on or after
16  December 4, 2006, were provided at the point of sale or transaction with an
17  electronically-printed receipt by Defendants on which Defendants printed more than
18  the last five digits of the person's credit card or debit card number, or on which
19  Defendants printed the expiration date of the person's credit or debit card.

20            b.    "Subclass Two": all persons in the United States who, during the
21  two years prior to the filing of this Complaint through December 3, 2006, were
22  provided at the point of sale or transaction with an electronically-printed receipt by
23  Defendants on which Defendants printed more than the last five digits of the
24  person's credit card or debit card number, or on which Defendants printed the

25

26        [1] Defendants are required and hereby requested to preserve and maintain all relevant
    evidence, including but not limited to written and electronic records, communications and
27  documents relating to (1) FACTA and/or similar truncation laws or regulations; (2) its credit and
    debit transactions, nationwide, in particular stores/business locations and at particular Cash
28  Registers; and (3) the acquisition, use and discontinuation of use of particular Cash Registers, POS
    systems, terminals or other equipment that print credit and/or debit card receipts

                                         5
                            CLASS ACTION COMPLAINT

1    expiration date of the person's credit or debit card, by using a Cash Register that was

2    first put into use on or after January 1, 2005.

3        Said definitions may be further defined or amended by additional pleadings,

4    evidentiary hearings, a class certification hearing, and orders of this Court.

5        15.    There is a well-defined community of interest in the litigation.  The

6    members of the proposed subclasses can be ascertained from Defendants' records or

7    from information readily accessible to Defendants.  Notice can be sent to Class

8    Members by mail, email, publication in newspapers and periodicals, or other means

9    authorized by the Court.

10       16.    The Class Members are so numerous that joinder of all Class Members

11    is impracticable.  Plaintiff is informed and believes and thereon alleges that the size

12    of the class numbers in the thousands.

13       17.    Plaintiff will fairly and adequately protect the interests of the class, and

14    Plaintiff has no interests adverse to the interests of the class.  Plaintiff's attorneys

15    are experienced class action attorneys, and will fully and adequately represent and

16    protect the class, and are ready, willing and able to do so.

17       18.    Common questions of law and fact exist as to the Class Members, and

18    predominate over any questions that affect only individual Class Members.  Such

19    common questions include, but are not limited to, the following:

20          a.    Whether Defendants' conduct in printing prohibited information

21    on Plaintiff and Class Members' receipts violated the FCRA;

22          b.    Whether Defendants' conduct, if violative of the FCRA, was

23    willful under applicable legal standards;

24          c.    Whether Plaintiff and the Class Members are entitled to recover

25    statutory damages based on Defendants' violations of the FCRA;

26          d.    Whether Plaintiff and the Class Members are entitled to recover

27    punitive damages based on Defendants' violations of the FCRA; and

28          e.    Whether Plaintiff and the Class Members are entitled to recover

CLASS ACTION COMPLAINT

1  attorneys' fees and costs under the FCRA.

2     19.   Plaintiff's claims are typical of the claims of the Class. Plaintiff and
3  the Class were subjected to the same unlawful conduct. The claims of Plaintiff and
4  the Class are based on the same legal theories.

5     20.   A class action is superior to other available means for the fair and
6  efficient adjudication of this controversy. Individual joinder of all Class Members
7  is impracticable. Class action treatment will permit a large number of similarly-
8  situated persons to prosecute their common claims in a single forum simultaneously,
9  efficiently and without the unnecessary duplication of effort and expense that
10  numerous individual actions engender.

11     21.   Absent a class action, Defendants will likely retain the benefits of their
12  wrongdoing. Because of the small size of the individual Class Members' claims,
13  few, if any, Class Members could afford to seek legal redress for the wrongs
14  complained of herein. Absent a representative action, the Class Members will
15  continue to suffer losses, and Defendants will be allowed to continue these
16  violations of law.

17                        **FIRST CLAIM FOR RELIEF**

18  **(Against all Defendants for Willful Noncompliance with 15 U.S.C. § 1681 et seq.)**

19     22.   Plaintiff hereby incorporates by reference paragraphs 1 through 21
20  above.

