**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARK THOMAS, individually   )
and on behalf of all others similarly situated )
               )  No.  08 CV 453
     Plaintiff,    )
               )  Judge Guzman
   v.         )
               )  Magistrate Judge Cole
               )
RITZ CAMERA CENTERS, INC.,  )
               )  JURY DEMANDED
     Defendant.   )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

    This is a Fair Credit Reporting Act, 15 U.S.C. 1681c(g), consumer class action that alleges that defendant Ritz Camera Centers, Inc. ("Ritz") provided plaintiff other consumers with credit and debit card receipts that had their credit card information printed on them.

    Plaintiff lives in this District and the class is limited to transactions that occurred in Cook County, which is in this District.

    Defendant, a Maryland corporation, has moved to transfer this case to California. It is clear that the reason behind the motion is to forum shop (California courts have been denying class certification in similar cases), and to force plaintiff and the class of Cook County consumers to be a part of a settlement that might be happening.  Ritz' motion:

      - does not argue that any witnesses are in California;

      - does not argue that any documents are in California;

      - does not argue that any class members from this case are in California;

      - does not argue that California has more connection to this case involving Cook County transactions;

      - does not argue that California has any interest in vindicating the rights of Cook County consumers;

Instead, the motion argues that this case, filed by a Cook County resident on behalf of a Cook County-only class, should be transferred to California because it is *talking* to other plaintiffs' counsel (who filed their cases in California on behalf of California plaintiffs), and might be settling those cases on a nationwide basis.

Ritz' representations about the so-called settlement are dubious, or at least stale. A current docket search shows that on September 6, 2007, the parties indicated that they had probably settled the case. Exhibit 1. After several continuances of a status conference, those parties filed a status report on January 11, 2008, which requested 45 additional days to put together a class settlement. [Docket entry 28] 45 days have come and gone. The Court has set a status conference for May 7, 2008.

There is no indication that any discovery has been taken in either of the two California cases. Defendant's motion to dismiss, which was filed on May 8, 2007, was "stayed" by agreement of the parties because of some pending settlement and then held to be moot.

By contrast, in this case defendant has produced voluminous discovery to Thomas, Thomas' motion for class certification will be fully briefed in front of Judge Cole by May 5, 2008, and the plaintiff's deposition is set to be taken April 15, 2008.

Defendant wants to transfer this litigation filed by a resident of this District on behalf of Cook County consumers for actions that happened in Cook County.

This motion has not been made for the "convenience" of anything other than defendant's pocketbook. The motion is purely strategic in nature. Indeed, California is hostile to these kinds of lawsuits.

## I.     Standard under 28 USC 1404.

In addressing a venue motion, courts consider "(1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, and (4) the interests of justice. *J.C. Whitney & Co. v. Renaissance Software Corp.*, 2000 U.S. Dist. LEXIS 6180 (N.D. Ill. April 21, 2000).  Defendant has the burden of establishing that the district to which transfer is sought is "clearly more convenient" that the district selected by plaintiff.  *Q Sales & Leasing, LLC v. Quilt Prot. Inc.*, 01 C 1993, 2002 U.S. Dist. LEXIS 13702 (N.D.Ill., July 26, 2002).

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff."  *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003).[1]

This case is not even close.  Because Ritz has not demonstrated that any prong of section 1404 analysis weighs in favor of transfer, its motion should be denied.

### A.     Venue is Proper in Both Districts.

Although defendant would undoubtedly have "cried foul" for forum shopping had plaintiff chosen to sue in Oakland, California for a violation that happened in Cook County, Illinois, and on behalf of a Cook County class, venue is proper in both districts.

As it is, plaintiff cries "forum shopping" on defendant for filing this motion.  Judges in the Ninth Circuit have been routinely denying class certification for cases like this one based upon, for example, the argument that the defendant came into compliance after it was sued. E.g.

