# Exhibit 1

ADRMOP, E-Filing, RELATE

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:07-cv-00716-SBA

Hile v. Ritz Camera Centers, Inc.
Assigned to: Hon. Saundra Brown Armstrong
Lead case: 4:07-cv-06342-SBA
Member case: (View Member Case)
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 02/02/2007
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Zachary Hile**
*on behalf of herself and all others*
*similarly situated*

represented by **Eric A. Grover**
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107
415-543-7861
Fax: 415-543-7681
Email: eagrover@kellergrover.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Aida Acevedo**
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
415 543-1305
Fax: 415 543-7861
Email: eacevedo@kellergrover.com
*ATTORNEY TO BE NOTICED*

**Jade Erin Butman**
Attorney at Law
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
415-543-1305
Fax: 415-543-7861
Email: JButman@KellerGrover.com
*ATTORNEY TO BE NOTICED*

**Mark R. Thierman**

Thierman Law Firm P.C.
7287 Lakeside Drive
Reno, NV 89511
775/284-1500
Fax: 775-703-5029
Email: laborlawyer@pacbell.net
*ATTORNEY TO BE NOTICED*

**Scott Allen Miller**
Law Offices of Scott A. Miller, A.P.C.
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436
818-788-8081
Fax: 818-788-8080
Email: millaw@sbcglobal.net
*ATTORNEY TO BE NOTICED*

**Steven Lee Miller**
16133 Ventura Boulevard
Suite 1200
Encino, CA 94136
818-986-8900
Fax: 818-990-7900
Email: stevenlmiller@sbcglobal.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ritz Camera Centers, Inc.**              represented by **Richard Thomas Williams**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2410
Fax: 213-896-2450
Email: richard.williams@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Gonden**
Holland & Knight LLP
50 California Street
Suite 2800
San Francisco, CA 94111
415-743-6900

Fax: (415) 743-6910
Email: dmgonden@hklaw.com
*ATTORNEY TO BE NOTICED*

**Tara Lynn Cooper**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2517
Fax: 213-896-2450
Email: tara.cooper@hklaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2007 | 1 | COMPLAINT With Jury Demand against Ritz Camera Centers, Inc. ( Filing fee $ 350, receipt number 34611002525.). Filed byZachary Hile. (jlm, COURT STAFF) (Filed on 2/2/2007) Additional attachment(s) added on 2/12/2007 (jlm, COURT STAFF). (Entered: 02/06/2007) |
| 02/02/2007 | | CASE DESIGNATED for Electronic Filing. (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | | Summons Issued as to Ritz Camera Centers, Inc.. (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 5/2/2007. Case Management Conference set for 5/9/2007 03:00 PM. (Attachments: # 1 Standing Order - SBA)(jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/06/2007) |
| 02/02/2007 | 3 | Certificate of Interested Entities, filed by Zachary Hile (jlm, COURT STAFF) (Filed on 2/2/2007) Additional attachment(s) added on 2/12/2007 (jlm, COURT STAFF). (Entered: 02/06/2007) |
| 02/20/2007 | 4 | CLERK'S NOTICE Case Management Conference set for 5/9/2007 03:30 PM. VIA TELEPHONE. (lrc, COURT STAFF) (Filed on 2/20/2007) (Entered: 02/20/2007) |
| 04/23/2007 | 5 | SUMMONS Returned Executed by Zachary Hile. Ritz Camera Centers, Inc. served on 4/18/2007, answer due 5/8/2007. (Butman, Jade) (Filed on 4/23/2007) (Entered: 04/23/2007) |
| 05/01/2007 | 6 | MOTION to Continue filed by Zachary Hile. (Butman, Jade) (Filed on 5/1/2007) (Entered: 05/01/2007) |
| 05/03/2007 | 7 | ORDER: That the Case Management Conference is RESET for 6/28/2007 at 03:15 PM. VIA TELEPHONE. Signed by Judge ARMSTRONG on 5/2/07. (lrc, COURT STAFF) (Filed on 5/3/2007) Modified on 5/4/2007 (jlm, |

| | | |
|---|---|---|
| | | COURT STAFF). (Entered: 05/03/2007) |
| 05/08/2007 | 8 | MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* filed by Ritz Camera Centers, Inc.. Motion Hearing set for 7/3/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 05/08/2007 | 9 | MEMORANDUM in Support *of Ritz Camera Centers's Motion to Dismiss; and, in the Alternative, Motion for More Definite Statement* filed byRitz Camera Centers, Inc.. (Attachments: # 1 Exhibit Exhibit A to Memorandum In Support of Motion to Dismiss# 2 Exhibit Exhibit B to Memorandum in Support of Motion to Dismiss)(Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 05/08/2007 | 10 | Certificate of Interested Entities *or Persons* by Ritz Camera Centers, Inc. (Williams, Richard) (Filed on 5/8/2007) Modified on 5/9/2007 (jlm, COURT STAFF). (Entered: 05/08/2007) |
| 05/08/2007 | 11 | Proposed Order *Granting Ritz Camera Centers's Motion to Dismiss and Motion for More Definite Statement* by Ritz Camera Centers, Inc.. (Williams, Richard) (Filed on 5/8/2007) (Entered: 05/08/2007) |
| 06/08/2007 | 12 | AMENDED CERTIFICATE OF SERVICE by Zachary Hile re 1 Complaint (Butman, Jade) (Filed on 6/8/2007) Modified on 6/11/2007 (jlm, COURT STAFF). (Entered: 06/08/2007) |
| 06/12/2007 | 13 | Memorandum in Opposition re 8 MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* filed byZachary Hile. (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/12/2007 | 14 | Declaration of Eric A. Grover in Support of 13 Memorandum in Opposition *to Defendant's Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)* filed byZachary Hile. (Related document(s) 13 ) (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/12/2007 | 15 | Proposed Order re 8 MOTION to Dismiss *and in the Alternative, Motion for More Definite Statement* by Zachary Hile. (Acevedo, Elizabeth) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/14/2007 | 16 | STIPULATION *AND [PROPOSED] ORDER STAYING PROCEEDINGS FOR 60 DAYS PENDING MEDIATION* by Ritz Camera Centers, Inc.. (Gonden, David) (Filed on 6/14/2007) (Entered: 06/14/2007) |
| 06/15/2007 | 17 | ORDER by Judge ARMSTRONG denying as moot 8 Motion to Dismiss (lrc, COURT STAFF) (Filed on 6/15/2007) (Entered: 06/15/2007) |
| 06/18/2007 | 18 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Acevedo, Elizabeth) (Filed on 6/18/2007) (Entered: 06/18/2007) |
| 08/27/2007 | 19 | JOINT CASE MANAGEMENT STATEMENT *AND RULE 26(f) DISCOVERY PLAN* filed by Zachary Hile. (Butman, Jade) (Filed on 8/27/2007) (Entered: 08/27/2007) |

