IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 08 C 453 |
| RITZ CAMERA CENTERS, INC., | ) ) | |
| Defendant. | ) ) ) | Judge Guzman Magistrate Judge Cole |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO TRANSFER**

Noticeably absent from Plaintiff's response is any discussion of the most significant factor in deciding the present motion—the interests of judicial economy. Plaintiff brushes aside in a footnote the fact that two similar cases are pending in a Northern California district court. ("California cases.") This factor is critical, however, particularly in light of the fact that those two cases involve proposed national classes that include all of the class proposed by Plaintiff.

On April 16, 2008, the parties in the California cases executed a stipulation of settlement and intend to move immediately for preliminary approval.[1] With this development, it simply makes no sense for this Court to continue litigating a small piece of that larger whole here. To do so would be a waste of judicial resources. The classes, as defined by the complaints of the California cases, fully include each potential class member of Plaintiff's putative class. Indeed, Plaintiff makes no attempt to dispute this fact. The interest of judicial economy therefore weighs heavily in favor of transfer, and none of the other factors tip the balance against transfer.

---

[1] Ritz Camera will supply both the Court and Plaintiff with all documents relating to the settlement as they are filed.

Therefore, Ritz Camera's motion to transfer the instant action from the Northern District of Illinois to the Northern District of California should be granted.

## I.   ARGUMENT

### A.   Transfer Will Serve The Convenience Of The Witnesses And Parties As Well As The Interest Of Justice.

Plaintiff concedes that the first part of the 1404(a) analysis is satisfied.[2] Venue is proper in both the Northern District of Illinois and the Northern District of California. Therefore, the analysis turns on weighing the remaining factors—the interests of justice and the convenience of the parties. These factors overwhelming favor transferring this case to join the two identical cases in California, where all three can most fairly and efficiently be resolved.

### 1.   Public Interest Factors.

Most of the arguments in Plaintiff's response simply fall flat in light of the agreement of the parties in the California cases on settlement terms. Notably, the one argument Plaintiff all but avoids making is that judicial economy is not best served by transfer. Tucking away his response to this key piece of the analysis into a footnote, Plaintiff offers no support for his statement that "[w]hile other cases may be important, is [sic] not as important as defendant would like, and usually is not considered at all." (Resp. at 9 n.3.) This statement ignores the caselaw which holds that the efficient administration of justice can be the most compelling factor in the analysis and can be dispositive. *E.g., C&F Packing Co., Inc. v. KPR, Inc.*, No. 93 C 2309, 1993 WL 278504, *3 (N.D. Ill. July 22, 1993); *Carus Corp. v. Greater Texas Finishing, Corp.*,

---

[2] Plaintiff's accusations of "forum shopping" are both baseless and inappropriate. This is not a factor in the 1404(a) analysis and Plaintiff does not provide any case law in support of such a proposition. The plaintiffs in three different class actions have chosen different forums for their own purposes; Ritz Camera's attempt to consolidate these cases in one place is the obverse of forum shopping. Furthermore, FACTA, a federal law, is applied no differently in California than in Illinois. Federal courts in every state must adhere to the Supreme Court decision in *Safeco v. Burr*. Most importantly, the settlement will establish a class definition, which should allay Plaintiff's concerns that no class will be certified in California.

No. 91 C 2560, 1992 WL 22691, *2 (N.D. Ill. Jan. 31, 1992); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

Plaintiff's statement that the existence of similar suits pending in another jurisdiction "usually is not considered at all" is inapposite—here, a smaller, subsumed class action has been moved to join two larger identical class action suits, a situation that may not often arise.   When the factor is brought to the court's attention, however, the court may use its inherent power to administer its docket so as to conserve scarce judicial resources and thereby have "an ample degree of discretion" to defer to another federal proceeding involving the same parties and issues to avoid duplicative litigation.   *Triple Mfg. Co. v. Am. Power Conversion Corp.* 46 F.3d 624, 629 (7th Cir. 1995); *see also  Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *6 (N.D. Ill. Oct. 31, 2002); *Law Offices of Michael P. Cascino v. Laudig*, No. 94 C 909, 1995 WL 557483, at *5; *Burlingon Northern R.R. Co. v. Waller*, 650 F. Supp. 988, 990 (N.D. Ill. 1987).

Plaintiff seems to believe that because he hastily issued discovery requests and a class certification motion, and has had one status hearing before the Court, all notions of judicial economy should be discarded in his favor.  He states, without explanation or support, "it does not matter whether all three cases involve the same operative facts because the other two cases were stayed before the case management conference, and are apparently settling without discovery." (Resp. at 9 n. 3.)  In reality, this issue should have no bearing on the analysis, as the discovery that has been served in the instant action have not been filed with the Court and has consumed no judicial resources.

Plaintiff's hostility to the notion of settlement is misplaced for two reasons.   First, "[t]here is a strong public policy in favor of settlements, and the efforts of judges to promote

settlement are among the most important functions they perform." *B.H. v. Ryder*, 856 F.Supp. 1285, 1290 (N.D. Ill. 1994).  Second, the settlement will need to be approved by the judge in California.  In her review of the proposed settlement, she "must determine whether it is fair, reasonable, and in the best interests of the class that will be affected by it." *Williams v. Gen. Elec. Capital Auto Lease*, No. 94 C 7410, 1995 WL 765266, * 3 (N.D. Ill. Dec. 26, 1995). Thus, Plaintiff's interests will be well protected and no settlement will be approved if it is found to be unfair to the class.

