1  Eric A. Grover (SBN 136080)
   **KELLER GROVER LLP**
2  425 Second Street, Suite 500
   San Francisco, CA 94107
3  Telephone: (415) 543-1305
   Facsimile: (415) 543-7861
4  eagrover@kellergrover.com

5  Attorneys for Plaintiff Zachary Hile

6  William A. Baird (SBN 192675)
   Launa N. Everman (SBN 227743)
7  **MILSTEIN, ADELMAN & KREGER, LLP**
   2800 Donald Douglas Loop North
8  Santa Monica, California 90405
   Telephone: (310) 396-9600
9  Facsimile: (310) 396-9635
   tbaird@maklawyers.com

10 Attorneys for Plaintiff Shogher Andonian

11 *[Additional Counsel Listed on Signature Page]*

12             **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14 ZACHARY HILE, on behalf of himself        )
   and all others similarly situated,        )
15                                            ) Case No.: CV-07-00716 SBA
          Plaintiff,                          )
16                                            )
             v.                               ) <u>CLASS ACTION</u>
17                                            )
   RITZ CAMERA CENTERS, INC.,                 ) **DECLARATION OF ERIC A.**
18                                            ) **GROVER IN SUPPORT OF**
                                              ) **MOTION FOR PRELIMINARY**
19        Defendant.                          ) **APPROVAL OF CLASS ACTION**
                                              ) **SETTLEMENT**
20 _____        )
   SHOGHER ANDONIAN, individually and         )
21 on behalf of all others similarly situated,) Date:    June 3, 2008
                                              ) Time:    1:00 PM
22        Plaintiff,                          ) Ctrm: 3, 3rd Floor
                                              ) Hon. Saundra B. Armstrong
23           v.                               )
                                              )
24 RITZ CAMERA CENTERS, INC., a               )
   Delaware corporation; and DOES 1 though    )
25 10, inclusive,                             )
                                              )
26 Defendants.                                )
                                              )
27

28
   _____
   GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
                    Case No.: CV-07-00716 SBA

I, ERIC A. GROVER, do hereby declare and state as follows:

1.     I am an attorney at law, licensed to practice before the courts of the State of California and this Court. I am a partner in the law firm Keller Grover LLP, attorneys of record for Plaintiff Zachary Hile and proposed Settlement Class Plaintiffs' Counsel in this action. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would competently testify thereto.

2.     Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C. Littler is the largest law firm in the United States specializing in labor and employment law. During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense. I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3.     In the time I worked at Littler, I worked on many class action matters. The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

a.     *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.)

b.     *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.)

c.     *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.)

d.     *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.)

e.     *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.)

1

f.   *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.)

g.   *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.)

h.   *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.)

i.   *Tiffany, et al. v. Hometown Buffett* (San Francisco County) (Manager misclassification.)

j.   *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.)

k.   *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.)

l.   *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.)

m.   *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.)

4.   Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing plaintiffs in class action matters. I am currently lead counsel or co-lead counsel on more than 15 different class actions. I have been named Class Counsel in numerous recent class action matters, including:

a.   *Watson v. Ann Taylor Stores Corp.*, Los Angles County Case No. BC342729;

b.   *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG05223254;

c.   *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d.   *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e.   *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f.   *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and

2

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1    *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

2    g.    *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

5    h.    *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

6    i.    *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

8    j.    *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

9    k.    *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC 347513;

11    l.    *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG05237683;

12    m.    *Fleming v. Dollar Tree Stores, Inc.*, U.S.D.C. Northern District of California Case No. Case No.  C 06-03409 MJJ;

14    n.    *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134; and

15    o.    *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198.

17    5.    Based on my years of experience and my own independent investigation and evaluation, I am of the opinion that the recovery for each Class Member is on very fair, reasonable and adequate terms. I am familiar with class action settlements on other FACTA cases and have a strong understanding of the trends in both the likelihood of certification and the value of settlements.  My opinion takes into consideration the amounts received in other similar class actions, the risks inherent in litigation of this genre, and the reasonable tailoring of each Class Members' claim to the amounts received.  Moreover, I am aware that many courts in the Northern and Central Districts of California have denied certification of FACTA cases.  Based on my overall knowledge, I am of the opinion the settlement is fair, reasonable and adequate and is in the best interests of the Class.

---

3

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1 | **Summary of Allegations and Procedural History**

2        6.     On February 2, 2007, Plaintiff Hile brought his action, *Hile v. Ritz*

3 *Camera Centers, Inc.*, USDC-ND Case No. CV 07-0716 SBA, in this Court alleging that

4 Ritz Camera Centers, Inc. ("Ritz" or "Defendant") violated FACTA, 15 U.S.C.

5 § 1681c(g).  On April 9, 2007, Plaintiff Andonian filed a similar action, *Andonian v. Ritz*

6 *Camera Centers, Inc.*, USDC-CD Case No. CV 07-2349 GAF, in the Central District of

7 California making the same allegations against Defendant.   The *Andonian* case was

8 transferred to the Northern District and assigned to this Court under case number C 07-

9 06342 SBA. The Settlement resolves both lawsuits and the Parties in both the *Hile* and

10 *Andonian* actions.[1]

11        7.     Plaintiffs allege that Defendant provided them and proposed class

12 members with receipts on which the expiration date of the person's credit or debit card

13 number were printed.   By providing such receipts, Plaintiffs allege that Defendant

14 willfully violated FACTA by recklessly disregarding or intentionally ignoring the

15 requirements of FACTA.  Plaintiffs do not allege that any of the class members suffered

16 actual damages from these receipts. Instead, Plaintiffs allege that they and the proposed

17 class members are entitled to statutory damages between $100 and $1,000 under the

18 provisions of 15 U.S.C. § 1681n.

19        8.     The Parties began discussing settlement and agreed to attempt to resolve

20 the dispute in mediation.  Prior to the mediation, the Parties exchanged relevant informal

21 discovery, including data regarding the total number of receipts at issue during the

22 relevant time period and when Defendant corrected its receipts.  Our review and analysis

23

24

25 [1] We have recently learned of a third FACTA case against Defendant that was filed in
26 the Northern District of Illinois on January 22, 2008.  However, this case only covers
    stores in Cook County, Illinois.  A copy of the Complaint in the *Mark Thomas v. Ritz*
27 *Camera Centers, Inc.* action, Case Number 08-C-453, is attached hereto as **Exhibit 1**.

28 4

---

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br>Case No.: CV-07-00716 SBA

1  of the informal discovery materials enabled Plaintiff's counsel to prepare a class-wide

2  damage analysis.

3  **Settlement Negotiations and Amount:**

4      9.    Armed with data regarding the number of receipts issued with expiration

5  dates during the relevant time period, the Parties were able to engage in informed

6  negotiations of possible settlement alternatives. The Parties also had an opportunity to

7  share their respective factual and legal positions both before and at the mediation

8  sessions held on July 26, 2007 and September 20, 2007, before the Honorable Fern S.

9  Smith, United States District Judge (Ret.). During the course of these exchanges of

10 information, the Parties engaged in extensive good faith, arms-length negotiations,

11 including telephone conferences, correspondence, and formal mediation, all in an effort

12 to settle their dispute.

13     10.    On July 26, 2007, the Parties attended a mediation session before Judge

14 Smith (Ret.). Although some progress was made toward resolving the dispute, a second

15 day of mediation was required. On September 20, 2007, the Parties continued their

16 mediation efforts in another full-day session with Judge Smith. After this mediation

17 session, the Parties agreed to a tentative resolution but continued to negotiate the

18 settlement terms for 20 additional weeks. The mediations and post-mediation

19 negotiations involved extensive, arm's-length negotiations; numerous offers and counter

20 offers were exchanged before the final settlement terms were achieved. Many of the

21 settlement terms were recommended by Judge Smith, after her review of lengthy

22 mediation briefs submitted by Plaintiffs and Ritz, which discussed in detail the legal and

23 factual issues in the case, and referenced various rulings on law and motion issues in

24 other FACTA cases pending in California and elsewhere. The Parties finally agreed to

25 the settlement terms, all of which are set forth in the Joint Stipulation of Class Action

26

27

28

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1  Settlement. A true and correct copy of the Joint Stipulation of Class Action Settlement

2  ("Stipulation") is attached hereto as **Exhibit 2**.

3        11.    The Stipulation provides that Defendant will provide "Award Certificate

4  Settlement Packages" to all class members who submit claim forms. Each Award

5  Certificate Settlement Package shall consist of an Award Certificate with a $15.00 value

6  and, if applicable, a Supplemental Award Certificate, that may be applied against the in-

7  store purchase of: (1) any camera or lens with a pre-tax price, after all applicable

8  discounts, allowances and rebates, of $100.00 or more, or  (2) any digital memory

9  product with a pre-tax price, after all applicable discounts, allowances and rebates, of

10  $50.00 or more, or (3) any purchase of images or imaging products with a pre-tax price,

11  after all applicable discounts, allowances and rebates of $40.00 or more. Each Award

12  Certificate and Supplemental Award Certificate shall be freely transferable and will be

13  valid for one year after the date of issuance. Each Award Certificate Settlement Package

14  shall have an alternative cash value of $1.00.

15        12.    The Stipulation provides that, if less than 170,000 class members submit

16  claims, then the Claims Administrator will calculate the dollar value of a Supplemental

17  Award Certificate by multiplying $15 by a fraction, the numerator of which is 170,000

18  and the denominator of which is the actual number of Valid Claims submitted, and

19  subtracting $15 from the result. If fewer than 170,000 Valid Claims have been

20  submitted, each Authorized Claimant who elected to receive an Award Certificate shall

21  also receive one Supplemental Award Certificate.

22        13.    Because the Parties cannot readily determine the identity or mailing

23  address of absent class members, the Parties have agreed that notice to class members

24  will be given in the following ways: 1) publication in Ritz's Sunday newspaper national

25  advertising circulars; 2) notices posted conspicuously at Ritz stores; 3) notice on Ritz's

26  website; and 4) notice on a separate webpage or website.

27

28

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1

**Class Counsel's Assessment of the Settlement Results:**

2       14.     The Settlement for each participating Class Member is fair, reasonable,

3   and adequate, given the inherent risk of litigation, the risk relative to class certification

4   and the costs of pursuing such litigation. The fairness of the Settlement is demonstrated

5   by the uncertainty and risks to the Plaintiffs and the Class both in not prevailing on one

6   or more causes of action or theories alleged in the complaint and in non-certification.

7   Although Class Counsel are confident that all of the elements necessary for certification

8   are satisfied in this case, the risk of non-certification is always present. Defendant has

9   adamantly disputed that Plaintiffs will be able to certify a class and that the putative

10  Class Members were entitled to recovery under any of the theories alleged. If the Class

11  were not certified, most Class Members would likely not be able to pursue their

12  individual claims against Defendant because their individual claims would not be large

13  enough to provide incentive to litigate individually. The Settlement takes these risks

14  into account and is a good compromise for the damages of absent Class Members.

15      15.     Prosecution of this case resulted in tangible benefits for the Class

16  Members in the following respects: (1) By this settlement, Class Members will receive

17  their recoveries over a reasonably short period of time as opposed to waiting additional

18  years for the same, or possibly worse, result; and (2) settlement at this juncture will

19  translate into significant savings in Class Counsel's fees and costs which would have

20  only increased exponentially had the case progressed through trial, appeals, etc.

21      16.     Class members who submit a claim will receive an Award Certificate with

22  a $15.00 value. Each Award Certificate is freely transferable and will be valid for one

23  year after the date of issuance. Fifteen dollars in settlement benefits gives consumers

24  15% value compared to the minimal level of statutory damages available for a willful

25  violation of FACTA ($100), which is unquestionably a reasonable settlement. Although

26  $15 only presents a 1.5% value compared to the maximum possible recovery of $1,000

27

28                                          7

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1  in statutory damages, the propriety of awarding full statutory damages to class members

2  who do not claim actual monetary loss is strongly disputed. Many FACTA defendants

3  in other similar cases have argued that lack of "actual harm" precludes an award of

4  statutory damages due to the potentially staggering liability, or at the very least that an

5  award of statutory damages would be excessive. Since it remains to be seen how such

6  disputes will eventually be resolved, the value negotiated by the Parties represents a fair

7  compromise well within the range of reasonableness.

8     17.    For the vast majority of the Class Member population, receipt of this

9  recovery will be an unexpected benefit in that the Class Members likely never even

10  knew that Defendant's receipt printing practices were in question and that the Class

11  Members were potentially entitled to penalties before Plaintiffs filed these cases.

12  **Suitability of the Action for Class Certification:**

13     18.    To date, no class has been certified. The Stipulation provides that the

14  Parties have agreed to the Court's provisional certification of the Class for purposes of

15  this settlement only.

16     19.    As proposed Class Counsel, I am confident that Plaintiffs could

17  successfully prove that this action meets the requirements of class certification.

18     20.    The Settlement Class is defined as follows: "All individual consumers in

19  the United States of America who, between December 4, 2006 and April 9, 2007, used a

20  credit or debit card for a transaction at a Ritz Camera Centers Location and were

21  provided at the point of sale or transaction with an electronically-printed receipt which

22  displayed (1) more than the last five digits of the credit or debit card number, and/or (2)

23  the expiration date of the credit or debit card."

24     21.    The Parties estimate that there are approximately 1.7 million class

25  members, making the proposed Settlement Class sufficiently numerous that it would be

26  "impracticable" to bring all members before the Court.

27

28                                    8

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

22.     Common questions of fact and law predominate in this case.  All class members share two common legal questions -- whether Ritz violated FACTA by printing the expiration date on credit or debit card receipts (which cannot seriously be disputed), and whether Ritz's failure to comply with FACTA was willful.  Any factual variations among class members, such as differences in the number of transactions they engaged in, which credit or debit cards they used, or which stores they visited, have no bearing on these common legal questions.  All class members share the common interest of determining whether the same receipt-printing practice at numerous Ritz stores was lawful and whether they are entitled to the same statutory damages for Ritz's allegedly willful violation of the law.