21     23.   During the relevant time period, as alleged above, Defendants
22  repeatedly and systematically printed statutorily-prohibited information (i.e., the
23  expiration date of a consumer's credit card or debit card and/or more than the last
24  five digits of a consumer's credit card or debit card number) on receipts it provided
25  at the point of a sale or transaction to consumers, including Plaintiff and Class
26  Members, in violation of 15 U.S.C. § 1681c(g).

27     24.   Plaintiff is informed and believes and based thereon alleges that
28  Defendants' conduct was pursuant to Defendants' policies, routine practices,

                                    7

1  procedures and customs for electronically printing receipts, at least with respect to

2  certain stores and/or Cash Registers which inexcusably failed to comply with the

3  law.

4      25.   Defendants knew or recklessly disregarded that their use of Cash

5  Registers that did not comply with the law and that their printing of prohibited

6  information on customers' receipts was in contravention of Plaintiff's and Class

7  Members' rights.   As such, Defendants' violations of the FCRA, as alleged by

8  Plaintiff on behalf of herself and the Class, were "willful" for purposes of the

9  FCRA.

10     26.   As a result of Defendants' willful violation of § 1681c(g), Plaintiff and

11  the Class are entitled to monetary relief under 15 U.S.C. § 1681n of not less than

12  $100 and not more than $1,000 for each violation by Defendants.

13     27.   As a result of Defendants' willful violation of § 1681c(g), Plaintiff and

14  the Class are also entitled to punitive damages in an amount to be proven at trial

15  pursuant to 5 U.S.C. § 1681n.

16                          **REQUEST FOR RELIEF**

17     **Wherefore,** Plaintiff respectfully requests that the Court enter judgment in her

18  favor and against Defendants as follows:

19     a. Certifying the case as a class action, and designating Plaintiff as

20         representative of the class and her counsel of record as Class Counsel;

21     b. Awarding Plaintiff and the Class "statutory damages" under 15 U.S.C. §

22         1681n for each willful violation as alleged herein;

23     c. Awarding Plaintiff and the Class punitive damages under 15 U.S.C. §

24         1681n in an amount to be proven at trial;

25     d. Awarding Plaintiff and the Class their reasonable attorneys' fees;

26     e. Awarding Plaintiff and the Class their costs of suit incurred herein;

27     f. Awarding Plaintiff and the Class pre-judgment and post-judgment interest

28         as provided by law; and

CLASS ACTION COMPLAINT

1        g.  Awarding Plaintiff and the Class such other and further relief as may be

2            just and proper.

3

4   DATED:  April 9, 2007          MILSTEIN, ADELMAN & KREGER, LLP

5

6

7   By: Launa N. Everman
    Attorneys for Plaintiff,

8   SHOGHER ANDONIAN

9   **DEMAND FOR JURY TRIAL**

10       Plaintiff demands a trial by jury on all issues so triable.

11

12  DATED:  April 9, 2007          MILSTEIN, ADELMAN & KREGER, LLP

13

14

15  By: Launa N. Everman
    Attorneys for Plaintiff,

16  SHOGHER ANDONIAN

17

18

19

20

21

22

23

24

25

26

27

28

9

CLASS ACTION COMPLAINT

# Exhibit E

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 07-00716 SBA**    **Hile v. Ritz Camera Centers, Inc.**

**C 07-06342 SBA**    **Andonian v. Ritz Camera Centers, Inc.**

**I find that the above case is related to the case assigned to me. SBA**

### ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated:_1/10/08                      _____ *Saundra B Armstrong* _____

Judge Saundra B. Armstrong

-1-

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

**Richard W. Wieking, Clerk**

**DATED: 1/11/08**

By: _Lisa R. Clood_

**Deputy Clerk**

Copies to:  Courtroom Deputies
            Case Systems Administrators
            Counsel of Record
Entered into Assignment Program: _____(date)

-2-