_____

[1] Defendant's motion repeatedly references the doctrine of *forum non conveniens*, arguing that the standard for transfer is lower than for dismissal.  This appears to be a clever attempt to state *some* standard for review of its motion without citing the rule.

*Najarian v. Charlotte Russe*, Inc., 2007 U.S. Dist. LEXIS 59879, at * 8-9 (C.D. Cal. June 12, 2007). Compare *Murray v. GMAC*, 494 F.3d 948 (7th. Cir. 2006); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 U.S. Dist. LEXIS 12596 (N.D.Ill. Feb. 7, 2008), objection overruled Apr. 1, 2008; and *Klingensmith v. Max & Erma's Rests., Inc.*, 07-0318, 2007 U.S. Dist. LEXIS 81029 (E.D.Pa. Oct. 23, 2007) (strongly disagreeing with *Najarian*).

### B.     This District is More Convenient for Everyone -- Including Defendant.

"When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Brandon Apparel Group v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D.Ill. 1999).  Defendant all but ignores these factors; most likely because all of them weigh heavily in favor of keeping the case here.

### 1.     Plaintiff's Choice of Forum.

Plaintiffs are the "master[s] of the complaint, and this includes the choice of where to bring suit" and who to sue. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *In re Nat'l Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003).  Plaintiff's choice of forum is thus entitled to "substantial deference unless the court determines that the plaintiff's choice of forum lacks "any significant connection to the underlying claim." *General Accident Ins. Co. v. Travelers Corp.*, 666 F. Supp. 1203, 1206 (N.D. Ill. 1987).

Defendant's suggestion that "the interest of all of the class members is served by transfer of the case" to California, p. 10, is a bit like the fox offering to guard the chicken house.

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981).

The defendant, "preferring not to be successfully sued by anyone" has decided to give this advice

to the class: go west.  Given that most FACTA cases in the Ninth Circuit have been stayed pending

multiple pro-defendant appeals, the Cook County class gains very little through transfer.

The plaintiff's choice is given less weight if the plaintiff sues as a class representative

and the cause of action did not conclusively arise in the chosen forum.  *Boyd v. Snyder*, 44 F. Supp.

2d 966, 969 (N.D.Ill. 1999).  Accordingly, Mr. Thomas logically chose to sue in the forum that

embraces all of defendant's stores that printed and provided illegal receipts to class members.

Because plaintiff identified the class by store rather than by consumer residence, every single illegal

transaction within the definition happened in this district.

In other words, every class members' cause of action arose in this forum.

This factor weighs heavily in favor of keeping the case in the Northern District of

Illinois.

### 2.      Cook County is the Situs of <u>All</u> Alleged Violations.

Mr. Thomas filed this case in the Northern District of Illinois, Eastern District,

because defendant provided him the offending receipt here. Defendant provided similarly illegal

receipts to the class members here, too. The class is limited to consumers to whom defendant

provided illegal receipts in Cook County.  In fact, defendant's motion is devoid of any affidavits or

outside information regarding the situs of anything other than the place where two other consumers

decided to sue it.

### 3.      Access to Sources of Proof.

Defendant's motion admits that sources of proof include "voluminous ... receipts of

credit and debit card purchases."  Br. at 13.  Those receipts are ostensibly located here, in Cook

County, where the transactions took place, and where the receipts were initially printed.[2] Keeping the case here will relieve defendant of any burden of shipping those so-called "voluminous" receipts to California.

####    4.    Convenience of Witnesses.

The party seeking a transfer must specify particular witnesses to be called, explain the nature of their testimony and why calling them is necessary in light of the issues in the case. *Bowe Bell + Howell Co. v. IMMCO Employees Ass'n*, 03 C 8010, 2004 U.S. Dist. LEXIS 10264 (N.D.Ill., June 2, 2004). The movant must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Defendant specifies zero witnesses whose convenience would be served by transfer to California.