| 08/30/2007 | 20 | STIPULATION *and text of proposed order staying proceedings* by Ritz Camera Centers, Inc.. (Cooper, Tara) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 09/06/2007 | 21 | Minute Entry: Initial Case Management Conference held on 9/6/2007 before JUDGE ARMSTRONG (Date Filed: 9/6/2007). Further Case Management Conference set for 10/10/2007 02:45 PM. VIA TELEPHONE.() (lrc, COURT STAFF) (Date Filed: 9/6/2007) (Entered: 09/07/2007) |
| 09/27/2007 | 22 | NOTICE of Conditional Settlement by Ritz Camera Centers, Inc. (Gonden, David) (Filed on 9/27/2007) Modified on 9/28/2007 (jlm, COURT STAFF). (Entered: 09/27/2007) |
| 09/28/2007 | 23 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile. (Butman, Jade) (Filed on 9/28/2007) (Entered: 09/28/2007) |
| 10/11/2007 | 24 | CLERK'S NOTICE Case Management Conference set for 11/14/2007 03:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 11/05/2007 | 25 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile. (Butman, Jade) (Filed on 11/5/2007) (Entered: 11/05/2007) |
| 11/13/2007 | 26 | CLERK'S NOTICE Case Management Conference set for 1/23/2008 03:00 PM. via telephone. (lrc, COURT STAFF) (Filed on 11/13/2007) (Entered: 11/13/2007) |
| 01/11/2008 | 27 | ORDER RELATING CASE.. Signed by Judge ARMSTRONG on 1/10/08. (lrc, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/11/2008 | | Cases associated: Create association to 4:07-cv-06342-SBA. (jlm, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/11/2008 | 28 | JOINT CASE MANAGEMENT STATEMENT filed by Zachary Hile, Ritz Camera Centers, Inc. (Butman, Jade) (Filed on 1/11/2008) Modified on 1/14/2008 (jlm, COURT STAFF). (Entered: 01/11/2008) |
| 01/14/2008 | 29 | CLERK'S NOTICE Case Management Conference set for 5/7/2008 02:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/14/2008) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/01/2008 16:27:51 | | |
| **PACER Login:** | kk0445 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-00716-SBA |

| Billable Pages: | 3 | Cost: | 0.24 |
|-----------------|---|-------|------|

ADRMOP, E-Filing, RELATE

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:07-cv-06342-SBA

Andonian v. Ritz Camera Centers, Inc.               Date Filed: 12/14/2007
Assigned to: Hon. Saundra Brown Armstrong           Jury Demand: Both
Demand: $5,000,000                                   Nature of Suit: 480 Consumer Credit
Member case: (View Member Case)                      Jurisdiction: Federal Question
Case in other court: U.S.D.C., Central District of CA,
            Western Division, 2:07-cv-02349-GAF
Cause: 15:1681 Fair Credit Reporting Act

### Plaintiff

**Shogher Andonian**                    represented by    **Launa Nicole Everman**
*individually and on behalf of all others*               Milstein Adelman & Kreger LLP
*similarly situated*                                     2800 Donald Douglas Loop N
                                                         Santa Monica, CA 90405
                                                         310-396-9600
                                                         Fax: 310-396-9635
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Wayne Scott Kreger**
                                                         Milstein Adelman and Kreger
                                                         2800 Donald Douglas Loop North
                                                         Santa Monica, CA 90405
                                                         310-396-9600
                                                         Fax: 310-396-9635
                                                         Email: wkreger@maklawyers.com
                                                         *ATTORNEY TO BE NOTICED*

V.

### Defendant

**Ritz Camera Centers, Inc.**           represented by    **David M. Gonden**
*a Delaware corporation*                                 Holland & Knight LLP
                                                         50 California Street
                                                         Suite 2800
                                                         San Francisco, CA 94111
                                                         415-743-6900
                                                         Fax: 415-743-6910

Email: dmgonden@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Thomas Williams**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2410
Fax: 213-896-2450
Email: richard.williams@hklaw.com
*ATTORNEY TO BE NOTICED*