Finally, Plaintiff's argument that Illinois has a stronger interest in upholding a federal statute than California is nonsensical and misleading.  Plaintiff states that "Illinois courts, including federal courts, have an interest in redressing violations relating to identify theft [sic] that happen here." (Resp. at 11.)  There are, however, *no* allegations in Plaintiff's complaint that he or any potential class members were victims of identity theft *as a result of the transactions at issue in this lawsuit.*  The issue in this case is not about identity theft.  The issue is a statutory claim about the information printed or not printed on credit card receipts.  That is an issue that will be decided the same in any state.  Plaintiff's argument is simply a red herring designed to distract the Court's attention away from the germane issues and to solicit unwarranted sympathy. There is no basis on which to conclude that any state has more of an interest in litigating a FACTA class action suit.  The federal statute is designed to operate nationally, and both this suit and the California cases involve residents of states other than Illinois or California.

The interests of justice overwhelmingly favor transfer of this case.  Plaintiff may want to distract the Court with irrelevant arguments to the contrary and to bury any mention of it in a footnote, but the fact that the parties in two national class actions have executed a stipulation of settlement in Northern California—class actions whose class definitions irrefutably include

Plaintiff and his putative class—would render continued litigation of this matter a waste of judicial resources. Therefore, the public interest factors weigh so heavily in favor of transfer as to be dispositive.

### 2. Private interest factors.

In his analysis of the private interest factors, Plaintiff once again attempts to distract the Court from the relevant issues by exaggerating the importance of each factor when weighed against the dispositive public interest factors, and by raising irrelevant arguments in relation to each factor.

For example, Plaintiff relies on cases considering motions for *forum non conveniens* to support his argument that his chosen forum should be given undue deference. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). This reliance is misplaced. Under a *forum non conveniens* analysis, Plaintiff would stand to lose his claim; with a motion to transfer, Plaintiff is still guaranteed to have his day in court. *See, Gas Research Inst.*, 1997 WL 433607, at *2 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)). This is precisely why a plaintiff's choice of forum is given significantly less deference in the transfer analysis than in a motion to dismiss for *forum non conveniens*. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Alliance Gen. Ins. Co. v. Deutsch, Kerrigan & Stiles, L.L.P.*, No. 99 C 2311, 1999 WL 637205, at *1 (N.D. Ill. Aug. 16, 1999).

Plaintiff's argument regarding the situs of material events is equally misdirected. While there could in theory be some dispute over whether Plaintiff or a putative class member received a certain receipt in Cook County, this will not, as Plaintiff contends, be the factual dispute around which this case will turn. The focus in a FACTA case is necessarily on the defendant's

actions, not the Plaintiff's. Moreover, Plaintiff's contention that any Ritz Camera store has kept any receipts in this district is incorrect, and this contention is directly contradicted by Ritz Camera's discovery responses to Plaintiff. Arguably, this factor does not weigh heavily in favor of either forum, and thus is not decisive to the analysis.

Plaintiff is also incorrect about which forum is the most convenient to the witnesses. Plaintiff has named no non-party witnesses, and thus, his argument that "Defendant specifies zero witnesses whose convenience would be served by transfer to California" is of no merit. Additionally, as Defendant has stated, the convenience of all the potential witnesses in this case are better served by consolidating the actions in one location. Plaintiff has gone to great lengths to measure the precise distances between Maryland, Illinois and California, but this argument is simply silly. Surely it is for Defendant to say whether it is more convenient to transport its witnesses to one location, even if means an extra few hours of flying time, rather than flying them to attend two different trials at two different locations. Moreover, the impending settlement of all three cases will render this factor moot.

Plaintiff's argument regarding the convenience of the parties produces yet another red herring. Plaintiff focuses on the convenience of the *attorneys* of the parties, rather than of the parties themselves. This is an inappropriate consideration in the motion to transfer analysis. *E.g., Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, * 4 n.5 (N.D. Ill. Dec. 11, 2007) ("[T]he convenience of an attorney is not a factor in considering a motion to transfer venue."). Moreover, contrary to Plaintiff's contention, transfer of this matter would not necessitate him having to hire local counsel in California. His attorneys could appear *pro hac vice*, and as Plaintiff has pointed out, the judge in California has permitted at least one telephonic

hearing. Thus the inconvenience to Plaintiff's counsel, while ultimately irrelevant, would be minimal.

Plaintiff himself faces little if any inconvenience if the case is transferred. His deposition took place on April 15 in Chicago. There is no measure by which to gauge the inconvenience for any other potential plaintiffs in this case. As Plaintiff openly acknowledges, the putative class is not based on the residences of the potential members, meaning that there is no guarantee the members will be from Illinois. And at any rate, any depositions of those putative plaintiffs would take place on their home turf, just as the deposition of Plaintiff did.

Thus, none of the private interest factors weigh heavily in favor of Plaintiff, if at all. Certainly, the public interest factors in this case are of such paramount importance as to outweigh the private interest factors. Therefore, the Court should grant Ritz Camera's motion to transfer.

## III.    CONCLUSION.

Two related cases that are likely to subsume the instant matter have nearly reached settlement. The interests of judicial economy, and the public policy concerns of 1404(a), are therefore best served by transferring this action to the Northern District of California. Thus, Ritz Camera's motion to transfer should be granted.

DEFENDANT RITZ CAMERA CENTERS, INC.

By:      /s/ Suzanne E. Rollier
                    One of Its Attorneys

Richard T. Williams
Charles E. Joern
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on **April 17, 2008**, she caused the foregoing **Memorandum in Support of Ritz Camera Center Inc.'s Motion to Transfer** to be filed electronically and that service was accomplished pursuant to the CM/ECF for filing users and that non-participants were served as required by L.R. 5.5.


_\_\_\_ /s/ Suzanne E. Rollier \_\_\_\__


Richard T. Williams
Charles E. Joern
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600


# 5154869_v1