23.     The named Plaintiffs' claims are typical of the common claims presented.  Both named Plaintiffs allege the same injury, violation of their legal rights and increased risk of identity theft, which are result of the same alleged course of conduct -- the printing of too much information on credit or debit card receipts.  The named Plaintiffs claims are based on the same course of conduct that allegedly injured all Class Members.

24.     Furthermore, the proposed Class Representatives have actively participated in this litigation.  Both named Plaintiffs provided the information that allowed the case to be filed.  They have always been available and willing to lend their assistance to Class Counsel and, in fact, did so during the filing of the complaint and settlement process.  The named Plaintiffs have shown that they would aggressively and competently protect the interests of the Class.

25.     Plaintiff Hile and Plaintiff Andonian also retained competent counsel to represent the Class.  My 19 years of experience litigating employment cases, including serving as lead counsel in numerous wage and hour class actions, gives me the expertise and skill to serve as Settlement Class Plaintiffs' Counsel in this action.  The attorneys in

9

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

1  my office working with me on the case also specialize in and are experienced in class

2  action litigation. In addition, co-lead counsel for Plaintiff Hile and co-Settlement Class

3  Plaintiffs' Counsel Thierman Law Firm, Steven L. Miller, A Professional Law

4  Corporation and Scott A. Miller, A.P.C have considerable experience litigating class

5  actions.

6      26.   Defendant, however, has taken the position all along that this case was not

7  suited for class action treatment and would not be possible to try as a representative

8  action. Likewise, Defendant has been consistent in its forceful assertion that it was not

9  liable for any statutory damages. In short, Defendant believed that it had a good chance

10 of defeating class certification and/or prevailing on the merits of the claims.

11 Defendant's position guaranteed a lengthy and protracted appeal process in the event

12 they did not in fact prevail at certification and/or trial. However, Defendant was faced

13 with the risks inherent in litigation and the prospect of lengthy and expensive litigation

14 against Plaintiff who is represented by Class Counsel very experienced in handling these

15 types of class actions.

16      27.   Although Class Counsel were ultimately confident in the merits of the

17 Class Members' position, we were put in the position of negotiating a settlement at this

18 juncture or possibly face years of litigation to reach a judgment that was by no means

19 preordained. The law regarding the interpretation of and liability under FACTA is a

20 new area of law. Continued litigation of this lawsuit presented Plaintiffs and Ritz with

21 substantial legal risks that are very difficult to assess. In addition, the standards for class

22 certification are constantly evolving, and a change in law always threatened to wipe out

23 Plaintiffs' potential recovery. In addition, a number of plaintiffs in FACTA class

24 actions filed in California federal courts have been denied certification. Thus, although

25 Class Counsel believe in the viability of the claims being settled in this action and the

26 ability to succeed at class certification, we accounted for the risk that the Court would

27

28

10

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

reach a different conclusion, which would leave the Class Members with no recovery at all. Accordingly, Class Counsel decided that a settlement at this juncture for the agreed upon amount and distribution formula was in the best interest of the Class.

**Class Representative Incentive Payments:**

28.     It is appropriate to recognize the contributions of the Class Representatives in prosecuting this litigation.  The settlement provides named Plaintiffs and Class Representatives Hile and Andonian each with a modest $1,000.00 incentive payment for the risks, time and effort they expended in coming forward to provide invaluable information in support of the claims alleged in the complaint.

**Notice Program:**

29.     The parties have agreed to provide notice in several ways to apprise class members of the Settlement.  First, notice will be published in Ritz's Sunday newspaper advertising circulars.  Additionally, a link will be placed on the homepage of Ritz's website to a separate webpage or website that contains a summary of the terms of the settlement, FAQs, a printable Claim Form, an internet-based Claim Form, contact information for the Claims Administrator and Class Counsel, instructions on how to submit a Claim Form, and information concerning the date of the Final Settlement Approved Hearing.  Finally, notice will be posted in all Ritz stores.   This proposed notice procedure is fair and will provide Class Members with the necessary details of the proposed settlement and their options regarding submitting a claim, objecting to the settlement terms, or opting out of the Class.

30.     The proposed notices are attached as exhibits to the Stipulation.

**Attorneys' Fees:**

31.     The Parties have agreed that Class Counsel will seek no more than $765,000 in attorneys' fees, which is less than 3% of the total value of the settlement

11

fund and capped at 30% of the minimum value of benefits that must be distributed to class members. This agreement is fully disclosed in the Stipulation.

32.   This Court can appreciate that litigating a high stakes case against a large corporate defendant represented by a highly respected law firm in an evolving area of law is not appealing to most lawyers, particularly when the plaintiffs' lawyer will have to finance the litigation. This case was taken on a contingency basis and is not a case undertaken lightly. The risk of advancing costs in this type of litigation can be very high.

33.   Class Counsel has spent many hours to date litigating the case and bringing it to fruition. Counsel expects to spend additional hours preparing for and attending the Preliminary Approval Hearing and the Final Approval Hearing and administering the settlement. Class Counsel aggressively litigated the case from the beginning. After agreeing to discuss settlement with Defendant, we pursued informal discovery to provide us with the necessary documentation and information to properly assess the strengths and weaknesses of our position and legal theories and to analyze what a fair settlement amount would be.

34.   Even with my extensive experience litigating class action cases, prosecuting these cases still carry a considerable amount of risk. The greatest early risk involves the discretionary class certification decision. Other risks abound depending on the circumstances of each case. Clients who agree to be class representatives are likewise taking considerable risk that they may be responsible for certain defense costs if the case is lost.

35.   The nature of the work in this case, involving a class action and the novel claims made based on alleged FACTA violations, and Class Counsel's expertise justify the requested attorneys' fees as well. As mentioned above, these cases were among the first cases alleging violations of FACTA's credit card and debit card receipt printing requirements, which created risks of identity theft for consumers. Many similar cases

12

1    have faced a plethora of legal hurdles. In addition, class action work in itself requires

2    specialized learning and the willingness to take large risks.

3         36.   A practice like ours can only properly litigate a limited number of cases at

4    one time. Had we not reached a settlement with Defendant, the demands of this case

5    would have required a significant portion of our resources. Thus, we were precluded

6    from taking other consumer cases due to the demands of litigating this case.

7         37.   The attorneys' fee request is expected to be approximately 3% of the gross

8    potential settlement value, and 20% of the minimum value of the benefits that must be

9    distributed to Class Members. This request is well-below the Ninth Circuit's benchmark

10   for attorneys' fees in common fund cases, which is 25% of gross potential settlement

11   value. Any attorneys' fee awards are subject to this Court's approval at the Final

12   Approval Hearing.

13   **Class Counsel's Costs:**

14        38.   The Stipulation provides that Settlement Class Plaintiffs' Counsel will

15   seek to recover litigation costs of no more than $18,000. At the final approval stage,

16   Class Counsel will submit itemized statements of costs incurred to the Court for its

17   approval. All of the costs incurred to date were reasonably incurred in litigating this

18   matter.

19        I declare, under penalty of perjury, under the laws of the United States, that the

20   foregoing is true and correct. Executed this 18th day of April, 2008 at San Francisco,

21   California.

22

23                              /s/
                       ERIC A. GROVER

24

25

26

27

28
                          13

GROVER DECLARATION ISO PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No.: CV-07-00716 SBA

Case 4:07-cv-00463-SBA   Document 28-3   Filed 04/22/2008   Page 15 of 88

# Exhibit 1

FILED

JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 453**

MARK THOMAS, individually    )
and on behalf of all others similarly situated )
                  )    No.
       Plaintiff,       )
                  )
    v.             )
                  )
RITZ CAMERA CENTERS, INC.,  )
                  )    JURY DEMANDED
                  )
       Defendant.     )

**JUDGE GUZMAN**
**MAGISTRATE JUDGE COLE**

## COMPLAINT - CLASS ACTION

## INTRODUCTION

1.    Plaintiff Mark Thomas brings this action to secure redress for the violation by Ritz Camera Centers, Inc., ("Ritz Camera"), of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    One provision of FACTA, codified as 15 U.S.C. § 1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.    Section 1681c(g) is "not ambiguous," It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, 8 (C.D.Cal. Apr. 5, 2007).

4.    The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5.      One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This *modus operandi* is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft —Unplugged —Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. 81.

6.      It is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

7.      The expiration date is generally necessary for misuse of the card number.

8.      Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number.  Thieves therefore prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

9.      To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

10.     The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

11.     Defendant has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

12.     A willful violation includes reckless disregard.

13.     Plaintiff brings this action against defendant based on defendant's violation of 15 U.S.C. § 1681c(g) et seq. Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. § 1681p (FCRA).

15.     Venue in this district is proper because defendant does business here.

## PARTIES

16.     Plaintiff, Mark Thomas is a resident of this District.

17.     Mr. Thomas is a former victim of identity theft.

18.     Defendant Ritz Camera is a retailer of cameras and photographic supplies.

19.     Defendant Ritz Camera is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA,

## FACTS

20.     On December 20, 2006, plaintiff received from Ritz Camera at its 2255 W. 95th Street store in Chicago, a computer generated register receipt which displayed his expiration date.

## CLASS ALLEGATIONS

21.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.F. 23(a) and (b)(3).

22.     The class is defined as all consumers to whom Defendant Ritz Camera provided an electronically printed receipt at the point of sale or transaction in a store located in Cook County Illinois , after December 4, 2006, which receipt displays (a) more than the last five digits of

the person's credit card or debit card number, or (b) the expiration date of the person's creditor debit card or (c) both.

23.     The class is so numerous that joinder of all individual members in one action would be impracticable,

24.     On information and belief, there are over 100 consumers to whom Defendant Ritz Camera provided an electronically printed receipt at the point of sale or transaction after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

25.     Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

26.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

        a.     Whether defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

        b.     Whether defendant thereby violated FACTA;

        c.     Whether defendant's conduct was willful; and

27.     Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

28.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATIONS ALLEGED

29.    Defendant violated 15 U.S.C. §I681c(g)(1), which provides that:

no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

30.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C.§ 1681c(g)(l).

31.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 168 lc(g)(1) on or after December 4, 2006.

32.    Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

33.    After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement.

34.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

35.    Defendant knew or should have known of the truncation requirement.

36.    VISA, MasterCard, the PCI Security Standards Council — a consortium

founded by VISA, MasterCard, Discover, American Express and JCB — companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

37.   The requirement was widely publicized among retailers.

38.   For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy soon limit cardholder information on receipts to the last four digits of their accounts. The cards expiration date will be eliminated from receipts altogether. . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals....""Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

39.   Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

40.   The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

41.   For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by

a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

42.     Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

43.     American Express has a manual that contains a similar depiction of what information must be suppressed.

44.     These requirements were widely publicized. The following are illustrative.

45.     On July 9, 2003, L. Richard Fischer of VISA USA presented a written statement to the House Committee on Financial Services supporting the truncation requirements of what ultimately became FACTA. Mr. Fischer stated: Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number or the expiration date upon receipts provided to cardholders at the point of sale.

46.     The Office of Thrift Supervision of the Treasury Department ("OTS"), is responsible, *inter alia*, for compliance with FACTA by Federal savings banks. Toward this end, the OTS publishes an Examination Handbook for OTS field personnel to use when they perform an examination, or compliance audit, of a given financial institution. The February 2006 edition of the Handbook states:

**<u>Truncation of Credit and Debit Card Account Numbers</u>**

Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

47.    Heartland Payment Systems, Inc. provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet which included the following statement:

Your credit card terminal is now—or will soon be required by law or the bankcard associations to truncate—or limit—the information that can appear on electronically printed sales receipts.

What that means is that on all cardholder numbers:

o   The expiration date must be eliminated
o   All but the last four numbers of the card number must be obscured

48.    In 2006, Heartland broadly disseminated a second pamphlet, which included the following statement:

**Make every transaction a safe one. * * ***

o The cardholder's receipt ***should not include*** the card's expiration date and ***should only include*** the last 4 or 5 digits of the card number. * * * *

49.    Another credit card processor, Commerce Bank, sent "Merchant Compliance Awareness" notices to its customers during 2004. These stated that all but the last four digits of the cardholder account number and the entire expiration date had to be suppressed from the receipt.

50.    Many restaurant and retail trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements. For example, the Virginia Retail Merchants Association reported in its February/March 2005 Newsletter that "FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date."

51.     In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores, an article titled "Visa USA Targets Identity Theft," appeared which included the following statement:

> [A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy. This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts. The policy will also eliminate the card's expiration date from receipts altogether. Feinstein has introduced legislation to combat identity theft.

52.     The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania convenience Store Council, included an article regarding the requirements of credit card truncation under FACTA which included the following language:

> [A]ccording to the FACTA Act, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

The same article appeared in the April 2005 Edition of the NACS Magazine, published by the National Association of Convenience Stores.

53.     In its Spring 2004 Newsletter, the Connecticut Restaurant Association Newsletter included an article regarding Requirements for Credit Card Truncation, which stated:

> [T] here is currently no Connecticut state law, so the two ruling requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.

> Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals....

54.     After the enactment of FACTA, the Wisconsin Restaurant Association issued a "Credit Card Transaction" Alert to its members, which stated:

You may have been hearing about credit card truncation lately. This is what you need to know.

Credit card truncation removes all but the last four (or five) digits of a credit card account number ad the expiration date from the sales receipt. For example: A non-truncated receipt would list:

Acct. # 1234 5678 7654 3210 Exp. 10/05

while a truncated receipt would show:

Acct. # **** **** **** 3210   Exp ****

The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing the expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale....

55.    In the January 2005 edition of the Massachusetts Restaurant Association Newsletter, an article appeared apprising Association members that both Visa and MasterCard require truncation of the entire expiration date and all but the last four digits of the cardholder account number.