Similarly, defendant's assertion that "either [party] will have to litigate in a distant forum" is just wrong.  Plaintiff will litigate in the seat of his home forum if the case stays here, and a thousand miles from his home if the case is transferred.

More important, however, is the fact that Chicago is approximately one-quarter the distance from defendant's headquarters in Maryland than Oakland.  Plaintiff's counsel's search of google maps indicates that driving from Beltsville, Maryland to the Dirksen Building in Chicago is 698 miles, and will take about 11 hours, 16 minutes.  Driving from Beltsville, Maryland to Oakland, California is 2,808 miles and will take approximately 41 hours.  Exhibit 2.

---

[2] While discovery will show whether defendant's copies of the receipts it printed in Cook County have been transported for storage outside of this District, those receipts certainly are not located in California, and are likely in Maryland if not still here.

Plaintiff counsel's informal search of airlines indicates that there are numerous flights from Baltimore, Maryland to O'Hare per day, and that they take approximately two hours. There do not appear to be any direct flights from Baltimore to Oakland or San Francisco. Direct flights from Washington Dulles to San Francisco take more than five hours.

This difference is significant, even in this technologically-advanced world. It is very feasible for witnesses to fly to Chicago for trial testimony and return to Maryland that same day. Such a trip would be virtually impossible without an overnight stay were this case transferred to California.

Similarly lacking in merit is defendant's argument that the class members here could be class members in both the *Hile* or *Andonian* cases. Indeed, no class motion has been filed in either the Hile or Andonian case. Thomas filed his motion for class certification six weeks before filing this brief, on February 15, 2008.

Furthermore, defendant has indicated that it will not need any witnesses in California, because it has settled both of those cases. There is thus no defense at all in California. Mr. Thomas has no current interest in being part of that settlement; particularly here, where defendant has refused to provide him with any documents concerning the terms thereof.

## 5.    Convenience of the Parties.

"[T]he court should consider [the parties'] respective residences and their ability to bear the expenses of litigating in a particular forum. *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Chemical Waste Management, Inc.*, 870 F. Supp. at 876; quoted in *Brandon Apparel Group v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).

7

Again, defendant has no connection with either Chicago or Oakland.  It has hired the venerable Holland & Knight as its attorneys, a firm which, fortunately for it, has offices in Washington, DC, Chicago and San Francisco.  Exhibit 3.  The docket sheets for the California cases indicate that Holland & Knight has represented it throughout the litigation there.  In other words, defendant only had to make a phone call in order to have current counsel show up in Chicago. Defendant is a large corporation.  Discovery indicates that it processed over 75,000 credit card transactions between December 4, 2006 and March 2007.  Exhibit 4, interrogatory response excerpt, at 21.

Plaintiff is an individual who has already been the victim of identity theft, and decided to file this lawsuit to vindicate his, and other consumers', rights under the FCRA. Plaintiff's counsel, while experienced and resourceful, is not licensed in California.  Transfer of the case would necessitate hiring local counsel – something defendant would not need to do if the case stays here, and cause plaintiff to have to purchase airline tickets in order to attend hearings and trial.  Defendant will already have to purchase airline tickets to attend hearings and trial.

Transfer would indeed shift the inconvenience relating to this case drastically.

As noted above, defendant has represented that it has already settled the California suits without discovery, and without trial.

Defendant's argument thus appears to be that transfer would serve its convenience because, if transferred, plaintiff's case will be involuntarily subsumed in the settlement of other two, and defendant will escape from its admitted FCRA violation without litigating *any* cases.  It did not even have to file a reply brief in support of its motion to dismiss in the *Hile* matter before it entered into settlement negotiations and stopped litigating.

The following (very possible) scenario demonstrates why defendant's motion does

not make sense:  if this case were transferred to California, and defendant settles on a nationwide basis without plaintiff, plaintiff (who lives in this District) would be forced to litigate his $1,000 individual consumer protection case in California, where there are no witnesses or documents.