**Tara Lynn Cooper**
Holland & Knight LLP
633 West Fifth Street
21st Floor
Los Angeles, CA 90071
213-896-2517
Fax: 213-896-2450
Email: tara.cooper@hklaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2007 | 1 | Case transferred in from District of CA, Central, Western Division; Case Number 2:07-cv-02349-GAF-FMO. Original file with documents numbered 1-13, certified copy of transfer order and docket sheet received.. Filed byShogher Andonian. (Attachments: # 1 Case Transfer In, # 2 Acknmnt. of Receipt of Case, # 3 USDC CD #1, # 4 USDC CD #2, # 5 USDC CD Summons, # 6 USDC CD #3, # 7 USDC CD #4, # 8 USDC CD #5, # 9 USDC CD #6, # 10 USDC CD #7, # 11 USDC CD #8, # 12 USDC CD #9, # 13 USDC CD #10, # 14 USDC CD #11, # 15 USDC CD #12, # 16 USDC CD #13, # 17 USDC CD Dkt Report)(jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 12/14/2007 | 2 | ADR SCHEDULING ORDER: Case Management Conference set for 3/20/2008 03:00 PM. Case Management Statement due by 3/13/2008. (Attachments: # 1 Standing Order - SBA)(jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 12/14/2007 | | CASE DESIGNATED for Electronic Filing. (jlm, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/18/2007) |
| 01/11/2008 | 3 | ORDER RELATING CASE.. Signed by Judge ARMSTRONG on 1/10/08. (lrc, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |

| 01/14/2008 | 4 | CLERK'S NOTICE Case Management Conference set for 5/7/2008 02:30 PM. via telephone. (lrc, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/14/2008) |

<table>
<tr><th colspan="4" align="center">PACER Service Center</th></tr>
<tr><th colspan="4" align="center">Transaction Receipt</th></tr>
<tr><td colspan="4" align="center">04/01/2008 16:29:44</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>kk0445</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>4:07-cv-06342-SBA</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>2</td><td><strong>Cost:</strong></td><td>0.16</td></tr>
</table>

# Exhibit 2



Start **Oakland, CA**
End **Beltsville, MD**
Travel **2,808 mi – about 1 day 17 hours**



Get Google Maps on your phone
Text the word "GMAPS" to 466453

Ⓐ **Oakland, CA**

Drive: 2,808 mi – about 1 day 17 hours

| | | |
|---|---|---|
| 1. | Head **northwest** on **14th St/Int'l Dr** toward **Clay St** | 0.2 mi |
| 2. | Turn **left** at **Martin Luther King Jr Way** | 0.1 mi<br>1 min |
| 3. | Turn **right** at **12th St** | 374 ft |
| 4. | Turn **right** to merge onto **I-980 E** toward **Walnut Creek/CA-24 E** | 1.0 mi<br>2 mins |
| 5. | Take the exit onto **I-580 W** toward **San Francisco** | 5.8 mi<br>6 mins |
| 6. | Slight **left** at **I-80 E** (signs for **I-80/ Vallejo/Sacramento**)<br>Partial toll road | 69.3 mi<br>1 hour 6 mins |
| 7. | Take the exit onto **I-80 E** toward **Reno**<br>Passing through Nevada<br>Entering Utah | 651 mi<br>9 hours 4 mins |
| 8. | Take the exit toward **I-15 S/I-80 E** | 0.3 mi |
| 9. | Keep **left** at the fork, follow signs for **I-80 E/ I-15 S/Cheyenne/Las Vegas** and merge onto **I-15 S/I-80 E** | 2.5 mi<br>3 mins |
| 10. | Take exit **304** to merge onto **I-80 E** toward **Cheyenne**<br>Passing through Wyoming, Nebraska<br>Entering Iowa | 1,053 mi<br>14 hours 24 mins |
| 11. | Take exit **123B** to merge onto **I-35 N/I-80 E** toward **Minneapolis/Chicago** | 15.0 mi<br>14 mins |
| 12. | Continue on **I-80 E** | 151 mi<br>2 hours 14 mins |
| 13. | Take exit **290** for **US-6 E/I-280 E** toward **Moline/Rock Island** | 0.7 mi |
| 14. | Merge onto **I-280 E**<br>Entering Illinois | 26.7 mi<br>26 mins |

**Overview**



data ©2007 Europa Technologies, NAVTEQ™

**Start**



©2007 Google   Map data ©2007 NAVTEQ™

**End**



©2007 Google   Map data ©2007 NAVTEQ™

Map data ©2008 NAVTEQ™, Sanborn

15. Continue on **I-80 E**
Partial toll road
Entering Indiana

158 mi
2 hours 32 mins

16. Continue on **I-80 E/I-94 E**

10.5 mi
13 mins

17. Take exit **16** to merge onto **I-80 E/I-90 E**
Continue to follow I-80 E
Partial toll road
Entering Ohio

354 mi
5 hours 25 mins

18. Continue on **I-76 E** (signs for **I-76 E**)
Toll road
Entering Pennsylvania

184 mi
2 hours 54 mins

19. Take exit **161** to merge onto **I-70 E** toward **Washington D C/Breezewood/Baltimore**
Partial toll road

2.2 mi
3 mins

20. Take the **US-30 W** exit

0.1 mi

21. Merge onto **I-70/US-30**
Continue to follow I-70
Entering Maryland

76.2 mi
1 hour 16 mins

22. Take exit **53** to merge onto **I-270 S** toward **Washington**

32.7 mi
34 mins

23. Merge onto **Capital Beltway/I-495 E**

9.2 mi
10 mins

24. Take exit **25B-A** for **US-1/Baltimore Ave** toward **Laurel/College Park**

0.8 mi
2 mins

25. Keep **left** at the fork to continue toward **Baltimore Ave/US-1**

0.2 mi

26. Take exit **25A** for **Baltimore Blvd/US-1 N** toward **Laurel**

0.2 mi
2 mins

27. Merge onto **Baltimore Ave/US-1**

1.0 mi
2 mins

28. Turn **left** at **Montgomery Rd**

0.5 mi
1 min

29. Turn **right** at **Sellman Rd**

0.1 mi

 **Beltsville, MD**

These directions are for planning purposes only. You may find that
construction projects, traffic, or other events may cause road conditions
to differ from the map results.