56.    Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association, and a significant number of other restaurant trade associations, and retail merchant trade associations.

57.    In the March/April 2006 Edition of the Ohio Independent Automobile Dealers' Association Dealer News Magazine, and Article was published entitled "What You Should Know about Credit and Debit Card Processing and the FACTAs about Card Truncation." The article states:

What is Card Truncation? This federal law sets deadlines by which the receipt electronically printed from a credit card sale must be truncated—meaning, the receipt given to the customer shows no more than the last five digits of the customer's credit card number and does not show the expiration date.

Business owners are responsible for merchant account compliance with the truncation regulations and must make sure their printed cardholder receipts do not contain expiration dates or full account numbers. This same article appeared in the March/April edition of the West Coast Independent Automobile Dealer News.

58. The Independent Insurance Agents & Brokers of America circulated a report to its members dated June 5, 2005 titled: "Overview of the Fair Credit Reporting Act, The Fair and Accurate Credit Transactions Act, and the Drivers Privacy Protection Act." In relevant part, this publication stated:

> Under the FACT Act, businesses and others accepting credit or debit cards for payment may not print more than the last five digits of the card number nor may they print the expiration date upon any receipt provided to the cardholder at the point of sale.

59. The November 18, 2004 edition of the Compliance Challenge, published by the Credit Union National Association News, stated: "PACTA prohibits anyone that accepts credit/debit cards to print more than the last S digits of the card number or expiration date on any receipt at the point of sale or transaction

60. In the October 10, 2003, edition of the PT Bulletin, a Newsletter for the American Physical Therapy Association, an article appeared titled, "Truncation Requirement Now in Effect for Credit Card Processing." In relevant part, this article stated:

> Physical therapists who accept credit card payments from patients and clients face new processing requirements from major credit card companies. In an effort to minimize opportunities for credit card fraud, Visa and MasterCard...have mandated that credit card account numbers and expiration dates be masked on all receipts. Compliance with this requirement is not optional....

61. Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account

umbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of only the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

62.     The publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

63.     Credit and debit card account numbers are not randomly generated. Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following: (a) a single digit Major Industry Identifier ("MII"); (b) an issuer identification number ("IIN"); (c) an number unique to the card; and (d) a check digit.

64.     The MII identifies the industry of the issuer of the card, e.g., MasterCard, Visa, etc.

65.     The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

66.     The seventh through next to the last digit, up to a maximum of 12 digits, is the number unique to the card.

67.     The last digit is a "check digit" that is not randomly assigned, but instead is calculated by a defined algorithm. Therefore, the "check digit" is derivative of the other numbers in

the credit card number.

68.     Astute identity thieves are familiar with this coding paradigm and can use sophisticated mathematical modeling to decipher account numbers,

69.     To the extent that an identity thief is able to decipher a credit card user's account number, the importance of truncating expiration dates becomes manifest. That is, unlike the account number on the credit or debit card, the expiration date cannot be deciphered through sophisticated mathematical modeling. Therefore, the expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized user of the card.

70.     The expiration dates are also used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

71.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

72.     In addition, a would be identity thief who steals o receipt containing the last four or five digits of a credit card account number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

73.     The costs of truncating credit and/or expiration dates and account numbers is minimal.

74.     Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have

readily done the same.

75.     Defendant willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

76.     The FCRA, 15 U.S.C. §1681n, provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 U.S.C. §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**

> > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000;**

> > **\*\*\*\***

> **(2) such amount of punitive damages as the court may allow; and**

> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

77.     The FCRA, 15 U.S.C. §168lp, provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 U.S.C. §1681 et seq.] may be brought In any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

> **(1)  2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**

> **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court entry judgment in favor of plaintiff and the class members and against defendant as follows:

a.  For statutory damages of $100 to $1,000 per violation;

b.  For attorney's fees, litigation expenses and costs;

c.  For such other and further relief as the Court may deem proper, including punitive damages.

Respectfully submitted,

/s/ Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

## JURY DEMAND

Plaintiff requests trial by jury.

/s/ Keith J. Keogh
Keith J. Keogh

# Exhibit 2

Eric A. Grover (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA  94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff Zachary Hile

William A. Baird (SBN 192675)
Launa N. Everman (SBN 227743)
**MILSTEIN, ADELMAN & KREGER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:  (310) 396-9600
Facsimile:  (310) 396-9635
tbaird@maklawyers.com

Attorneys for Plaintiff Shoger Andonian

[Additional Counsel Listed on Signature Page]

Richard T. Williams (SBN 52896)
Tara L. Cooper (SBN 239018)
**HOLLAND & KNIGHT LLP**
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
richard.williams@hklaw.com

Attorneys for Defendant Ritz Camera Centers, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RITZ CAMERA CENTERS, INC., <br><br> Defendant. <br>────────────────────── <br> SHOGHER ANDONIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive, <br><br> Defendants. | Case Nos.: CV-07-00716 SBA and CV 07-2349 GAF <br><br> **JOINT STIPULATION OF CLASS ACTION SETTLEMENT** |

-1-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

This Stipulation of Settlement ("Stipulation"), dated as of April 18, 2008, is made and entered into by and among all Settling Plaintiffs (as defined in Paragraph 1.23) and the Settling Defendant (as defined in Paragraph 1.21) in light of the following circumstances:

## I. DESCRIPTION OF THE *HILE* AND *ANDONIAN* ACTIONS

This Stipulation settles two lawsuits wherein the Settling Plaintiffs have alleged that the Settling Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA") by printing the expiration date on receipts provided to debit and credit card holders at Ritz Camera Center Locations. The first complaint, *Hile v. Ritz Camera Centers, Inc.*, ("*Hile* Action"), USDC-ND Case No. CV 07-0716 SBA, was filed on February 2, 2007. The second complaint, *Andonian v. Ritz Camera Centers, Inc.*, ("*Andonian* Action"), USDC-CD Case No. CV 07-2349 GAF, was filed on April 9, 2007.

FACTA requires that any retailer that accepts credit and/or debit cards is prohibited from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681(c)(g). FACTA was passed in 2003, but did not take effect until December 4, 2006 for point of sale ("POS") terminals that were in operation before January 1, 2005. The Settling Defendant estimates that it printed approximately 2.55 million receipts with a credit card expiration date between December 4, 2006 and April 9, 2007. The parties estimate that these receipts were provided to approximately 1.7 million different consumers. Neither the *Hile* nor *Andonian* Plaintiffs allege that any of the class members suffered actual damages from these receipts. Instead both Plaintiffs seek statutory damages of $100 to $1000 per violation, punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n. The parties in both the *Hile* and *Andonian* actions have consented to proceed before the Honorable Saundra B. Armstrong for all purposes.

-2-

## II.    DEFINITION OF THE PUTATIVE CLASS

The Settling Parties propose the following definition for the putative class:

> All individual consumers in the United States of America who,
> between December 4, 2006 and April 9, 2007, used a credit or
> debit card for a transaction at a Ritz Camera Centers Location and
> were provided at the point of sale or transaction with an
> electronically-printed receipt which displayed (1) more than the
> last five digits of the credit or debit card number, and/or (2) the
> expiration date of the credit or debit card.

## III.    MEDIATION OF THE *HILE* AND *ANDONIAN* ACTIONS

The terms of this settlement as set forth in this Stipulation were agreed to by the Settling Parties after two separate day-long mediation sessions held at the offices of JAMS, Inc. in San Francisco, California on July 26, 2007 and September 20, 2007 before the Honorable Ferns S. Smith, United States District Court Judge (Ret.) and over 20 additional weeks of post-September 20, 2007 negotiations between the Settling Parties. The mediations and post-mediation negotiations involved extensive, arm's-length negotiations; numerous offers and counter offers were exchanged before these final settlement terms were achieved.

## IV.    THE SETTLING DEFENDANT'S DENIAL OF WRONGDOING AND LIABILITY

The Settling Defendant denies that it engaged in any wrongdoing in connection with the matters alleged in the *Hile* and *Andonian* Actions. Neither this Stipulation nor any document attached or referred to herein nor any action taken to carry out the settlement set forth in this Stipulation is, may be construed as, or may be used as, an admission by or against the Settling Defendant of any fault, wrongdoing or liability whatsoever. The Settling Defendant has entered into this Stipulation solely because it wishes to obtain a dismissal with prejudice of claims that have been filed against it in the *Hile* and *Andonian* Actions and to avoid the costs and risks of further litigation with respect to the claims of the Settlement Class Plaintiffs and/or putative class.

-3-

1  **V.    BENEFITS OF SETTLEMENT TO PLAINTIFFS AND THE CLASS**

2      The Settling Plaintiffs recognize the expense and length of continued proceedings

3  necessary to prosecute the *Hile* and *Andonian* Actions against the Settling Defendant through

4  trial and appeals.  The Settling Plaintiffs have also taken into account the uncertain outcome and

5  risk of any litigation.  In particular, the Settling Plaintiffs have taken into account the uncertainty

6  surrounding Plaintiffs' ability to obtain class certification, as evidenced by the denial of a

7  number of such motions filed by other FACTA plaintiffs in the Central and Northern Districts of

8  California, including in cases involving Settling Plaintiffs' counsel herein.

9      In deciding to settle with the Settling Defendant, the Settling Plaintiffs considered the

10  following facts:  (1) the Settling Plaintiffs have not yet brought a motion for class certification;

11  (2) at least 10 motions for class certification in similar FACTA cases in the Central and Northern

12  Districts of California have been denied; (3) Plaintiffs have not alleged that any member of the

13  putative class suffered actual damages; (4) the Settling Defendant's alleged violation of FACTA

14  involved only credit or debit card expiration dates, and did not involve the printing of an

15  unauthorized number of digits for any card number; (5) the Settling Defendant is currently in

16  compliance with FACTA's truncation requirements and represents that it intends to remain in

17  compliance in the future; and (6) even if a class were certified and willful wrongdoing were

18  proved and the minimum statutory damages sought by Settling Plaintiffs were awarded to a class

19  and if approved on appeal, an event that has not yet occurred in any court, such damages could

20  cause financial ruin to the Settling Defendant.  The Settling Plaintiffs have therefore determined

21  that the settlement with the Settling Defendant as set forth in this Stipulation is in the best

22  interest of Settlement Class Plaintiffs and the Settlement Class.

23      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** in

24  consideration of the mutual promises set forth herein, by and between the Settling Plaintiffs and

25  the Settling Defendant, by and through their respective undersigned counsel of record or

26  authorized agents, and subject to the approval of the Court, as follows:

27

28

-4-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

***1.      Definitions***

Whenever the following capitalized terms are used in this Stipulation, they shall have the following meanings:

1.1      "Authorized Claimant" means a Settling Class Member whom the Claims Administrator determines has submitted a Valid Claim and therefore is entitled to receive an Award Certificate Settlement Package and who has not Opted-Out of the Class.

1.2      "Award Certificate Settlement Package" means an Award Certificate with a $15.00 value and, if applicable, a Supplemental Award Certificate, that may be applied against the in-store purchase of: (1) any camera or lens with a pre-tax price, after all other applicable discounts, allowances and rebates, of $100.00 or more, or (2) any digital memory product with a pre-tax price, after all other applicable discounts, allowances and rebates, of $50.00 or more, or (3) any purchase of images or imaging products with a pre-tax price, after all other applicable discounts, allowances and rebates of $40.00 or more. Each Award Certificate shall be freely transferable and will be valid for one year after the date of issuance. Each Award Certificate Settlement Package shall have an alternative cash value of $1.00. The Claim Form will give each Settling Class Member the option to elect either the $15.00 value to be applied against purchases (as described above) or the direct payment of $1.00. Only one Award Certificate and, if applicable, one Supplemental Award Certificate may be used by a Settling Class Member per store visit. As part of the settlement negotiation process, the Settling Defendant has represented that, based on its 2006 sales, more than 80% of all camera, lens and digital memory sales fall within parameters that would allow the Award Certificate to be used during such sales transactions. Moreover, more than 80% of the total sales at Ritz Camera Centers Locations encompass the sale of camera, lens, digital memory and imaging products.

1.3      "Claims Administrator" means EPIQ Systems, Inc. or such other administrator appointed by the Court to administer and distribute the Award Certificate Settlement Packages to Authorized Claimants.

1.4      "Claim Form" means the internet-based or hard copy form made available or provided to Settling Class Members by the Claims Administrator in order to submit a claim for

-5-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

the Award Certificate Settlement Package, a hard copy exemplar of which is attached to this Stipulation as Exhibit "B".

      1.5      "Claims Period" means the period commencing no later than the 14th day after the Court grants Preliminary Settlement Approval and ending on the last date upon which a Settlement Class Member may submit a Claim Form via the internet or postmark a hard-copy Claim Form.  Each Settlement Class Member will have sixty (60) days after the date of the last Published Notice described in Paragraph 2.1.3 below to submit a Claim Form.

      1.6      "Settlement Class" or "Settlement Class Member" means all individual consumers in the United States of America who, between December 4, 2006 and April 9, 2007, used a credit card or debit card at a Ritz Camera Center Location and were provided with an electronically-printed receipt at the point of sale or transaction which displayed (1) more than the last five digits of the credit or debit card number, and/or (2) the expiration date of the credit or debit card.

      1.7      "Settlement Class Plaintiffs" means Plaintiffs Zachary Hile and Shogher Andonian.

      1.8      "Settlement Class Plaintiffs' Counsel" means the law firms of Keller Grover LLP, Thierman Law Firm, Steven L. Miller, A Professional Law Corporation and Scott A. Miller, A.P.C, lead counsel in the *Hile* action, and Milstein, Adelman & Kreger, LLP, lead counsel in the *Andonian* Action.