### C.    Interests of Justice

The Interest of Justice factors concern the litigation's impact on the court system, and include "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F.Supp.2d 958, 961-62 (N.D.Ill. 2002).[34]

### 1.    Speed to Trial

It is obvious from review of the dockets of the California cases that this case is likely to be resolved faster.  In this case, the parties have had their 26(f) conference.  Plaintiff issued discovery, and defendant responded.  Plaintiff's class certification motion will be fully briefed by May 5, 2008, and discovery closes in December 2008.  The California cases have been stayed twice, once on June 14, 2007 for 60 days, and then again by stipulation on August 30, 2007. And although on January 11, 2008, those parties indicated that they would submit settlement papers by January 31, 2008, that never happened.

---

[3] Ritz entitles a section of its brief "Similar Case Pending," which has the purpose and effect of implying that this is a major factor to be considered in section 1404(a) analysis.  While other cases may be relevant, is not as important as defendant would like, and usually is not considered at all.  In this case, it does not matter whether all three cases involve the same operative facts because the other two cases were stayed before the case management conference, and are apparently settling without discovery.

[4] Plaintiff notes that defendant concedes that common questions of fact predominate in this case, a concession that supports plaintiff's pending motion for class certification.  Brief at 7-8, 12.

9

Furthermore, many, if not most, FACTA cases in the Ninth Circuit that are not settling have been stayed pending several interlocutory and other appeals concerning class certification.

This case thus seems likely to go to trial before the others.

### 2.    Familiarity of Law

These cases are brought under a federal law with which all of both courts are familiar; this factor has no impact on the analysis. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999). Contrary to Ritz' suggestions about the California judge being familiar with "the issues of all three cases," it appears that the California cases have only been before that Court once, through telephone appearance on September 6, 2007. The parties to this action have held a case management hearing and a hearing for presentment of defendant's motion to transfer in front of Judge Guzman, and a hearing for presentment of plaintiff's motion for class certification in front of Judge Cole, who has indicated that he expects to rule on plaintiff's motion for class certification expeditiously.

### 3.    Desirability of Resolving Cases Where
###         They Arise & Relationship to Community

It is in the public interest to have this dispute decided where it arose and to have the local residents act as jurors for this case *Kammin v. Smartpros, Ltd.*, 07 C 2665, 2007 U.S. Dist. LEXIS 75914 (N.D.Ill. Oct. 9, 2007); *McCants v. C.H. Robinson Worldwide, Inc.*, 06 C 6556; 06 C 6634, 2007 U.S. Dist. LEXIS 40631 (N.D.Ill. June 4, 2007).

This case is about defendant's exposure of plaintiff and the Cook County class to identity theft. As one Court has found:

> Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card.

> Businesses generally require one's credit card number and the expiration date of that credit card to transact business. Access to both the credit card number and the expiration date of that credit card makes it easier for a thief to commit identity theft.
>
> The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number. The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft.

*Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 786 (N.D.Ill. 2007).

All of the complained-of transactions happened in this District.

Illinois courts, including federal courts, have an interest in redressing violations relating to identity theft that happen here. Indeed, the State of Illinois has indicated a strong public policy in favor of assisting victims of identity theft by amending the Illinois Collection Agency Act to provide very stringent rules governing collection of credit card bills that collectors or creditors have reason to believe are the result of identity theft. 225 ILCS 425/9.4 (effective Jan. 1, 2008), Exhibit 5 (line-out version of changes to the Collection Agency Act), also Press Release, Madigan Announces Top 10 Consumer Complaints for 2006; ID Theft Complaints Top List, January 29, 2007. Exhibit 6. Illinois is committed to redressing its consumers' identity theft issues. Plaintiff and the class' peers should decide this case. It should not be uprooted to California.

## CONCLUSION

For the above reasons, defendant's motion to transfer this case should be denied.

Respectfully submitted,

/s/Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.

11

227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)