Map data ©2008 NAVTEQ™, Sanborn



**Start** **219 S Dearborn St**
**Chicago, IL 60603**

**End** **Beltsville, MD**

**Travel** **698 mi – about 11 hours 16**
**mins**





**A** **219 S Dearborn St**
**Chicago, IL 60603**

Drive: 698 mi – about 11 hours 16 mins

| | | |
|---|---|---|
| 1. | Head **north** on **S Dearborn St** toward **W Adams St** | 89 ft |
| 2. | Turn **left** at **W Adams St** | 394 ft<br>1 min |
| 3. | Turn **left** at **S Clark St** | 0.3 mi<br>2 mins |
| 4. | Turn **right** at **W Congress Pkwy** | 0.3 mi<br>2 mins |
| 5. | Continue on **Eisenhower Expy W/I-290 W** | 0.2 mi |
| 6. | Take the **I-94 E/I-90 E/Ryan Expy** exit toward **Indiana** | 0.7 mi<br>1 min |
| 7. | Merge onto **Dan Ryan Expy E/I-90 E/ I-94 E**<br>Continue to follow I-90 E<br>Partial toll road<br>Passing through Indiana<br>Entering Ohio | 313 mi<br>4 hours 52 mins |
| 8. | Continue on **I-80 E/Ohio Turnpike**<br>Toll road | 76.2 mi<br>1 hour 12 mins |
| 9. | Continue on **I-76 E** (signs for **I-76 E**)<br>Toll road<br>Entering Pennsylvania | 184 mi<br>2 hours 54 mins |
| 10. | Take exit **161** to merge onto **I-70 E** toward **Washington D C/Breezewood/Baltimore**<br>Partial toll road | 2.2 mi<br>3 mins |
| 11. | Take the **US-30 W** exit | 0.1 mi |
| 12. | Merge onto **I-70/US-30**<br>Continue to follow I-70<br>Entering Maryland | 76.2 mi<br>1 hour 16 mins |
| 13. | Take exit **53** to merge onto **I-270 S** toward **Washington** | 32.7 mi<br>34 mins |
| 14. | Merge onto **Capital Beltway/I-495 E** | 9.2 mi<br>10 mins |

**Overview**



**Start**



**End**



Map data ©2008 NAVTEQ™,
Sanborn

| | | |
|---|---|---|
| 15. | Take exit **25B-A** for **US-1/Baltimore Ave** toward **Laurel/College Park** | 0.8 mi<br>2 mins |
| ← 16. | Keep **left** at the fork to continue toward **Baltimore Ave/US-1** | 0.2 mi |
| 17. | Take exit **25A** for **Baltimore Blvd/US-1 N** toward **Laurel** | 0.2 mi<br>2 mins |
| 18. | Merge onto **Baltimore Ave/US-1** | 1.0 mi<br>2 mins |
| ← 19. | Turn **left** at **Montgomery Rd** | 0.5 mi<br>1 min |
| → 20. | Turn **right** at **Sellman Rd** | 0.1 mi |

 **Beltsville, MD**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2008 NAVTEQ™, Sanborn

Exhibit 3

# Holland+Knight

The Difference | Our Services | The Team | Your Career | Our Library | News & Events

 

**Our History**

Global Reach

**Embracing Diversity**

**Community Commitment**

Pro Bono

**Innovative Approach**

**Case Studies**

## Featured Offices

**Beijing**

Holland & Knight's China office is located in the center of Beijing business activities and offers appropriate experience and knowledge to clients engaged in this rapidly growing economy.

MORE >

**Washington, D.C.**

The Mid-Atlantic Region, which encompasses Washington, D.C., Northern Virginia, and Bethesda, Md., is the largest in the firm with more than 225 lawyers

MORE >

## Global Reach

USA
Atlanta
Bethesda
Boston
Chicago
Fort Lauderdale
Jacksonville
Lakeland
Los Angeles
Miami
New York
Northern Virginia
Orlando
Portland
San Francisco
Tallahassee
Tampa
Washington, D.C.
West Palm Beach

CHINA
Beijing

ISRAEL
Tel Aviv*
*Haim Samet, Steinmetz, Haring & Co.*

MEXICO
Mexico City
*Holland & Knight - Gallástegui y Lozano, S.C.*

VENEZUELA
Caracas*
*Tinoco, Travieso, Planchart & Núñez*

\* *Representative Offices*



No matter how we have grown, we have never forgotten the importance of providing personalized, local attention. Today, we offer the very same client-focused service in more areas of the world, giving you access to an impressive global network.

At Holland & Knight, we are able to tap the intellectual resources of more than 1,100 attorneys in the US and abroad to address client interests spread across the scope of the United States and international marketplace. In addition, we have over 600 alums of our foreign training program practicing in 40 countries around the world.

Within this global network, we are able to manage and direct multi-jurisdictional transactions and address your business interests - anywhere in the world - with complete confidence.

SITE MAP | TERMS OF USE | PRIVACY POLICY

The Lawyers resident in all offices, unless otherwise indicated in an individual attorney biography, are not certified by the Texas Board of Legal Specialization. Attorney Advertising.

© 1996-2008 Holland & Knight LLP.
All rights reserved.

Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 08 CV 453

Judge Guzman

Magistrate Judge Cole

JURY DEMANDED

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST DISCOVERY REQUESTS

### REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Defendant became aware of FACTA on or before December 4, 2006.

### OBJECTION TO REQUEST FOR ADMISSION NO. 1:

Request No. 1 is ambiguous as to the meaning of "became aware of"

and as what aspects or elements of FACTA the Request is directed to.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendant admits that, prior to December 4, 2006, it understood that a

federal law dealing with credit card numbers had been enacted, but

1

settlement services providers), VeriSign, Inc. (Defendant's PCI

consultant/auditor), Datavantage Corporation (Defendant's POS software

system upgrade contractor) and Matthew Edmonds (Consultant to Defendant

with respect to liaison with Chase Merchant Services LLC/First Data,

American Express and credit card companies).