      1.9      "Effective Date" means the date upon which the Final Judgment becomes final.  For purposes of defining the Effective Date, the date upon which the Final Judgment becomes final is the last date of (a) if there were no objections to the Settlement, or if there are objections to the Settlement which are withdrawn, at the time of final approval by the Court and the Court or its clerk enters the Final Judgment; (b) if there are objections to the Settlement which are not withdrawn, and if an appeal, review or writ is not sought from the Final Judgment, the day after the period for appeal has expired; or (c) if an appeal, review or writ is pursued and later dismissed or denied, the day following when the Final Judgment is no longer subject to further judicial review.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

Case 1:08-cv-09453-SBA Document 28-3 Filed 04/22/2008 Page 38 of 88

1.10    "Entry of Final Judgment" means the date on which the Court (or its clerk) enters the Final Judgment.

1.11    "Final Judgment" means the Court's Final Judgment and Order of Dismissal with Prejudice in substantially the form attached hereto as Exhibit "A".

1.12    "Final Settlement Approval" means the entry of an Order by the Court (or its clerk) confirming the Court's:  (1) approval of the terms of the settlement as set forth in this Stipulation; (2) certification of the Settlement Class; and (3) approval of the form of Final Judgment.

1.13    "Ritz Camera Centers Location" means each retail Ritz Camera Centers location operated in the United States by the Settling Defendant where photographic and imaging products are sold.

1.14    "Opt-Outs" means those members of the Settlement Class who timely and validly request exclusion from the Settlement Class, *i.e.* those who "Opt-Out."

1.15    "Opt-Out Threshold" means a minimum of 50,000 members of the Settlement Class who Opt-Out of the Settlement Class.

1.16    "Preliminary Approval Date" means the date the Preliminary Settlement Approval occurs.

1.17    "Preliminary Settlement Approval" means the entry of the Order by the Court (or its clerk) confirming the Court's  (1) preliminary approval of the terms of the respective settlement as set forth in this Stipulation, (2) preliminary certification of the Settlement Class, and (3) approval of the settlement notice and notice process.

1.18    "Relevant Time Period" means the period commencing on December 4, 2006, and ending on April 9, 2007.

1.19    "Settled Claims" means any and all rights, claims, causes of action and demands of every nature and kind whatsoever based on alleged violations of 15 U.S.C. § 168n(a)(1)(A) and (a)(2), including without limitation, for damages, economic losses or restitution, known or Unknown, which any of the Settling Plaintiffs ever had, now has or may in the future have on the basis of, connected with, arising out of, or related in whole or in part to

-7-

credit card receipts printed between December 4, 2006 and April 9, 2007 at Ritz Camera Center Locations that display more than the last five (5) digits of a Settling Plaintiff's credit or debit card number and/or (2) the credit or debit card's expiration date on the receipt.

1.20    "Settling Class Members" means all members of the Class other than "Opt-Outs."

1.21    "Settling Defendant" means Ritz Camera Centers, Inc. and each of its parents, subsidiaries, affiliates and the directors, officers, employees, partners, agents, attorneys, auditors, affiliates, heirs, executors, representatives, insurers, predecessors, successors and assigns of any of the aforementioned entities.

1.22    "Settling Parties" means the Settling Plaintiffs and the Settling Defendant.

1.23    "Settling Plaintiffs" means the Settlement Class Plaintiffs and the Settling Class Members.

1.24    "Supplemental Award Certificate" means a Supplemental Award Certificate issued under the following circumstance: If, after the expiration of the Claims Period, fewer than 170,000 Valid Claims have been submitted, then the Claims Administrator will calculate the dollar value of a Supplemental Award Certificate by multiplying $15 by a fraction, the numerator of which is 170,000 and the denominator of which is the actual number of Valid Claims submitted, and subtracting $15 from the result. If fewer than 170,000 Valid Claims have been submitted, each Authorized Claimant who elected to receive an Award Certificate shall also receive one Supplemental Award Certificate. (For example, if there are only 100,000 valid claims at the expiration of the claims period, each Class Member who submitted a valid claim and who elected to receive an Award Certificate also would receive a $10.50 Supplemental Award Certificate, calculated as follows:  170,000/100,000 = 1.7 x $15 = $25.50 - $15 = $10.50.)

1.25    "Unknown" means claims the holders of which do not know or suspect to exist in their favor, including, but not limited to, claims which if known by them would have materially affected their decision to settle.  Solely with respect to any and all Settled Claims, it is the intention of the Settling Parties that, upon the Effective Date the Settling Plaintiffs and all Settling Class Members who have submitted Valid Claims shall be deemed to, and by operation

-8-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

of the Final Judgment shall, expressly waive and relinquish, to the fullest extent permitted by law all such Settled Claims as more fully described in Paragraph 1.17 and, with respect to the Settled Claims only:  (1) the provisions, rights and benefits of section 1542 of the California Civil Code, which statute provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR;

and (2) any and all provisions, rights and benefits of any similar statute, law or principle of California or of any other jurisdiction where a Settling Class Member resides.  Each of the Settling Plaintiffs further acknowledges hereby that said he or she is aware that said person may hereafter discover facts, damages, injuries, or theories in addition to or different from those which said person now knows or believes to be true, but that it is said person's intention to, upon the Effective Date, fully, finally, and forever settle and release any and all Settled Claims which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts, damages, injuries or theories.

1.26    "Valid Claim" means a claim submitted by a Settling Class Member which claim has been approved by the Claims Administrator.  No claim will be approved by the Claims Administrator unless it includes all of the following information and is signed under penalty of perjury (or "acknowledged as under penalty of perjury" in the case of an internet-based Claim Form): (1) the name and address of the Settling Class Member; (2) a Ritz Camera Center Location where a credit or  debit card purchase was made by the Settling Class Member during the Relevant Time Period;  (3) the approximate date on which the Settling Class Member made a credit or debit card purchase during the Relevant Time Period; and (4) to the recollection of the claimant, a general description of the item or items purchased during the Relevant Time Period. No more than one Claim Form per Settling Class Member will be approved as a Valid Claim.  A

-9-

1    Claim Form may be submitted by mail or via an internet-based Claim Form.  The Claims

2    Administrator shall determine if all requested information has been provided and, to the extent it

3    deems necessary or appropriate, verify the information on the Claim Forms and shall approve all

4    Claims submitted on a Claim Form for which the information is determined to be sufficient and

5    valid, and which is signed by a Settling Class Member as hereinabove required.   Only those

6    claims approved by the Claims Administrator shall be deemed to be Valid Claims.

7
       **2.**     ***Administration and Distribution of Award Certificate Settlement Packages to Authorized Claimants***

8

9        2.1      Subject to the terms and conditions of this Stipulation, the Settling Parties have

10   stipulated to the following Distribution Plan:

11        2.1.1    Beginning no more than fourteen (14) days after the Court grants

12   Preliminary Settlement Approval, and lasting for a period of not less than sixty (60) days after

13   the date of publication of the last Published Notice described in Paragraph 2.1.3 below (*i.e.*, the

14   Claims Period), the Settling Defendant will display in one or more conspicuous places at or near

15   a register in each Ritz Camera Center Location an 8" x 11" sized "In-Store Notice."  Such notice

16   shall be in substantially the form attached to this Stipulation as Exhibit "C", and shall set forth a

17   summary of the terms of the settlement set forth in this Stipulation, shall provide instructions on

18   how to contact the Claims Administrator and how to submit a Claim Form, shall provide the

19   address of the settlement website (described below), and shall notify members of the Class of the

20   date upon which the Court will hold a hearing for the purpose of:  (1) determining whether to

21   finally approve the settlement; (2) determining the amount of attorney fees, costs and expenses to

22   be paid to Settlement Class Plaintiffs' Counsel; and (3) determining the incentive payment (if

23   any) to be paid to Settlement Class Plaintiffs (the "Final Settlement Approval Hearing").

24        2.1.2    Beginning no more than fourteen (14) days after the Court grants

25   Preliminary Settlement Approval, and lasting for a period of not less than sixty (60) days after

26   the date of  publication of the last Published Notice described in Paragraph 2.1.3 below (*i.e.*, the

27   Claims Period), Settling Defendant will provide a link on the homepage of its website,

28   www.ritzpix.com, to a separate webpage or website that contains a summary of the terms of the

-10-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1  settlement, a set of agreed upon FAQ's, a printable Claim Form, an internet-based Claim Form,

2  contact information for the Claims Administrator and Settlement Class Plaintiffs' Counsel,

3  instructions on how to submit a Claim Form, and information concerning the date of the Final

4  Settlement Approved Hearing (the "On-Line Notice").  Copies of the agreed-upon On-Line

5  Notice is attached to this Stipulation as Exhibit "E".

6         2.1.3    Settling Defendant represents that its normal Sunday newspaper national

7  advertising inserts and circulars reach approximately 11.4 million persons per advertisement in

8  markets where the Settling Defendant has retail locations.  Within forty-five (45) days after the

9  Preliminary Approval Date, the Settling Defendant shall include on two separate occasions as

10  part of its normal Sunday newspaper national advertising inserts and circulars a "Notice of

11  Settlement and Claim Form" in substantially the form attached to this Stipulation as Exhibit "D"

12  hereto (the "Published Notice").  As demonstrated by the text of Exhibit "D", such Published

13  Notice will shall set forth a summary of the terms of the settlement, contact information for the

14  Claims Administrator and Settlement Class Plaintiffs' Counsel, the address of the settlement

15  webpage or website, instructions on how to submit the attached Claim Form, and information

16  concerning the date of the Final Settlement Approved Hearing.

17         2.1.4    The In-Store Notice, On-Line Notice and the Published Notice shall

18  provide that claims may be submitted for up to sixty (60) days after the date of publication of the

19  last Published Notice (*i.e.*, the Claims Period).  The In-Store Notice, On-Line Notice and the

20  Published Notice shall also provide that any objection to the settlement set forth in this

21  Stipulation and any request to Opt-Out of the Settlement Class shall be submitted to the Claims

22  Administrator within forty-five (45) days after the date of publication of the last Published

23  Notice appears (the "Opt-Out Expiration Date").

24         2.1.5    The Parties shall request that the Court set a date for the Final Settlement

25  Approval Hearing no more than ninety (90) days after the Opt-Out Expiration Date.

26         2.1.6    The Claims Administrator shall determine whether a claim is a Valid

27  Claim within forty-five (45) days of receipt of a Claim Form.

28

-11-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

2.1.7    If the Claims Administrator determines that a claim is a Valid Claim, then the Claims Administrator shall distribute the proper Award Certificate Settlement Package to the Authorized Claimant no later than the forty-fifth (45th) day after the Effective Date.

2.1.8    The Claims Administrator shall distribute the Award Certificate Settlement Packages as follows:  Each Authorized Claimant shall be entitled to receive one (1) Award Certificate Settlement Package.  If, after the expiration of the Claims Period, fewer than 170,000 Valid Claims have been submitted, then the Claims Administrator will calculate the dollar value of a Supplemental Award Certificate; each Authorized Claimant who elected to receive an Award Certificate shall also receive one Supplemental Award Certificate.

**3.    The Notice Order**

3.1    As soon as practicable following the execution of this Stipulation, the Settling Parties shall present this Stipulation to the Court and request the entry of an order ("the Notice Order"), in substantially the form attached hereto as Exhibit "F", providing for Preliminary Settlement Approval and notice of the Final Settlement Approval Hearing.  The Notice Order shall include provisions that will, among other things:

3.1.1    Preliminarily approve the settlement set forth in this Stipulation and approve the form of the In-Store Notice, On-Line Notice and Published Notice;

3.1.2    Direct the Settling Defendant to cause the Published Notice to be published in the manner described in Paragraph 2.1.3 above;

3.1.3    Direct the Settling Defendant to display the In-Store Notice in substantially the Form attached to this Stipulation as Exhibit B for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

3.1.4    Direct the Settling Defendant to provide a link on its website homepage, www.ritzpix.com, to a webpage or website that provides all of the content of the On-Line Notice described in Paragraph 2.1.2 above, for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

-12-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

3.1.5    Determine that the In-Store Notice, the On-Line Notice and the Published Notice constitute the best notice practicable under the circumstances and provide due and sufficient notice of the Final Settlement Approval Hearing; and

3.1.6    Direct the Settling Defendant to file proof of publication of the Published Notice and proof of its compliance with its In-Store Notice and On-Line Notice obligations as soon as reasonably practicable.

3.2    The Settling Parties hereby stipulate (subject to the approval of the Court) to the certification of the Settlement Class for the sole purpose of effectuating the settlement between the Settling Parties without waiving any rights except as expressly provided herein.

3.3    In the event that the settlement as set forth in this Stipulation fails to become final, then the certification of the Settlement Class will be deemed void and the Settling Defendant, the Settlement Class Plaintiffs and the members of the putative class shall revert to their respective positions with respect to the *Hile* and *Andonian* Actions that existed immediately prior to July 26, 2007.

## 4.    *Judgment to Be Entered by the Court Approving the Settlement*

4.1    If and when Final Settlement Approval is granted by the Court, the Final Judgment shall be entered by the Court. The Final Judgment shall, among other things:

4.1.1    Approve the settlement as set forth in this Stipulation as fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure;

4.1.2    Determine the amount of fees and costs to be awarded to Settlement Class Plaintiffs' Counsel and the incentive payments (if any) to be made to Settlement Class Plaintiffs.

4.1.3    Dismiss the Complaints on the merits and with prejudice and except as approved by the Court as noted in Paragraph 4.1.2 above, without costs or attorneys' fees to either of the Settling Parties;

4.1.4    Adjudge that the Settling Plaintiffs have released any and all claims against the Settling Defendant as set forth in Paragraph 1.17;

-13-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

4.1.5    Bar and permanently enjoin all Settling Plaintiffs from filing, prosecuting or otherwise pursuing any and all Settled Claims against the Settling Defendant;

4.1.6    Bar and permanently enjoin Settlement Class Plaintiffs and members of the Settlement Class who made a purchase at a Ritz Camera Centers Location during the Relevant Time Period using a credit card or debit card and who received a receipt containing more than the last five digits of the credit card or debit card number and/or the expiration date of the credit or debit card who reside in jurisdictions in which the Published Notice was published, in which the In-Store Notice was displayed, or in which the On-Line Notice was accessible, and who did not either Opt-Out or raise any proper written objection to the proposed settlement terms on or before the Opt-Out Expiration Date either in person, directly or through legal counsel, or in writing from filing, prosecuting or otherwise pursuing any appeal of the Final Judgment, to the extent permitted by law.