## INTERROGATORY NO. 5:

Identify and provide the number for all persons to whom defendant

provided an electronically printed receipt at the point of sale or transaction,

in a transaction occurring after December 4, 2006, which receipt displays

either (a) more than the last five digits of the person credit card or debit card

number, and/or (b) the expiration date of the person's credit or debit card.

## OBJECTION TO INTERROGATORY NO. 5:

This Interrogatory is ambiguous as to "identify"; further, it seeks

information private to individual customers of Defendant, which Defendant

cannot produce without an appropriate Protective Order in place herein;

finally, it is oppressive and burdensome in that the information it seeks is

contained in documents whose production may be sought, rather than

requiring a separate listing in response to this interrogatory..

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing objection to this Interrogatory, Defendant responds that between December 4, 2006 and April 9, 2007, at Ritz Camera Centers Inc. retail locations in Cook County, Illinois, in credit card and debit card transactions, Ritz Camera Centers Inc. printed 75,000 receipts which displayed the expiration dates of a person's credit card or debit card and printed no receipts which displayed more than five digits of a person's credit card or debit card.

**INTERROGATORY NO. 6:**

State how and when you first learned of FACTA's expiration date and credit card number truncation requirements, and identify what steps and/or procedures you took in order to prevent credit card expiration dates or more than five digits of the card number from being printed on receipts. Include the date the step was taken, the person(s) who decided to lake the step, the person(s) who performed the step and how the step altered defendant's practices.

**RESPONSE TO INTERROGATORY NO. 6:**

In April 2005 Defendant commenced implementing coding changes for its Point of Sale ("POS") software in order to comply with VISA CISP

# Exhibit 5

**Public Act 095-0437**

SB1398 Enrolled                          LRB095 08474 RAS 28653 b

AN ACT concerning regulation.

**Be it enacted by the People of the State of Illinois,
represented in the General Assembly:**

Section 5. The Collection Agency Act is amended by changing
Sections 2, 2.03, and 3 and by adding Sections 9.1, 9.2, 9.3,
9.4, and 9.7 as follows:

(225 ILCS 425/2)  (from Ch. 111, par. 2002)
(Section scheduled to be repealed on January 1, 2016)
Sec. 2. Definitions. In this Act:
"Consumer credit transaction" means a transaction between
a natural person and another person in which property, service,
or money is acquired on credit by that natural person from such
other person primarily for personal, family, or household
purposes.
"Consumer debt" or "consumer credit" means money,
property, or their equivalent, due or owing or alleged to be
due or owing from a natural person by reason of a consumer
credit transaction.
"Creditor" means a person who extends consumer credit to a
debtor.
"Debt" means money, property, or their equivalent which is
due or owing or alleged to be due or owing from a natural
person to another person.
"Debt collection" means any act or practice in connection
with the collection of consumer debts.
"Debt collector", "collection agency", or "agency" means
any person who, in the ordinary course of business, regularly,
on behalf of himself or herself or others, engages in debt
collection.
"Debtor" means a natural person from whom a debt collector
seeks to collect a consumer debt that is due and owing or
alleged to be due and owing from such person.
"Department" means Division of Professional Regulation
within the Department of Financial and Professional
Regulation.
"Director" means the Director of the Division of
Professional Regulation within the Department of Financial and
Professional Regulation.
"Person" means a natural person, partnership, corporation,
limited liability company, trust, estate, cooperative,
association, or other similar entity. ~~Unless the context~~
~~clearly requires otherwise, the following terms have the~~
~~meanings ascribed to them in Sections 2.01 through 2.02.~~
(Source: P.A. 78-1248.)

(225 ILCS 425/2.03)  (from Ch. 111, par. 2005)
(Section scheduled to be repealed on January 1, 2016)
Sec. 2.03. This Act does not apply to persons whose
collection activities are confined to and are directly related
to the operation of a business other than that of a collection

agency, and specifically does not include the following:
    1. Banks, including trust departments, affiliates, and
subsidiaries thereof, fiduciaries, and financing and
lending institutions (except those who own or operate
collection agencies);
    2. Abstract companies doing an escrow business;
    3. Real estate brokers when acting in the pursuit of
their profession;
    4. Public officers and judicial officers acting under
order of a court;
    5. Licensed attorneys at law;
    6. Insurance companies;
    7. Credit unions, including affiliates and
subsidiaries thereof;
    8. Loan and finance companies;
    9. Retail stores collecting their own accounts;
    10. Unit Owner's Associations established under the
Condominium Property Act, and their duly authorized
agents, when collecting assessments from unit owners; and
    11. Any person or business under contract with a
creditor to notify the creditor's debtors of a debt using
only the creditor's name.
(Source: P.A. 89-387, eff. 1-1-96.)

    (225 ILCS 425/3)  (from Ch. 111, par. 2006)
    (Section scheduled to be repealed on January 1, 2016)
    Sec. 3. A person, association, partnership, corporation,
or other legal entity acts as a collection agency when he or
it:
    (a) Engages in the business of collection for others of
any account, bill or other indebtedness;
    (b) Receives, by assignment or otherwise, accounts,
bills, or other indebtedness from any person owning or
controlling 20% or more of the business receiving the
assignment, with the purpose of collecting monies due on
such account, bill or other indebtedness;
    (c) Sells or attempts to sell, or gives away or
attempts to give away to any other person, other than one
registered under this Act, any system of collection,
letters, demand forms, or other printed matter where the
name of any person, other than that of the creditor,
appears in such a manner as to indicate, directly or
indirectly, that a request or demand is being made by any
person other than the creditor for the payment of the sum
or sums due or asserted to be due;
    (d) Buys accounts, bills or other indebtedness ~~with
recourse~~ and engages in collecting the same; or
    (e) Uses a fictitious name in collecting its own
accounts, bills, or debts with the intention of conveying
to the debtor that a third party has been employed to make
such collection.
(Source: P.A. 94-414, eff. 12-31-05.)