4.1.7    Because there is no just reason for delay, direct that the clerk of the Court enter the Final Judgment forthwith as a final judgment pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure; and

4.1.8    Without affecting the finality of the Final Judgment, reserve continuing jurisdiction over the Settling Parties for the purposes of: (a) implementation of the settlement set forth in this Stipulation; and (b) enforcing and administering the settlement and any Court orders relating to the settlement.

**5.    *The Settling Defendant's Obligations***

5.1    Pursuant to this Stipulation, the Settling Defendant is obligated to: (1) honor Award Certificate Settlement Packages issued to Authorized Claimants by the Claims Administrator; (2) pay Settlement Class Plaintiff's Counsel its fees and expenses as ordered by the Court pursuant to Paragraph 7 below; (3) pay all costs associated with the administration of the Settlement including In-Store Notice, On-Line Notice, and the Published Notice; and (4) pay the Claims Administrator for its services. Other than the foregoing obligations, the Settling Defendant will have no other obligations to the Settling Plaintiffs, Settlement Class Plaintiffs' Counsel, the Class Claims Administrator and/or any agent or representative thereof.

-14-

**6. Releases**

6.1    Upon the Effective Date, the Settling Plaintiffs on behalf of themselves, their representatives or heirs and assigns shall be deemed to have, by operation of the Final Judgment, fully, finally and forever released, relinquished and discharged, the Settling Defendant from the Settled Claims, whether or not such Settling Plaintiff individually executes a release, except for the right to enforce the terms of this Stipulation and the exhibits hereto or the Final Judgment. The Settling Plaintiffs further acknowledge that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the release, but that it is their intention to, upon the Effective Date, fully, finally and forever settle and release the Settled Claims against the Settling Defendant, known or unknown, suspected or unsuspected, which now exist, or heretofore have existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such different or additional facts.

**7.    Payment of Fees and Costs to Class Plaintiff's Counsel and the Named Class Plaintiffs**

7.1    The Settling Parties have stipulated that the Settling Defendant will reimburse the Settlement Class Plaintiffs' Counsel after the Entry of Final Judgment for actual expenses and costs (which may include the fees of experts and consultants incurred in connection with prosecuting the *Hile* and *Andonian* Actions) in an amount determined by the Court subject to a maximum payment obligation of $18,000. Settling Plaintiffs agree not to request more than $765,000 for attorneys' fees. Settling Defendant agrees not to oppose any request for attorneys' fees and costs that does not exceed a total of $783,000, and the Settling Parties agree that the Court may not award Settling Plaintiffs more than $783,000 for attorneys' fees and costs.

7.2    The Settling Parties have stipulated that the Settling Defendant will pay the two named Settlement Class Plaintiffs an incentive payment in an amount determined by the Court, subject to a maximum payment obligation of $2,000 to the two named Settlement Class Plaintiffs collectively. Settling Plaintiffs agree not to request more than $2,000 for incentive payments, Settling Defendant agrees not to oppose any request for incentive payments that does not exceed

-15-

1  $2,000 and the Settling Parties agree that the Court may not award Settling Plaintiffs a total of

2  more than $2,000 for incentive payments.

3      7.3    The Settling Defendant shall make payment of any Court-awarded fees, costs, or

4  payments to the named Settlement Class Plaintiffs within ten (10) days of the Effective Date,

5  provided that the Settlement Class Plaintiffs' Counsel and the Settlement Class Plaintiffs each

6  shall be obligated to provide the Settling Defendant with a federal tax identification number or

7  social security number before their individual payment is made.

8      **8.    *Waiver of Right to Appeal Final Judgment***

9      8.1    Upon entry of the Final Settlement Approval and the Final Judgment, Settlement

10  Class Plaintiffs and members of the Settlement Class who made a purchase at a Ritz Camera

11  Centers Location during the Relevant Time Period using a credit card or debit card and who

12  received a receipt containing more than the last five digits of the credit card or debit card number

13  and/or the expiration date of the credit or debit card who reside in jurisdictions in which the

14  Published Notice was published, in which the In-Store Notice was displayed, or in which the On-

15  Line Notice was accessible, and who did not either Opt-Out or raise any proper written objection

16  to the proposed settlement terms on or before the Opt-Out Expiration Date either in person,

17  directly or through legal counsel, or in writing, fully, forever and finally waive, to the extent

18  permitted by law, any right to appeal the Final Judgment including each and every term therein.

19      **9.    *Settling Defendants' Option to Terminate Settlement Due To Opt-Out
20            Threshold***

21      9.1    The Settling Defendant may send the Settlement Class Plaintiffs' Counsel a

22  written notice of its intention to terminate the settlement set forth in this Stipulation (*i.e.*, a

23  "Termination Notice") if the Opt-Out Threshold has been reached. Any Termination Notice

24  shall include a short plain statement summarizing the Settling Defendant's basis for the belief

25  that the Opt-Out Threshold has been reached.

26      9.2    If Settlement Class Plaintiffs' Counsel dispute whether the Opt-Out Threshold has

27  in fact been reached, they shall make an application (on notice to the Court) to determine the

28  issue, provided that such application must be made no later than twenty (20) days after receipt by

-16-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

Settlement Class Plaintiffs' Counsel of the Termination Notice. In that event, the Court shall determine whether the Opt-Out Threshold has been reached. If no timely application has been made by Settlement Class Plaintiffs' Counsel, the settlement set forth in this Stipulation shall be void.

**10. Conditions to Settlement**

10.1 The settlement set forth in this Stipulation shall be operative conditioned on the occurrence of all of the following events:

10.1.1 Entry by the Court of the Notice Order as required by Paragraph 3.1 of this Stipulation;

10.1.2 If requested by either the Settlement Class Plaintiffs or the Settling Defendant, determination by the Court at the Final Settlement Approval Hearing that (a) the Opt-Out Threshold has not been reached, or (b) the Settling Defendant has waived its option to terminate the settlement pursuant to Paragraph 9.1 or (c) the legislation referred to in Paragraph 11.1 of this Stipulation has not been enacted into law;

10.1.3 Entry by the Court (or its clerk) of the Orders required for Preliminary Settlement Approval and Final Settlement Approval; and

10.1.4 Entry of the Final Judgment.

10.2 In the event that the settlement set forth in this Stipulation is not approved by the Court or is terminated or fails to become effective for any reason, this Stipulation and all negotiations and proceedings relating hereto shall be without prejudice as to the rights of any and all Settling Parties hereto, who shall be restored to their respective positions with respect to the *Hile* and *Andonian* Actions that existed immediately prior to July 26, 2007.

**11. Miscellaneous**

11.1 The Parties agree that in the event H.R. 4008 as currently proposed or substantially similar legislation is enacted into law prior to Final Judgment being entered herein, this Stipulation shall immediately become null and void, and this Stipulation and all negotiations and proceedings relating hereto shall be without prejudice as to the rights of any and all Settling

-17-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1  Parties hereto, who shall be restored to their respective positions with respect to the *Hile* and

2  *Andonian* Actions that existed immediately prior to July 26, 2007.

3       11.2  If the Court, at the hearings on preliminary approval or final approval, declines to

4  grant preliminary approval or final approval of the settlement due to the inclusion of Paragraph

5  11.1 in this Stipulation, then the Settling Defendant shall have the election, to be exercised

6  within three (3) business days after the Court makes its position known, either to proceed with

7  settlement without the provisions of Paragraph 11.1 or to withdraw from settlement.  In the event

8  the Settling Defendant elects to withdraw from settlement, this Stipulation and all negotiations

9  and proceedings relating hereto shall be without prejudice as to the rights of any and all Settling

10 Parties hereto, who shall be restored to their respective positions with respect to the *Hile* and

11 *Andonian* Actions that existed immediately prior to July 26, 2007.

12      11.3  <u>Mutual Cooperation</u>.  All Settling Parties hereto agree, subject to the terms hereof,

13 to exercise their best reasonable efforts and to take all reasonable steps necessary to effectuate

14 the settlement set forth in this Stipulation.  The Settling Parties agree that the settlement

15 embodied in this Stipulation is fair and reasonable as to all Settling Parties.

16      11.4  <u>Governing Law</u>.  This Stipulation is entered into in the State of California, and the

17 laws of the United States and the State of California (without regard to its choice of law rules)

18 shall govern its construction, enforcement and implementation.

19      11.5  <u>Ongoing Jurisdiction Over the Parties</u>.  All Settling Parties hereby consent to the

20 ongoing jurisdiction of this Court in the *Hile* and *Andonian* Actions over them for the limited

21 purposes of enforcing their obligations under this Stipulation.

22      11.6  <u>Construction of the Agreement</u>.  This Stipulation shall be construed and

23 interpreted to effectuate the intent of the Settling Parties, which is to provide, through this

24 Stipulation, for a complete resolution of the Settled Claims.  This Stipulation shall be deemed to

25 have been jointly drafted by the Settling Parties hereto, and, in construing and interpreting this

26 Stipulation, no provision of this Stipulation shall be construed or interpreted against any party

27 because such provision, or this Stipulation as a whole, was purportedly prepared or requested by

28 such party.

-18-

1       11.7    <u>Notices</u>.  All notices, requests, demands and other communications required or

2   permitted to be given pursuant to this Stipulation shall be in writing, and shall be delivered

3   personally, transmitted by facsimile or mailed, postage prepaid by first class mail, to the

4   undersigned persons at the following addresses, unless notified in writing of a change of address:

5

6       <u>Settlement Class Plaintiffs' Counsel</u>

7       KELLER GROVER LLP
    ERIC A. GROVER, SBN 136080

8       425 Second Street, Suite 500
    San Francisco, California 94107

9       Tel. (415) 543-1305/Fax (415) 543-7861

10      Attorneys for Plaintiff ZACHARY HILE
    and the PUTATIVE SETTLEMENT CLASS

11

12      MILSTEIN, ADELMAN & KREGER, LLP
    WILLIAM A. BAIRD, SBN 192675

13      LAUNA N. EVERMAN, SBN 227743
    2800 Donald Douglas Loop North

14      Santa Monica, California 90405
    Tel. (310) 396-9600/Fax (310) 396-9635

15      Attorneys for Plaintiff SHOGHER ANDONIAN

16      and the PUTATIVE SETTLEMENT CLASS

17      Settling Defendant's Counsel:

18      HOLLAND & KNIGHT LLP
    RICHARD T. WILLIAMS, SBN 52896

19      633 West Fifth Street, 21st Floor
    Los Angeles, California 90071

20      Tel. (213) 896-2400/Fax: (213) 896-2450

21      Attorneys for Defendant RITZ CAMERA CENTERS, INC.

22      11.8    <u>Warrants.</u>    The undersigned signatories to this Stipulation represent and

23  warrant that they are fully authorized to enter into and execute this Stipulation on behalf of the

24  respective parties.

25      11.9    <u>Counterparts.</u>  This Stipulation may be executed in one or more counterparts.  All

26  executed counterparts and each of them shall be deemed to be on and the same instrument.

27

28

                                -19-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1  **IN WITNESS HEREOF,** the parties hereto have executed this Stipulation, by their duly

2  authorized attorneys of record or agents, set forth below, as of the date and year first above

3  written.

4

5  DATED: April _11_, 2008                    By: _____

6                                             Plaintiff ZACHARY HILE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

DATED:  April 18, 2008

KELLER GROVER LLP

By: _____
ERIC A. GROVER

Attorneys for Plaintiff ZACHARY HILE

-21-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1

2   DATED: April 18, 2008                  **THIERMAN LAW FIRM**

3

4                                          By: _____
                                                  MARK R. THIERMAN
5

6                                          7287 Lakeside Drive
                                           Reno, Nevada 89511
7                                          Tel. (775) 284-1500
                                           Fax (775) 703-5027
8                                          laborlawyer@pacbell.net

9                                          Attorneys for Plaintiff ZACHARY HILE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

1

2    DATED: April 18, 2008                    LAW OFFICES OF SCOTT A. MILLER, A.P.C.

3
                                              By:  _Scott A. Miller /ss/_
4                                                    SCOTT A. MILLER

5                                             16133 Ventura Blvd. Suite 1200
6                                             Encino, California 91436
                                              Tel. (818) 788-8081
7                                             Fax (818) 788-8080
                                              millaw@sbcglobal.net
8
                                              Attorneys for Plaintiff ZACHARY HILE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -23-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

DATED: April 18, 2008                    STEVEN L. MILLER, A PLC

                                         By: _Steven L. Miller_____
                                                STEVEN L. MILLER

                                         16133 Ventura Blvd. Suite 1200
                                         Encino, California 91436
                                         Tel. (818) 986-8900
                                         Fax (818) 990-7900
                                         stevenlmiller@sbcglobal.net

                                         Attorneys for Plaintiff ZACHARY HILE

-24-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

DATED: April 12, 2008

By: _____
Plaintiff SHOGHER ANDONIAN

-25-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1  DATED: April 12, 2008                 **MILSTEIN, ADELMAN & KREGER, LLP**

2

3                                        By:  _Launa N._____

4                                               WILLIAM A. BAIRD
                                                LAUNA N. EVERMAN

5                                        Attorneys for Plaintiff SHOGHER ANDONIAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1  DATED: April 12, 2008          **RITZ CAMERA CENTERS, INC.**