    (225 ILCS 425/9.1 new)
    (Section scheduled to be repealed on January 1, 2016)
    Sec. 9.1. Communication with persons other than debtor.
    (a) Any debt collector or collection agency communicating
with any person other than the debtor for the purpose of
acquiring location information about the debtor shall:
        (1) identify himself or herself, state that he or she
    is confirming or correcting location information

concerning the consumer, and, only if expressly requested,
identify his or her employer;
    (2) not state that the consumer owes any debt;
    (3) not communicate with any person more than once
unless requested to do so by the person or unless the debt
collector or collection agency reasonably believes that
the earlier response of the person is erroneous or
incomplete and that the person now has correct or complete
location information;
    (4) not communicate by postcard;
    (5) not use any language or symbol on any envelope or
in the contents of any communication effected by mail or
telegram that indicates that the debt collector or
collection agency is in the debt collection business or
that the communication relates to the collection of a debt;
and
    (6) after the debt collector or collection agency knows
the debtor is represented by an attorney with regard to the
subject debt and has knowledge of or can readily ascertain
the attorney's name and address, not communicate with any
person other than the attorney, unless the attorney fails
to respond within a reasonable period of time, not less
than 30 days, to communication from the debt collector or
collection agency.

    (225 ILCS 425/9.2 new)
    (Section scheduled to be repealed on January 1, 2016)
    Sec. 9.2. Communication in connection with debt
collection.
    (a) Without the prior consent of the debtor given directly
to the debt collector or collection agency or the express
permission of a court of competent jurisdiction, a debt
collector or collection agency may not communicate with a
debtor in connection with the collection of any debt in any of
the following circumstances:
    (1) At any unusual time, place, or manner that is known
or should be known to be inconvenient to the debtor. In the
absence of knowledge of circumstances to the contrary, a
debt collector or collection agency shall assume that the
convenient time for communicating with a debtor is after 8
o'clock a.m. and before 9 o'clock p.m. local time at the
debtor's location.
    (2) If the debt collector or collection agency knows
the debtor is represented by an attorney with respect to
such debt and has knowledge of or can readily ascertain,
the attorney's name and address, unless the attorney fails
to respond within a reasonable period of time to a
communication from the debt collector or collection agency
or unless the attorney consents to direct communication
with the debtor.
    (3) At the debtor's place of employment, if the debt
collector or collection agency knows or has reason to know
that the debtor's employer prohibits the debtor from
receiving such communication.
    (b) Except as provided in Section 9.1 of this Act, without
the prior consent of the debtor given directly to the debt
collector or collection agency or the express permission of a
court of competent jurisdiction or as reasonably necessary to
effectuate a post judgment judicial remedy, a debt collector or
collection agency may not communicate, in connection with the
collection of any debt, with any person other than the debtor,

the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency.

(c) If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:

(1) Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.

(2) Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.

(3) Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.

If such notice from the debtor is made by mail, notification shall be complete upon receipt. (d) For the purposes of this Section, "debtor" includes the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

(225 ILCS 425/9.3 new)
(Section scheduled to be repealed on January 1, 2016)
Sec. 9.3. Validation of debts.

(a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:

(1) The amount of the debt.

(2) The name of the creditor to whom the debt is owed.

(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.

(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.

(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.

(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor

and mails a copy of the verification or judgment or name and
address of the original creditor to the debtor.
   (c) The failure of a debtor to dispute the validity of a
debt under this Section shall not be construed by any court as
an admission of liability by the debtor.

   (225 ILCS 425/9.4 new)
   (Section scheduled to be repealed on January 1, 2016)
   Sec. 9.4. Debt collection as a result of identity theft.
   (a) Upon receipt from a debtor of all of the following
information, a debt collector or collection agency must cease
collection activities until completion of the review provided
in subsection (d) of this Section:
     (1) A copy of a police report filed by the debtor
alleging that the debtor is the victim of an identity theft
crime for the specific debt being collected by the debt
collector.
     (2) The debtor's written statement that the debtor
claims to be the victim of identity theft with respect to
the specific debt being collected by the debt collector,
including (i) a Federal Trade Commission's Affidavit of
Identity Theft, (ii) an Illinois Attorney General ID Theft
Affidavit, or (iii) a written statement that certifies that
the representations are true, correct, and contain no
material omissions of fact to the best knowledge and belief
of the person submitting the certification. This written
statement must contain or be accompanied by, each of the
following, to the extent that an item listed below is
relevant to the debtor's allegation of identity theft with
respect to the debt in question:
      (A) A statement that the debtor is a victim of
identity theft.
      (B) A copy of the debtor's driver's license or
identification card, as issued by this State.
      (C) Any other identification document that
supports the statement of identity theft.
      (D) Specific facts supporting the claim of
identity theft, if available.
      (E) Any explanation showing that the debtor did not
incur the debt.
      (F) Any available correspondence disputing the
debt after transaction information has been provided
to the debtor.
      (G) Documentation of the residence of the debtor at
the time of the alleged debt, which may include copies
of bills and statements, such as utility bills, tax
statements, or other statements from businesses sent
to the debtor and showing that the debtor lived at
another residence at the time the debt was incurred.
      (H) A telephone number for contacting the debtor
concerning any additional information or questions or
direction that further communications to the debtor be
in writing only, with the mailing address specified in
the statement.
      (I) To the extent the debtor has information
concerning who may have incurred the debt, the
identification of any person whom the debtor believes
is responsible.
      (J) An express statement that the debtor did not
authorize the use of the debtor's name or personal
information for incurring the debt.

(b) A written certification submitted pursuant to item
(iii) of paragraph (2) of subsection (a) of this Section shall
be sufficient if it is in substantially the following form:
    "I certify that the representations made are true, correct,
    and contain no material omissions of fact known to me.