2

3                                 By: _Curtis J. Scheel_

4                                 (Print Name) _Curtis J. Scheel_

5                                 Title _President & COO_

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

1    DATED: April 14, 2008                 **HOLLAND & KNIGHT LLP**

2

3                                By: _____

4                                     RICHARD T. WILLIAMS
                                  Attorneys for Defendant RITZ CAMERA

5                                   CENTERS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT
CASE NO. 07-0716 SBA

# Exhibit A

# Exhibit A

1  Eric A. Grover (SBN 136080)
   **KELLER GROVER LLP**
2  425 Second Street, Suite 500
   San Francisco, CA 94107
3  Telephone: (415) 543-1305
   Facsimile: (415) 543-7861
4  eagrover@kellergrover.com

5  Attorneys for Plaintiff Zachary Hile

6  William A. Baird (SBN 192675)
   Launa N. Everman (SBN 227743)
7  **MILSTEIN, ADELMAN & KREGER, LLP**
   2800 Donald Douglas Loop North
8  Santa Monica, California 90405
   Telephone: (310) 396-9600
9  Facsimile: (310) 396-9635
   tbaird@maklawyers.com
10

11 Attorneys for Plaintiff Shogher Andonian

12 *[Additional Counsel Listed on Signature Page]*

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15 ZACHARY HILE, on behalf of himself      )  Case Nos.: CV-07-00716 SBA
   and all others similarly situated,      )  and CV 07-2349 GAF
16                                          )
17        Plaintiff,                        )  **[PROPOSED] FINAL JUDGMENT**
                                            )  **AND ORDER OF DISMISSAL WITH**
18     v.                                   )  **PREJUDICE**
                                            )
19 RITZ CAMERA CENTERS, INC.,               )
                                            )
20        Defendant.                        )
                                            )
21 ─────────────────────────────           )
                                            )
22 SHOGHER ANDONIAN, individually           )
   and on behalf of all others similarly   )
   situated,                               )
23                                          )
24        Plaintiff,                        )
                                            )
25     v.                                   )
                                            )
26 RITZ CAMERA CENTERS, INC., a             )
   Delaware corporation; and DOES 1        )
27 though 10, inclusive,                    )
                                            )
28        Defendants.                       )

                                -1-
   [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
   Case No. 07-716 SBA

**[PROPOSED] ORDER**

Good cause appearing, the Court HEREBY ORDERS THE FOLLOWING:

1.      The Court, for purposes of this order (the "Order"), adopts all defined terms as set forth in the Stipulation;

2.      The Court approves the settlement as set forth in the Stipulation as fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure;

3.      The Court hereby approves and orders that the total amount of $765,000.00 is the amount of reasonable attorneys' fees that should be paid to Class Counsel for the work completed and to be completed and orders reimbursement of costs in the amount of $18,000.00, and hereby authorizes payment of said amounts in accordance with the Stipulation.  The Court further orders that the attorneys' fee award set forth in this paragraph shall be administered pursuant to the terms of the Stipulation;

4.      The Court hereby approves and orders incentive payments to plaintiffs Zachary Hile and Shogher Andonian in the amount of $1,000 each as compensation for their work and efforts on behalf of the Class;

5.      The Court dismisses the Complaints on the merits and with prejudice and, except as approved by the Court and provided herein, without costs or attorneys' fees to either of the Settling Parties;

6.      The Court adjudges that the Settling Plaintiffs have released any and all claims against the Settling Defendant as set forth in Paragraph 1.17 of the Stipulation;

7.      The Court permanently enjoins all Settling Plaintiffs from filing, prosecuting or otherwise pursuing any and all Settled Claims against the Settling Defendant;

8.      The Court permanently enjoins Settlement Class Plaintiffs and members of the Settlement Class who made a purchase at a Ritz Camera Centers Location during the Relevant Time Period using a credit card or debit card and who received a receipt containing more than the last five digits of the credit card or debit card number and/or the expiration date of the credit or debit card who reside in jurisdictions in which the Published Notice was published, in which

-2-

the In-Store Notice was displayed, or in which the On-Line Notice was accessible, and who did not either Opt-Out or raise any proper written objection to the proposed settlement terms on or before the Opt-Out Expiration Date either in person, directly or through legal counsel, or in writing from filing, prosecuting or otherwise pursuing any appeal of the Final Judgment, to the extent permitted by law;

9.     Because there is no just reason for delay, the Court directs that the clerk of the Court enter the Final Judgment forthwith as a final judgment pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure; and

10.    Without affecting the finality of the Final Judgment, the Court reserves continuing jurisdiction over the Settling Parties for the purposes of: (a) implementation of the settlement set forth in this Stipulation; and (b) enforcing and administering the settlement and any Court orders relating to the settlement.

**IT IS SO ORDERED.**

DATE: _____, 2008

_____
**Honorable Saundra B. Armstrong**
Judge of the United States District Court,
Northern District

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 07-716 SBA

# Exhibit B

# Exhibit B

## CLAIM FORM

To receive an Award Certificate Settlement Package, you must return this completed Claim Form by
_____, 2008 to:

Ritz Camera Centers Claims Administrator
P.O. Box XXXX
CITY, STATE ZIP CODE
Toll Free: 1-8XX-XXX-XXXX
www.ritzpix.com

### THIS FORM MAY BE SUBMITTED BY MAIL OR VIA THE INTERNET

### I. Credit Card or Debit Card Receipt Confirmation

No more than one Claim Form may be submitted by a single Class Member.

Location(s) of Ritz Camera Centers retail store at which you received an electronically-printed credit or debit card receipt between December 4, 2006 and April 9, 2007: _____.

The approximate date(s) on which you received such a receipt(s): _____.

To your recollection, provide a general description of item(s) purchased for which you received such a receipt: (Check one or more)
____Camera: _____
____Lens: _____
____Digital Memory Device: _____
____Prints and Imaging Products: _____
____Other: _____

### II. Award Election – You may only choose one - Option A –or— Option B

Option A.     I elect to receive a $15.00 Award Certificate          Yes   ☐

Option B.     I elect to receive a $1.00 cash payment.               Yes   ☐

If you fail to choose **or** if you select both options, you will receive Option A.

### III. Signature and Release

I declare under penalty of perjury under the laws of the United States that the information contained within this claim form is true and correct. Furthermore, my signature constitutes a full and complete release of Ritz Camera Centers, Inc. for the Settled Claims in the cases filed in the District Courts for the Northern and Central Districts of California and designated as Case Nos. CV 07-0716 SBA and CV 07-2349 GAF.

Dated: ___ ___ / ___ ___ / ___ ___ ___ ___      _____
                                                  Print Name


                                                  _____
                                                  Signature

Phone: _____     Complete Mailing Address:

E-mail: _____     _____

_____

Mail the completed Claim Form to the Claims Administrator at the address above postmarked by no later than _____, 2008 or submit a Claim Form via the internet by no later than _____, 2008 by following the instructions at www.ritzpix.com.

# Exhibit C

# Exhibit C

Legal Notice

# If You Made A Purchase With Your Credit or Debit Card From Ritz Camera Centers You May Benefit From A Class Action Settlement

You may be entitled to benefits from a Proposed Class Action Settlement if you made an in-store purchase by credit or debit card at a Ritz Camera Centers retail location anytime between December 4, 2006 and April 9, 2007. This Notice is only a summary. For more information and to obtain a copy of the full Notice, you should visit the Settlement Webpage on the Ritz Camera Centers website (www.ritzpix.com) or call the toll-free number listed below.

## What is the Case About?

Two class action lawsuits claim that Ritz Camera Centers violated the federal Fair and Accurate Credit Transactions Act by printing the expiration date on debit and credit card receipts at its retail locations between December 4, 2006 and April 9, 2007. No allegations of damage or financial injury have been made; no invasions of privacy or disclosure of personal information to third persons have been alleged or are known to have occurred.

## Am I a Settlement Class Member?

You are a Settlement Class Member if you made an in-store purchase by credit or debit card at a Ritz Camera Centers retail location anytime between December 4, 2006 and April 9, 2007 and were provided with an electronically printed receipt at the point of sale or transaction which displayed (1) more than the last five digits of the credit or debit card number, and/or (2) the expiration date of the credit or debit card.

A full list of the retail locations is available on the Settlement Webpage on the Ritz Camera Centers website (www.ritzpix.com) or by calling the toll-free number below.

## What are the Terms of the Proposed Settlement?

Ritz Camera Centers has agreed to provide "Award Certificate Settlement Packages" to Settlement Class Members submitting valid Claim Forms. At the option of each Settlement Class Member who submits a valid Claim Form, each Award Certificate Settlement Package includes either:

- A $15 Award Certificate that may be applied against the in-store purchase of: (1) any camera or lens with a pretax price, after all other applicable discounts, allowances and rebates, of $100 or more or (2) any digital memory product with a pretax price, after all other applicable discounts, allowances and rebates, of $50 or more (3) any images or imaging products with a pretax price,

after all other applicable discounts, allowances and rebates, of $40 or more. Each Award Certificate shall be freely transferable and will be valid for one year after the date of issuance.

OR
- A cash payment of $1.00.

If, after the expiration of the claims period, fewer than 170,000 valid claims have been submitted, then the Claims Administrator will calculate the dollar value of a Supplemental Award Certificate and, Settlement Class Member who submitted a valid claim and who elected to receive an Award Certificate shall also receive one Supplemental Award Certificate. For details of the calculation, see the Stipulation of Settlement.

## Who represents me?

The law firms of Keller Grover LLP, Thierman Law Firm, Steven L. Miller, A Professional Law Corporation, Scott A. Miller, A.P.C. and Milstein, Adelman & Kreger, LLP represent all Settlement Class Members. They will request that the Court award attorneys' fees and costs of no more than $783,000. The lawyers will also request that the two (2) named representatives split an incentive award of no more than $2,000 for their service to the Settlement Class.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## What are my choices?

- **You can make a Claim** for an Award Certificate Settlement Package. If you stay in the Class and make a claim, you agree never to sue Ritz Camera Centers for the Settled Claims in this case. No more than one Claim Form may be submitted by a single Settlement Class Member. Your Claim Form must be postmarked by **[Month Date, Year]**, or, if you elect to submit a claim via the internet, your Claim Form must be submitted by **[Month Date, Year].**
- **You can ask to be excluded** from the Settlement Class. If you exclude yourself, you cannot make a claim but you keep the right to sue Ritz Camera Centers in the future. To exclude yourself, you must send a letter to the Claims Administrator postmarked by **[Month Date, Year]. If you exclude yourself, you will not receive any Award Certificate or cash payment under this Proposed Settlement.**

**To obtain the full Notice, a Claim Form, or obtain other information
Visit: www.ritzpix.com    Call: 1-888-XXX-XXXX
Or Write to: Claims Administrator, P.O. Box XXXX, City, State Zip**

- **You can tell the Court if you object to this Proposed Settlement** or some part of it. To object or comment, you must send a letter to the Claims Administrator for delivery to the Court and counsel explaining your objection. All objections and other comments must be postmarked to the Claims Administrator no later than **[Month Date, Year].**
- **You can speak at the Hearing** on your own or through your own attorney (at your expense). To do this, you must file a Notice of Appearance with the Court.

For more details on how make a Claim, Exclusion/Opt-Out, Object or file a Notice of Appearance, please read the full Notice, which is available at www.website.com.

**Will the Court Approve the Proposed Settlement?**
The Court will hold a Final Approval Hearing on **[Month Date, Year at Time]** to consider whether the Proposed Settlement is fair, reasonable, and adequate. The Court will also consider the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time. The hearing will take place in Courtroom 3 of the United States District Court for the Northern District of California, 1301 Clay Street, 3rd Floor, Oakland, California, 94612.

**To obtain the full Notice, a Claim Form, or obtain other information**
**Visit: www.ritzpix.com   Call: 1-888-XXX-XXXX**
**Or Write to: Claims Administrator, P.O. Box XXXX, City, State Zip**

# Exhibit D

# Exhibit D

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>Defendant. | Case Nos. CV 07-00716 SBA and CV 07-2349 GAF<br><br>The Honorable Saundra B. Armstrong |
| SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | |

## CLASS ACTION SETTLEMENT NOTICE

### READ THIS NOTICE CAREFULLY,
### YOUR LEGAL RIGHTS MAY BE AFFECTED

You may be entitled to a benefit under the terms of this Proposed Class Action Settlement. Please read the rest of this Notice to find out more.

### What is the Case About?

There are two class action lawsuits which have alleged that Ritz Camera Centers violated the federal Fair and Accurate Credit Transactions Act by printing the expiration date on debit and credit card receipts. The first complaint, *Hile v. Ritz Camera Centers, Inc.*, Case No. CV 07-00716, was filed on February 2, 2007. The second complaint, *Andonian v. Ritz Camera Centers, Inc.*, Case No. CV 07-2349, was filed on April 9, 2007. No allegations of damage or financial injury have been made; no invasions of privacy or disclosure of personal information to third persons have been alleged or are known to have occurred.

- 1 -

## Am I a Class Member?

You are a Settlement Class Member if you made an in-store purchase by credit or debit card at a Ritz Camera Centers retail location anytime between December 4, 2006 and April 9, 2007 and were provided with an electronically-printed receipt at the point of sale or transaction, which displayed the card expiration date or more than five digits of the card number.

## What are the Benefits Provided in the Proposed Settlement?

Ritz Camera Centers has agreed to provide "Award Certificate Settlement Packages" to Settlement Class Members submitting valid Claim Forms. At the option of each Settlement Class Member who submits a valid Claim Form, each Award Certificate Settlement Package includes either:

- A $15 Award Certificate that may be applied against the in-store purchase of: (1) any camera or lens with a pretax price, after all other applicable discounts, allowances and rebates, of $100 or more or (2) any digital memory product with a pretax price, after all other applicable discounts, allowances and rebates, of $50 or more (3) any images or imaging products with a pretax price, after all other applicable discounts, allowances and rebates, of $40 or more. Each Award Certificate shall be freely transferable and will be valid for one year after the date of issuance.