        (Signature)

        (Date)"

    (c) If a debtor notifies a debt collector or collection
agency orally that he or she is a victim of identity theft, the
debt collector or collection agency shall notify the debtor
orally or in writing, that the debtor's claim must be in
writing. If a debtor notifies a debt collector or collection
agency in writing that he or she is a victim of identity theft,
but omits information required pursuant to this Section, if the
debt collector or collection agency does not cease collection
activities, the debt collector or collection agency must
provide written notice to the debtor of the additional
information that is required or send the debtor a copy of the
Federal Trade Commission's Affidavit of Identity Theft form.
    (d) Upon receipt of the complete statement and information
described in subsection (a) of this Section, the debt collector
shall review and consider all of the information provided by
the debtor and other information available to the debt
collector or collection agency in its file or from the
creditor. The debt collector or collection agency may
recommence debt collection activities only upon making a good
faith determination that the information does not establish
that the debtor is not responsible for the specific debt in
question. The debt collector or collection agency must notify
the consumer in writing of that determination and the basis for
that determination before proceeding with any further
collection activities. The debt collector's or collection
agency's determination shall be based on all of the information
provided by the debtor and other information available to the
debt collector or collection agency in its file or from the
creditor.
    (e) No inference or presumption that the debt is valid or
invalid or that the debtor is liable or not liable for the debt
may arise if the debt collector or collection agency decides
after the review described in subsection (d) to cease or
recommence the debt collection activities. The exercise or
non-exercise of rights under this Section is not a waiver of
any other right or defense of the debtor or debt collector.
    (f) A debt collector or collection agency that (i) ceases
collection activities under this Section, (ii) does not
recommence those collection activities, and (iii) furnishes
adverse information to a consumer credit reporting agency, must
notify the consumer credit reporting agency to delete that
adverse information.

    (225 ILCS 425/9.7 new)
    Sec. 9.7. Enforcement under the Consumer Fraud and
Deceptive Business Practices Act. The Attorney General may
enforce the knowing violation of Section 9 (except for items
(1) through (9) and (19) of subsection (a)), 9.1, 9.2, 9.3, or
9.4 of this Act as an unlawful practice under the Consumer
Fraud and Deceptive Business Practices Act.

```
        (225 ILCS 425/2.01 rep.)
        (225 ILCS 425/2.02 rep.)
    Section 10. The Collection Agency Act is amended by
repealing Sections 2.01 and 2.02.

    Section 99. Effective date. This Act takes effect January
1, 2008.
```

**Effective Date:** 1/1/2008

Exhibit 6



**For Immediate Release**
**Contact: Robyn Ziegler**
**312-814-3118**
**877-844-5461 (TTY)**
rziegler@atg.state.il.us
**January 29, 2007**

### MADIGAN ANNOUNCES TOP 10 CONSUMER COMPLAINTS FOR 2006; ID THEFT COMPLAINTS TOP LIST

Chicago—Attorney General Lisa Madigan today announced that for the first time in the history of the Illinois Attorney General's Top 10 Consumer Complaint List, identity theft complaints topped the list, exceeding the other categories by far. Madigan attributes the dramatic increase in consumer complaints concerning ID theft to her office's new Identity Theft Hotline, announced in February 2006.

Madigan also announced that her office's Consumer Protection Division received a record number of consumer complaints in the last year. In 2006, the Consumer Protection Division received 32,724 consumer complaints, a more than 18 percent increase over the 26,652 consumer complaints received in 2005. This increase follows a nearly 11 percent increase in consumer complaints in 2005.

In 2006, Madigan's Consumer Protection Division fielded 188,292 calls for assistance and recovered through mediation more than $7.7 million with litigation savings of more than
$18 million for a total of more than $26 million in savings to Illinois consumers.

Of the complaints received in 2006, 5,237, or 16 percent, concerned identity theft. Just as in 2005, credit-related complaints ranked second on the Top 10 list, with 3,444 consumer complaints. Coming in third on the list are the 3,204 construction and home improvement complaints that Madigan's office received in 2006.

Along with the striking jump in the number of identity theft complaints, Madigan noted that the 2006 statistics reveal another significant new trend in consumer complaints. For the first time, her office received more than 700 complaints from homeowners with mortgage-related problems. Although this number falls just shy of the top ten, it marks a greater than 100 percent increase in mortgage-related complaints since 2005.

In a large number of these complaints, consumers contacted the Attorney General's office seeking help in problems with so-called "mortgage rescuers." In a typical case, the mortgage rescuer promised to help homeowners on the brink of foreclosure to save their home, but, instead, the rescuer purchased the property for a fraction of its value and stripped the equity from the home, leaving the homeowners with nothing.

In response to this disturbing trend, Madigan drafted and worked to pass the Mortgage Rescue Fraud Act in the last legislative session. This Act, which went into effect on January 1, 2007, requires that mortgage rescuers either save the home as promised, or pay the homeowners 82 percent of the home's fair market value. Madigan also filed three law suits in 2006 against mortgage rescuers for allegedly engaging in illegal practices to deprive several Illinois homeowners of their homes.

"The 2006 Top Ten list provides an overview of the problems that consumers faced in the marketplace over the past year and our consumer protection priorities. It clearly shows that identity theft continues to be one of the fastest growing frauds in Illinois and across the country," Madigan said. "The sharp increase in ID theft complaints reflects both this disturbing trend and our increasing efforts to provide needed help to consumers who are struggling to restore their good name and those who are looking to protect themselves from this fraud."

"This snapshot of our consumer protection work also shows a troubling increase in the number of homeowners who are victimized by unscrupulous scam artists," Madigan noted. "We are continuing to devote greater resources to protecting homeowners from these devastating frauds. All of the information that we receive from consumers who file complaints with our Consumer Protection Division is vital to our ongoing consumer protection work."