OR

- A cash payment of $1.00.

If, after the expiration of the claims period, fewer than 170,000 valid claims have been submitted, then the Claims Administrator will calculate the dollar value of a Supplemental Award Certificate by multiplying $15 by a fraction, the numerator of which is 170,000 and the denominator of which is the actual number of valid claims submitted, and subtracting $15 from the result. If fewer than 170,000 valid claims have been submitted, each authorized claimant who elected to receive an Award Certificate shall also receive one Supplemental Award Certificate. (For example, if there are only 100,000 valid claims at the expiration of the claims period, each Class Member who submitted a valid claim and elected to receive an Award Certificate also would receive a $10.50 Supplemental Award Certificate, calculated as follows: 170,000/100,000 = 1.7 x $15 = $25.50 - $15 = $10.50.)

For additional terms, please see the Stipulation of Settlement (go to "Where To Get Additional Information" below).

## Do I Have a Lawyer in this Case?

The law firms of Keller Grover LLP, Thierman Law Firm, Steven L. Miller, A Professional Law Corporation, Scott A. Miller, A.P.C. and Milstein, Adelman & Kreger, LLP represent all Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

QUESTIONS? Visit www.website.com or call 1-8XX-XXX-XXXX

## How Will the Lawyers be Paid?

Settlement Class Plaintiffs' Counsel will request that the Court award attorneys' fees and costs of no more than $783,000. The lawyers will also request that the two (2) named representatives split an incentive award of no more than $2,000 for their service to the Settlement Class. These amounts will be paid by Ritz Camera Centers and will in no way affect the settlement benefits available to the Class Members.

## Settlement Class Member Options

You have the following options:

1.     You Can Submit a Claim Form. If you stay in the Class and make a claim, you agree to never sue Ritz Camera Centers for the Settled Claims in this case. No more than one Claim Form may be submitted by a single Settlement Class Member. Your Claim Form must be postmarked by **[Month Date, 2008]**, or, if you elect to submit a claim via the internet, your Claim Form must be submitted by **[Month Date, 2008]**.

2.     You Can Ask to be Excluded from the Settlement Class. If you exclude yourself, you cannot make a claim but you keep the right to sue Ritz Camera Centers in the future. **If you exclude yourself, you will not receive any Award Certificate or cash payment under the Proposed Settlement.** To exclude yourself from the Settlement, you must send a Request for Exclusion to the Claims Administrator stating: "I want to be excluded from the Settlement in *Hile/Andonian v. Ritz Camera Centers*, Case Nos. CV-07-00716 and CV 07-2349." You must also include your name, address, telephone number and signature. The Request for Exclusion must be postmarked by **[Month Date, 2008]** and be sent to **Claims Administrator, c/o _____, P.O. Box _____, City, State Zip.**

3.     You May Object to the Settlement. If you wish to object to the proposed settlement or any aspect of it, you may send a letter stating that you object to the proposed settlement in *Hile/Andonian v. Ritz Camera Centers, Inc.*, Case Nos. CV-07-00716 and CV 07-2349. Be sure to include your name, address, telephone number, signature and the reasons you object to the Settlement. Objections must be must be postmarked by **[Month Date, 2008]** and be sent to **Claims Administrator** for filing with the Court and delivery to Settlement Class Plaintiffs' Counsel and Defendant's Counsel:

RITZ CAMERA CENTERS INC. CLAIMS ADMINISTRATOR
P.O. Box ___
City, State, Zip

4.     You Can Speak at the Hearing on your own or through your own attorney (at your own expense). If you wish to speak at the Fairness Hearing, you must send a letter stating that it is your "Notice of Intention to Appear in *Hile/Andonian v. Ritz Camera Centers, Inc.*, Case Nos. CV-07-00716 and CV 07-2349." Be sure to include you name, address, telephone number and signature. Your Notice of Intention to Appear must be received by the Court, Plaintiffs' Counsel and Defense Counsel at the addresses listed below no later than **[Month, Day 2008]**.

QUESTIONS?  Visit www.website.com or call 1-8XX-XXX-XXXX

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court for the Honorable Saundra B. Armstrong United States District Court for the Northern District of California 1301 Clay Street, 3rd Floor Oakland, CA 94612 | Eric A. Grover, Esq. KELLER GROVER LLP 425 Second Street, Suite 500 San Francisco, CA 94107 | Richard T. Williams, Esq. HOLLAND & KNIGHT LLP 633 West Fifth Street 21st Floor Los Angeles, CA 90071 |

5.    <u>You Can Do Nothing.</u>  If you take no action, your interest as a member of the Settlement Class will be represented by the Plaintiffs and Class Counsel without any charge to you.  You will be bound by any judgment approving or disapproving the settlement.  If you do not submit a Claim Form, **you will not receive any Award Certificate or cash payment under this Proposed Settlement and you cannot sue or be part of any other lawsuit against Ritz Camera Centers for the claims covered by the Settlement.**

## Release of Claims

If you do not exclude yourself from the Settlement Class and the Settlement is given final approval by the Court, all claims of the class defined above will be released against all released parties whether or not you submit a Claim Form or receive any benefit under the proposed settlement.

The released parties are Ritz Camera Centers, Inc. and each of its parents, subsidiaries, affiliates and the directors, officers, employees, partners, agents, attorneys, auditors, affiliates, heirs, executors, representatives, insurers, predecessors, successors and assigns of any of the aforementioned entities.

The claims that will be released are any and all rights, claims, causes of action and demands of every nature and kind whatsoever based on alleged violations of 15 U.S.C. § 1681n(a)(1)(A) and (a)(2), including without limitation, for damages, economic losses or restitution, known or unknown, which any of the Settling Plaintiffs ever had, now has or may in the future have on the basis of, connected with, arising out of, or related in whole or in part to credit card receipts printed between December 4, 2006 and April 9, 2007 at Ritz Camera Center Locations that display more than the last five (5) digits of a Settling Plaintiff's credit or debit card number and/or (2) the credit or debit card's expiration date on the receipt.

## Hearing on the Proposed Settlement and Your Options

The Court will hold a Final Approval Hearing on [**Month Date, Year at Time**] to consider whether to give final approval to the proposed settlement.  The Court will also consider the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time. The hearing will take place in Courtroom 3 of the United States District Court for the Northern District of California, 1301 Clay Street, 3rd Floor, Oakland, California, 94612.

Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court.

QUESTIONS?  Visit www.website.com or call 1-8XX-XXX-XXXX

## How to Obtain Additional Information

This Notice summarizes the proposed Settlement. More details are contained in the Stipulation of Settlement. Copies of the Stipulation of Settlement and the pleadings and other documents relating to the case are available on the webpage or website at www.ritzpix.com and also are on file at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, 94612, where they may be examined and copied at any time during regular office hours.

To get more information concerning this Settlement, you may visit the Settlement webpage or website at www.ritzpix.com or you may call or write to the Claims Administrator, **P.O. Box _____, City, State Zip**, or telephone 1-8XX-XXX-XXXX. **DO NOT CONTACT THE CLERK OF THE COURT OR RITZ CAMERA CENTERS.**

## How to Make a Claim

In order to receive any benefits to which you may be entitled under the Settlement in this case, you must complete and submit the Claim Form. You may mail the completed Claim Form to **Claims Administrator, c/o _____, P.O. Box _____, City, State Zip** postmarked no later than [**Month, Date 2008**] or submit a Claim Form via the internet by no later than [**Month, Date 2008**] by following the instructions at www.ritzpix.com.

If you fail to submit your Claim Form on or before the date listed above, your claim will be rejected and you will be precluded from receiving any benefits from the settlement of this litigation. A Claim Form will be deemed submitted when postmarked or, if submitted via the internet, on the date submitted.

To be valid, a Claim Form must be signed under penalty of perjury by the holder of the credit card and/or debit card who received an electronically-printed receipt displaying the card expiration date at a Ritz Camera Centers retail location between December 4, 2006 and April 9, 2007 or, if submitted via the internet, acknowledged as under penalty of perjury.

If you change your address or telephone number after submitting a Claim Form, please notify the **Claims Administrator, c/o _____, P.O. Box _____, City, State Zip.**

QUESTIONS?  Visit www.website.com or call 1-8XX-XXX-XXXX

# Exhibit E

# Exhibit E

## Frequently Asked Questions

**1.     What is a class action?**

In a class action, one or more people sue on behalf of people who have alleged similar claims. All these people are a Class or Class Members. The people who sued are called Plaintiffs, and the company they sue is called the Defendant. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**2.     Who are the Plaintiffs and the Defendant in this class action?**

This proposed Settlement is between the following parties: Plaintiffs ZACHARY HILE and SHOGHER ANDONIAN, individually and on behalf of the Settlement Class ("Settlement Class Plaintiffs"), and Defendant RITZ CAMERA CENTERS, INC. ("Defendant") and their respective counsel of record in the cases entitled *Hile v. Ritz Camera Centers, Inc.*, Case No. CV-07-00716 and *Andonian v. Ritz Camera Centers, Inc.*, Case No. CV-07-2349 (collectively "Lawsuit" or "Action"). This proposed Settlement is subject to court approval.

**3.     What is this Lawsuit about?**

Plaintiffs allege that Ritz Camera Centers, Inc., violated the federal Fair and Accurate Credit Transactions Act at its retail locations by printing the card expiration date on debit and credit card receipts between December 4, 2006 and April 9, 2007. No allegations of damage or financial injury have been made; no invasions of privacy or disclosure of personal information to third persons have been alleged or are known to have occurred.

While the Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Lawsuit and believes that it has valid defenses to Settlement Class Plaintiffs' claims, the Defendant has determined that the Settlement is fair, adequate, and reasonable and that it is in the best interests of the Defendant and the Settlement Class.

**4.     Why is there a Settlement?**

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. In this way, they avoid the cost of a trial, and Settlement benefits go to the Settlement Class Members. The Plaintiffs and the attorneys think the Settlement is best for the Class Members.

**5.     Am I a Settlement Class Member?**

You are a Settlement Class Member if you made an in-store purchase by credit or debit card at a Ritz Camera Centers retail location anytime between December 4, 2006 and April 9, 2007 and were provided with an electronically-printed receipt at the point of sale or transaction that displayed the expiration date of the card or more than five digits of the card number.

**6.      What benefits does the Settlement provide to Settlement Class Members?**

Ritz Camera Centers has agreed to provide "Award Certificate Settlement Packages" to Settlement Class Members submitting valid Claim Forms. At the option of each Settlement Class Member who submits a valid Claim Form, each Award Certificate Settlement Package includes either:

- A $15 Award Certificate that may be applied against the in-store purchase of: (1) any camera or lens with a pretax price, after all other applicable discounts, allowances and rebates, of $100 or more or (2) any digital memory product with a pretax price, after all other applicable discounts, allowances and rebates, of $50 or more (3) any images or imaging products with a pretax price, after all other applicable discounts, allowances and rebates, of $40 or more. Each Award Certificate shall be freely transferable and will be valid for one year after the date of issuance.

OR

- A cash payment of $1.00.

If, after the expiration of the claims period, fewer than 170,000 valid claims have been submitted, then the Claims Administrator will calculate the dollar value of a Supplemental Award Certificate by multiplying $15 by a fraction, the numerator of which is 170,000 and the denominator of which is the actual number of valid claims submitted, and subtracting $15 from the result. If fewer than 170,000 valid claims have been submitted, each authorized claimant who elected to receive an Award Certificate shall also receive one Supplemental Award Certificate. (For example, if there are only 100,000 valid claims at the expiration of the claims period, each Class Member who submitted a valid claim and elected to receive an Award Certificate also would receive a $10.50 Supplemental Award Certificate, calculated as follows: 170,000/100,000 = 1.7 x $15 = $25.50 - $15 = $10.50.)

**7.      How do I obtain a Claim Form and submit it to become a Settlement Class Member?**

You may complete a Claim Form on this webpage or website or download a Claim Form from this website, or request a Claim Form be mailed to you by calling toll-free, 1-8XX-XXX-XXXX.

In order to receive any benefits to which you may be entitled under the Settlement in this case, you must complete and submit the Claim Form. You may mail the completed Claim Form to Claims Administrator, c/o _____, P.O. Box _____, City, State Zip postmarked no later than Month dd, 2008 or submit a Claim Form via the internet no later than Month dd, 2008 by following the instructions at www.ritzpix.com.

If you fail to submit your Claim Form on or before the dates listed above, your claim will be rejected and you will be precluded from receiving any benefits from the settlement of this litigation. A Claim Form will be deemed submitted when postmarked or, if submitted via the internet, on the date submitted.

To be valid, a Claim Form must be filled out and signed under penalty of perjury by the holder of the credit card and/or debit card who received an electronically-printed receipt between December 4, 2006 and April 9, 2007 or, if submitted via the internet, acknowledged as under penalty of perjury.

## 8.  When will I get my Award Certificate Settlement Package?

The Court will hold a hearing on Month dd, 2008 at XX:XX x.m. to decide whether to approve the Settlement. If the Court approves the Settlement and there are no appeals, you will receive your Award Certificate within 45 days after entry of the Final Judgment following the Final Approval Hearing. Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, and in some cases appeals have taken more than a year to resolve. If there is an appeal, no claims will be paid until it is resolved and the Settlement receives final approval by the Court.

## 9.  What am I giving up to receive the Settlement Benefits or to stay in the Class?

Unless you exclude yourself (see the next section), you will be a Settlement Class Member, whether or not you file a claim. As a Settlement Class Member, you cannot sue or be part of any other lawsuit against the Defendant relating to the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you agree to release Defendant from all "Settled Claims", the legal claims that you are giving up.