### *No. 1: Identity Theft Complaints*

Consumer complaints regarding identity theft raise a range of issues confronting victims of this rapidly-growing fraud. Specifically, the ID theft consumer complaints involved:

1. **Credit cards (1,428 complaints)**, including reports of the takeover of an existing credit card account by a thief and also instances of a thief opening a new credit card account in the name of an ID theft victim;

2. **Phone, internet, and utility company complaints (736)**, concerning fraudulent wireless or landline phone, Internet, gas, electric, and water accounts opened in the ID theft victim's name;

3. **Bank fraud complaints (439)**, including complaints regarding stolen checks, new bank accounts opened in an ID theft victim's name, and fraudulent withdrawals of money from victims' bank accounts;

4. **Collection agency complaints (202),** involving attempts by collection agencies to collect debts from ID theft victims that actually were incurred by ID thieves.

Consumers brought most of these complaints to Madigan's office by contacting her new Identity Theft Hotline (1-866-999-5630). Through this help line, trained advocates and attorneys have worked with consumers to help them restore their credit.

### No. 2: Credit-Related Complaints

Complaints regarding credit came in second place in 2006, including **2,210** complaints about **collection agencies**, reflecting consumers' ongoing and significant problems with collection agencies. While complaints regarding credit also came in second place on the 2005 Top 10 List, the 2,210 complaints involving collection agencies in 2006 represents a significant increase from 1,451 collection agency complaints received in 2005.

Consumer complaints about collection agencies include allegations that an agency has violated the Illinois Consumer Fraud Act by refusing to substantiate a debt that the agency is trying to collect even after the consumer requests substantiation, making collection calls to a consumer's work place and to family members, placing collection calls at inappropriate times, and using inappropriate and threatening language when contacting consumers. Other collection agency complaints include failing to properly trace the consumer, resulting in attempts to collect a debt from the wrong consumer, attempting to collect on time-barred debts, and sending misleading collection letters which resemble court documents.

In addition to collection agency complaints, other credit-related complaints involved:

1. **Credit cards (907)**, including complaints about unauthorized membership club charges appearing on credit card accounts, balance transfer and introductory rate problems, higher interest rates than expected, and unexpected fees; and

2. Erroneous entries on **credit reports (178)**.

### No. 3: Construction and Home Improvement Fraud Complaints

Construction and home improvement fraud came in third on the 2006 list and consistently has ranked as one of the top three consumer complaints since 1984. Complaints regarding construction and home improvement in 2006 include those related to **remodeling (1,101 complaints)**; **roofs and gutters (391)**; **siding, windows, and doors (350)**; **new construction (263)**; and **plumbing and sewers (175).** This category also includes 924 complaints about other construction-related issues.

Most of the consumers who contacted Madigan's office to file complaints

involving construction and home improvement alleged that the companies either failed to begin or complete the construction work or, in other cases, provided poor quality work. Throughout 2006, Madigan's office filed numerous lawsuits against contractors alleging construction and home improvement fraud.

### No. 4: Telecommunications Complaints

Telecommunications complaints ranked fourth in 2006 and included claims regarding **wireless service and cellular phones (749 complaints)**, such as complaints about wireless phone bills reflecting higher rates than consumers expected as a result of confusion over rate plans, complaints about the assessment of early termination fees when the consumer canceled after unknowingly having extended the contract term when upgrading the phone or changed rate plans, unauthorized charges for ring tones or games, and unsolicited text messages.

Consumer complaints about telecommunications problems also included:

1. **Long distance service (394 complaints)**, such as bills for long distance charges for dial up internet service when consumers accidentally chose local toll numbers instead of local access phone numbers and general billing issues and errors;

2. **Cable and satellite service (376)** such as unwanted telemarketing calls to consumers on the do not call list, and reports of misrepresentation of charges and available channels;

3. **Do not call (372)**, concerning telemarketing calls placed to consumers who are on the do not call list or calls placed after consumers specifically have requested not to receive further telemarketing calls;

4. **Internet service providers and DSL (295)**, including complaints of continuing to bill consumers after they attempt to cancel their monthly internet service;

5. **Local phone service and repairs (277)** such as general billing issues; and

6. **Other telecommunications-related complaints (319)**, such as pay-per-view website charges and phone bill cramming.

**The Top 10 consumer complaints for 2006 are as follows (the figures listed below do not reflect all of the complaints):**

| CATEGORY | # OF COMPLAINTS |
|---|---|
| **1. Identity Theft** | **5,237** |

| | |
|---|---|
| **2. Credit** | **3,444** |
| **3. Construction/Home Improvement** | **3,204** |
| **4. Telecommunications** | **2,782** |
| **5. Promotions and Schemes** | **2,261** |
| **6. Financial Services** | **1,695** |
| **7. Motor Vehicles/Used Auto Sales** | **1,486** |
| **8. Mail Order** | **1,475** |
| **9. Business to Business Fraud** | **815** |
| **10. Motor Vehicle/Non-Warranty Repair** | **790** |

For all consumer fraud issues, consumers can visit Madigan's website at www.illinoisattorneygeneral.gov or call one of the Consumer Fraud Hotlines or the Identity Theft Hotline at the numbers listed below.

**Chicago Consumer Fraud Hotline:** 1-800-386-5438 and 1-800-964-3013 (TTY)

**Springfield Consumer Fraud Hotline:** 1-800-243-0618 and 1-877-844-5461 (TTY)

**Carbondale Consumer Fraud Hotline:** 1-800-243-0607 and 1-877-675-9339 (TTY)

**Spanish Language Hotline:** 1-866-310-8398

**Identity Theft Hotline:** 1-866-999-5630 and 1-877-844-5461 (TTY)

-30-

Return to January 2007 Press Releases