"Settled Claims" means any and all rights, claims, causes of action and demands of every nature and kind whatsoever based on alleged violations of 15 U.S.C. § 168n(a)(1)(A) and (a)(2), including without limitation, for damages, economic losses or restitution, known or Unknown, which any of the Settling Plaintiffs ever had, now has or may in the future have on the basis of, connected with, arising out of, or related in whole or in part to credit card receipts printed between December 4, 2006 and April 9, 2007 at Ritz Camera Center Locations that display more than the last five (5) digits of a Settling Plaintiff's credit or debit card number and/or (2) the credit or debit card's expiration date on the receipt.

## 10.  How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a Request for Exclusion letter by mail stating: "I want to be excluded from the Settlement in *Hile/Andonian v. Ritz Camera Centers, Inc.*, Case Nos. CV 07-00716 and CV 07-2349." You must also include your name, address, telephone number, and signature. The Request for Exclusion must be postmarked by Month dd, 2008 and be sent to the Claims Administrator, c/o _____, P.O. Box _____, City, State Zip.

**11.    If I don't exclude myself, can I sue the Defendant for the same thing later?**

If you do not submit a valid and timely Request for Exclusion on or before Month dd, 2008, you will be bound by all terms of the Settlement and any Final Judgment entered in this Lawsuit if the Settlement is approved by the Court.

**12.    If I exclude myself, can I get benefits from this Settlement?**

If you properly exclude yourself from the Settlement, you will not be entitled to any benefits from the Settlement, will not be bound by the Settlement, and will not have any right to object, appeal, or comment about the Settlement.

**13.    Do I have a lawyer in this case?**

The law firms of Keller Grover LLP, Thierman Law Firm, Steven L. Miller, A Professional Law Corporation, Scott A. Miller, A.P.C. and Milstein, Adelman & Kreger, LLP represent all Settlement Class Members.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will the lawyers be paid?**

Settlement Class Plaintiffs' Counsel has devoted substantial time and resources to this litigation and has pursued this litigation on behalf of the Settlement Class without receiving any compensation, or assurance of compensation, for their services rendered or reimbursement for expenses. At the Final Approval Hearing, Settlement Class Plaintiffs' Counsel will apply for attorneys' fees and expenses in an amount not to exceed $783,000.00. The lawyers will also request that the two (2) named representatives split an incentive award of no more than $2,000 for their service to the Settlement Class. Such amounts, if approved by the Court, will not reduce the amount available to the Settlement Class Members.

**15.    How do I tell the Court that I don't like the Settlement?**

Only Settlement Class Members may object to the Settlement.  If you wish to object to the Settlement, you must do so in writing.  Written objections must: (1) state the basis of the objection; and (2) state the case name and case number (*Hile/Andonian v. Ritz Camera Centers, Inc.*, Case Nos. CV 07-00716 and CV 07-2349).  You must mail your Objection to the Claims Administrator, for filing with the Court and delivery to Settlement Class Plaintiffs' Counsel and Defense Counsel, at the address shown below postmarked no later than Month dd, 2008.

If you object to the Settlement (and do not exclude yourself from the Settlement as described above) and the Court approves the Settlement, you will remain a member of the Settlement Class and will be entitled to receive the settlement benefits, provided that you complete and timely submit a Claim Form.

Settlement Class Members who do not timely file and serve a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

Objections must be mailed to the Claims Administrator at the address below, for filing with the Court and delivery to Settlement Class Plaintiffs' Counsel and Defense Counsel, by no later than Month dd, 2008:

RITZ CAMERA CENTERS INC. CLAIMS ADMINISTRATOR
P.O. Box _____
City, State, Zip

## 16.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on Month dd, 2008 at XX:XX x.m. to consider whether to give final approval to the proposed Settlement.  The Court will also consider the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at that time. The hearing will take place in Courtroom 3 of the United States District Court for the Northern District of California, 1301 Clay Street, 3rd Floor, Oakland, California, 94612 before the Honorable Saundra B. Armstrong.

## 17.    Do I have to come to the hearing?

No.  Plaintiffs' Counsel will answer questions the Judge may have.  You are welcome, however, to attend at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as your written objection was received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 18.    May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Hile/Andonian v. Ritz Camera Centers, Inc.*, Case Nos. CV-07-00716 and CV-07-2349."  Be sure to include your name, address, telephone number and signature.  Your Notice of Intention to Appear must be received by the Court, Plaintiffs' Counsel and Defense Counsel at the addresses listed below in no later than Month dd, 2008.  You cannot speak at the hearing if you have excluded yourself:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court for the Honorable Saundra B. Armstrong United States District Court for the Northern District of California 1301 Clay Street, 3rd Floor Oakland, CA 94612 | Eric A. Grover, Esq. KELLER GROVER LLP 425 Second Street, Suite 500 San Francisco, CA 94107 | Richard T. Williams, Esq. HOLLAND & KNIGHT LLP 633 West Fifth Street 21st Floor Los Angeles, CA 90071 |

**19.    What happens if I do nothing at all?**

If you do nothing, you will receive no benefits from this Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant about the legal issues in this case ever again.

**20.    Are there more details about the Settlement?**

Additional details regarding the Settlement are contained in the Stipulation of Settlement. Copies of the Stipulation of Settlement and the pleadings and other documents relating to the case are available on the website or webpage at www.ritzpix.com and are also on file at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, 94612, where they may be examined and copied at any time during regular office hours.

**21.    How do I get more information?**

To get more information concerning the Settlement, you may also visit the Settlement webpage or website at www.ritzpix.com or you may call or write to the Ritz Camera Centers Inc. Claims Administrator, P.O. Box _____, City, State Zip, or by telephoning 1-8XX-XXX-XXXX.  **DO NOT CONTACT THE CLERK OF THE COURT OR RITZ CAMERA CENTERS.**

# Exhibit F

# Exhibit F

1  Eric A. Grover (SBN 136080)
   **KELLER GROVER LLP**
2  425 Second Street, Suite 500
   San Francisco, CA 94107
3  Telephone: (415) 543-1305
   Facsimile: (415) 543-7861
4  eagrover@kellergrover.com

5  Attorneys for Plaintiff Zachary Hile

6  William A. Baird (SBN 192675)
   Launa N. Everman (SBN 227743)
7  **MILSTEIN, ADELMAN & KREGER, LLP**
8  2800 Donald Douglas Loop North
   Santa Monica, California 90405
9  Telephone: (310) 396-9600
   Facsimile: (310) 396-9635
10 tbaird@maklawyers.com

11 Attorneys for Plaintiff Shogher Andonian

12 *[Additional Counsel Listed on Signature Page]*

13            **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA**

15 ZACHARY HILE, on behalf of himself          ) Case Nos.: CV-07-00716 SBA
   and all others similarly situated,          ) and CV 07-2349 GAF
16                                              )
17       Plaintiff,                            ) **[PROPOSED] ORDER GRANTING**
                                                ) **PRELIMINARY APPROVAL OF**
18       v.                                     ) **CLASS ACTION SETTLEMENT**
                                                )
19 RITZ CAMERA CENTERS, INC.,                   )
                                                )
20       Defendant.                            )
                                                )
21 ─────────────────────────────               )
   SHOGHER ANDONIAN, individually              )
22 and on behalf of all others similarly        )
   situated,                                    )
23                                              )
         Plaintiff,                            )
24                                              )
         v.                                     )
25                                              )
   RITZ CAMERA CENTERS, INC., a                 )
26 Delaware corporation; and DOES 1             )
   though 10, inclusive,                        )
27                                              )
         Defendants.                           )
28 ─────────────────────────────               )

                              -1-

The Court has received the Joint Stipulation of Class Action Settlement ("Stipulation"),
entered into by and between (1) plaintiffs Zachary Hile and Shogher Andonian ("Plaintiffs" or
"Class Representatives"), on behalf of themselves and all other similarly situated (the "Class"),
and (2) defendant Ritz Camera Centers, Inc. ("Defendant").  The Court, having reviewed the
Stipulation and the exhibits attached thereto and the papers submitted in support of Plaintiffs'
Motion for Preliminary Approval of Class Action Settlement and good cause appearing,
HEREBY ORDERS THE FOLLOWING:

1.      The Court, for purposes of this order (the "Order"), adopts all defined terms as set
forth in the Stipulation;

2.      The Court grants preliminary approval of the Settlement based upon the terms set
forth in the Stipulation.  The Settlement appears to be fair, reasonable, and adequate to the Class;

3.      The Court orders that the following Settlement Class is preliminarily certified for
settlement purposes only:  All individual consumers in the United States of America who,
between December 4, 2006 and April 9, 2007, used a credit or debit card for a transaction at a
Ritz Camera Centers Location and were provided at the point of sale or transaction with an
electronically-printed receipt which displayed (1) more than the last five digits of the credit or
debit card number, and/or (2) the expiration date of the credit or debit card;

4.      The Court finds that the above-defined Class meets all the requirements for class
certification.  The Court further finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2)
are satisfied as (a) the Class Members are so numerous that joinder is impracticable, (b) there are
questions of law and fact common to the Class Members which predominate over any individual
questions, (c) the claims of the Class Representatives are typical of the claims of the Class
Members, (d) the Class Representatives and their counsel have fairly and adequately represented
and protected the interests of the Class Members and will continue to do so, and (e) a class action
is superior to other available methods for the fair and efficient adjudication of the controversy;

5.      The Court appoints Eric A. Grover of Keller Grover LLP, Mark R. Thierman of
Thierman Law Firm, Scott A. Miller of Law Offices of Scott A. Miller, A.P.C., Steven L. Miller

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA

1    of Steven L. Miller, A PLC, and William A. Baird and Launa N. Everman of Milstein, Adelman

2    & Kreger, LLP as Class Counsel;

3        6.     The Court appoints Zachary Hile and Shogher Andonian as the Class

4    Representatives;

5        7.     The Court confirms EPIQ Systems, Inc. as the Settlement Administrator;

6        8.     The Court approves the Notice methodology set forth in the Stipulation;

7        9.     The Court approves the In-Store Notice in substantially the form attached to the

8    Stipulation as Exhibit "B";

9        10.     The Court approves the Published Notice in substantially the form attached to the

10    Stipulation as Exhibit "C";

11        11.     The Court approves the Claim Form in substantially the form attached to the

12    Stipulation as Exhibit "D";

13        12.     The Court approves the manner and form of the On-Line Notice described in

14    paragraph 2.1.2 of the Stipulation.

15        13.     The Court directs Defendant to cause the Published Notice to be published on two

16    separate occasions as part of Defendant's normal Sunday newspaper advertising inserts and

17    circulars within forty-five (45) days after the Preliminary Approval Date;

18        14.     The Court directs Defendant to display the In-Store Notice for a period of not less

19    than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days

20    after the Preliminary Approval Date;

21        15.     The Court directs Defendant to provide a link on its website homepage,

22    www.ritzpix.com, to a webpage or website that contains the On-Line Notice, for a period of not

23    less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14)

24    days after the Preliminary Approval Date;

25        16.     The Court finds that the notice to be provided to Class Members in this case,

26    including the In-Store Notice, the On-Line Notice and the Published Notice (collectively "Class

27    Notice") and the methodology by which the notice will be disseminated: (a) is the best

28    practicable notice; (b) is reasonably calculated, under the circumstances, to apprise the Class

-3-

1 Members of the pendency of the Action and of their right to object or to exclude themselves
2 from the proposed Settlement; (c) is reasonable and constitutes due, adequate and sufficient
3 notice to all persons entitled to receive notice; and (d) meets all applicable requirements of the
4 Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution
5 (including the Due Process Clause), the Rules of Court, and any other applicable law;

6      17.    The Court directs Defendant to file proof of publication of the Published Notice
7 and proof of its compliance with its In-Store Notice and On-Line Notice obligations as soon as
8 reasonably practicable;

9      18.    This Court will hold a Final Settlement Approval Hearing on _____, 2008
10 at _____ to consider the fairness, reasonableness and adequacy of the proposed Settlement
11 as well as the award of costs, fees and incentive awards;

12      19.    To facilitate the claims procedure approved by the Court, whereby Class
13 Members may file claims to participate in the Settlement, the Court herby enjoins Plaintiffs and
14 all Class Members from filing or prosecuting any claims, suits or administrative proceedings
15 regarding claims released by this Settlement unless and until such Class Members have sent valid
16 Exclusions to the Claims Administrator and the time for filing claims with the Claims
17 Administrator has elapsed;

18      20.    Class Members who wish to participate in the Settlement shall complete and
19 submit a Claim Form within sixty (60) days after the date of the last Published Notice;

20      21.    Each Class Member who wishes to exclude himself or herself from the Class must
21 submit a valid and timely written request for exclusion to the Claims Administrator within forty-
22 five (45) days after the date the last Published Notice appears;

23      22.    Any Class Member who does not submit a valid and timely written request for
24 exclusion from the Class will be bound by all proceedings, orders, and judgments in this Action
25 relating to the Stipulation, even if such Class Member has previously initiated or subsequently
26 initiates individual litigation against any Defendant or Releasees or other proceedings involving
27 Settled Claims;

28

-4-

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA

1      23.    Each Class Member who wishes to object to the fairness, reasonableness or

2    adequacy of the Stipulation, to any terms of the proposed Settlement, or to the proposed

3    Attorneys' Fees and Costs, must submit a written objection to the Claims Administrator within

4    forty-five (45) days after the date the last Published Notice appears;

5      24.    Pursuant to the Class Action Fairness Act, Defendant is required to notify

6    "appropriate Federal and State officials" of the settlement.  28 U.S.C. § 1715.  If such

7    notifications have not been made at the time of this Order, the Defendant must do so within ten

8    (10) court days and file proof of such notification with the Court within fifteen (15) court days of

9    the date of this Order.

10      25.    All proceedings in the Action are stayed until further order of the Court, except as

11    may be necessary to implement the Settlement or comply with the terms of the Stipulation or this

12    Order.

13

14    **IT IS SO ORDERED.**

15

16    DATE: _____, 2008

                                       _____

17                                    **Honorable Saundra B. Armstrong**
                                    Judge of the United States District Court,
                                    Northern District

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA