Eric A. Grover (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff Zachary Hile

William A. Baird (SBN 192675)
Launa N. Everman (SBN 227743)
**MILSTEIN, ADELMAN & KREGER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
tbaird@maklawyers.com

Attorneys for Plaintiff Shogher Andonian

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>     Defendant.<br>_____<br>SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive,<br><br>     Defendants. | Case No.: CV-07-00716 SBA<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   June 3, 2008<br>Time:   1:00 PM<br>Ctrm: 3, 3rd Floor<br>Hon. Saundra B. Armstrong |

-1-

Case 4:08-cv-02453-SBA   Document 28-5   Filed 04/22/2008   Page 2 of 24

1  Please take notice that on June 3, 2008 at 1:00 p.m., or as soon thereafter as counsel may

2  be heard, in Courtroom 3 on the 3rd Floor of the United States District Courthouse, located at

3  1301 Clay Street, Oakland, California, plaintiffs Zachary Hile and Shogher Andonian

4  ("Plaintiffs") will and hereby do move for preliminary approval of the Stipulation of Settlement

5  (the "Settlement") reached between Plaintiffs and defendant Ritz Camera Centers, Inc.

6  ("Defendant") filed concurrently herewith.  Specifically, Plaintiffs move for an order:

7  (1)  granting preliminarily approval of the terms of the Settlement, including the

8  amount of the settlement fund; the amount of distributions to the class; the procedure for giving

9  notice to class members; the procedure for opting out of the Settlement; the procedure for

10  submitting claims; and the amounts allocated to incentive payments, costs and attorneys' fees;

11  (2)  certifying for settlement purposes the settlement class described in the Settlement

12  (the "Settlement Class");

13  (3)  appointing Plaintiffs as class representatives for the Settlement Class;

14  (4)  appointing Keller Grover LLP, Thierman Law Firm, Steven L. Miller, A

15  Professional Law Corporation, Scott A. Miller, A.P.C., and Milstein, Adelman & Kreger, LLP as

16  counsel for the Settlement Class;

17  (5)  directing notice to members of the Settlement Class of their rights to opt out of

18  the Settlement as provided in the Settlement; and

19  (6)  scheduling a hearing on the question of whether the Settlement should be finally

20  approved as fair, reasonable and adequate.

21  Plaintiffs' motion is based on this Notice; the Joint Stipulation of Class Action

22  Settlement; the Memorandum of Points and Authorities; the Declarations of Eric A. Grover,

23  William A. Baird, and Curtis Scheel filed concurrently herewith; other papers on file in this

24  action; and on any oral argument or other matters the Court may take into consideration when

25  ruling on the motion.

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

DATED:  April 18, 2008                    **Respectfully Submitted,**


                                          _____/s/_____
                                          Eric A. Grover
                                          **KELLER GROVER LLP**

                                          Mark R. Thierman
                                          **THIERMAN LAW FIRM**
                                          7287 Lakeside Drive
                                          Reno, Nevada  89511
                                          Tel. (775) 284-1500
                                          Fax (775) 703-5027
                                          laborlawyer@pacbell.net

                                          Scott A. Miller
                                          **LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
                                          16133 Ventura Blvd. Suite 1200
                                          Encino, California 91436
                                          Tel. (818) 788-8081
                                          Fax (818) 788-8080
                                          millaw@sbcglobal.net

                                          Steven L. Miller
                                          **STEVEN L. MILLER, A PLC**
                                          16133 Ventura Blvd. Suite 1200
                                          Encino, California 91436
                                          Tel.  (818) 986-8900
                                          Fax (818) 990-7900
                                          stevenlmiller@sbcglobal.net

                                          Attorney for Plaintiff ZACHARY HILE

DATED:  April 18, 2008                    **Respectfully Submitted,**


                                          _____/s/_____
                                          William A. Baird
                                          Launa N. Everman
                                          **MILSTEIN, ADELMAN & KREGER, LLP**

                                          Attorneys for Plaintiff SHOGHER ANDONIAN

3

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

Case 4:07-cv-00463-SBA   Document 28-5   Filed 04/22/2008   Page 4 of 24

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................1

II.    BACKGROUND..................................................................................1

III.   MEDIATION..................................................................................1

IV.    SUMMARY OF SETTLEMENT TERMS...........................................2

V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL................3

     A.     Plaintiffs' Claims Merit Class Action Treatment...................4

          1.     Numerosity..................................................................5

          2.     Commonality................................................................6

          3.     Typicality..................................................................6

          4.     Adequate Representation.............................................7

          5.     Predominance of Common Questions............................8

          6.     Superiority..................................................................8

     B.     The Settlement is Fair, Reasonable and Adequate.................10

          1.     Monetary Terms.........................................................11

          2.     The Class Notice.........................................................13

VI.    THE COURT SHOULD SCHEDULE A FAIRNESS HEARING.............15

VII.   CONCLUSION..................................................................................15

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

# TABLE OF AUTHORITIES

## Federal Cases

*Acosta v. Trans Union LLC,*
243 F.R.D. 377 (C.D. Cal. 2007)………………………………………………….4

*Amchem Products Inc. v. Woodward,*
521 U.S. 591 (1997)………………………………………………….9

*Armstrong v. Board of School Directors of the City of Milwaukee,*
616 F.2d 305 (6th Cir. 1980)………………………………………………….4

*Arnold v. United Artists Theatre Circuit, Inc.,*
58 F.R.D. 439 (N.D. Cal. 1994)………………………………………………….5-6

*Baldwin & Flynn v. Nat'l Safety Associates,*
149 F.R.D. 598 (N.D. Cal. 1993)………………………………………………….5

*Battle v. Liberty National Life Ins. Co.,*
770 F.Supp. 1499 (M. D. Ala. 1991) *aff'd,* 874 F.2d 1279 (11th Cir. 1992)………………………14

*Blackie v. Barrack,*
524 F.2d 891 (9th Cir. 1975)………………………………………………….5, 6

*Cal. Rural Legal Assistance, Inc. v. Legal Sevs. Corp.,*
917 F .2d 1171 (9th Cir. 1990)………………………………………………….6

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)………………………………………………….5

*Elkins v. Equitable Life Ins. Of Iowa,*
1998 WL 133747 (M.D. Fla. 1998)………………………………………………….10

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998)………………………………………………….4, 6, 7, 8

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992)………………………………………………….6-7

*In re Activision,*
621 F. Supp. 415 (N.D. Cal. 1985)………………………………………………….7

*In re Cendant Corp., Derivative Action Litigation,*
232 F.Supp.2d 327 (D. N.J. 2002)………………………………………………….12

*In re Compact Disc Minimum Advertised Price Antitrust Litigation,*
216 F.R.D. 197 (D. Me. 2003)………………………………………………….12

*In re Computer Memories Sec. Litig.,*
111 F.R.D. 675 (N.D. Cal. 1986)………………………………………………….5

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

*In re Immune Response Securities Litigation,*
497 F. Supp.2d 1166 (S.D. Cal. 2007)................................................11

*In re Michael Milken & Assocs. Sec. Litig.,*
150 F.R.D. 57 (S.D.N.Y. 1993)....................................................15

*In re Southern Ohio Correctional Facility,*
175 F.R.D. 270 (S.D. Ohio 1997)..................................................13

*Ingram v. The Coca-Cola Co.,*
200 F.R.D. 685 (N.D. Ga. 2001)...................................................13

*Lewis v. Gross,*
563 F.Supp. 1164 (E.D. N.Y. 1986)................................................5

*Linney v. Cellular Alaska Partnership,*
1997 WL 450064 (N.D. Cal. 1997)................................................12

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*
(9th Cir. 2001) 244 F.3d 1152..................................................8, 9

*Mendoza v. United States,*
623 F.2d 1338 (9th Cir. 1980)....................................................15

*Mirfasihi v. Fleet Mortgage Corp.,*
356 F 3d 781 (7th Cir. 2004).....................................................14

*Mullane v. Central Hanover Bank & Trust Co.,*
339 U.S. 306 (1950)..............................................................14

*Murray v. GMAC Mortgage Corp.*
2007 WL 1100608 (N.D. Ill. 2007)..............................................7, 10

*Officers for Justice v. Civil Service Commission of City and County of San Francisco,*
688 F.2d 615 (9th Cir. 1982).....................................................11

*Paul, Johnson, Alston & Hunt v. Graulty,*
886 F.2d 268 (9th Cir. 1989).....................................................13

*Phillips Petroleum Co. v. Shutts,*
472 U.S. 797 (1985)...............................................................9

*Riordan v. Smith Barney,*
113 F.R.D. 60 (N.D. Ill. 1986)....................................................5

*Silber v. Mabon,*
18 F.3d 1449 (9th Cir. 1994).....................................................13

*Six Mexican Workers v. Arizona Citrus Growers,*
904 F.2d 1301 (9th Cir. 1990)....................................................13

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003)...............................................4, 10, 11

iii

*Strube v. American Equity Life Ins. Co.*,
226 F.R.D. 688 (M.D. Fla. 2005)................................................................10

*Valentino v. Carter-Wallace*,
97 F.3d 1227 (9th Cir. 1996)....................................................................8

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976)....................................................................4

*Van Horn v. Trickey*,
840 F.2d 604 (8th Cir. 1988)...................................................................14

*Van Vranken v. Atl. Richfield Co.*,
901 F. Supp. 294 (N.D. Cal. 1995)...........................................................13

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002).................................................................13

*Wang v. Chinese Daily News*,
231 F.R.D. 602 (C.D. Cal. 2005)...............................................................5

*Zinser v. Accufix Research Institute, Inc.*,
253 F.3d 1188 (9th Cir. 2001)..................................................................8

**Federal Statutes**

15 U.S.C. § 1681 (c)(g)............................................................................1

15 U.S.C. § 1681n...............................................................................1, 7

**Federal Rules**

Federal Rule of Civil Procedure Rule 23..................................................4, 5

Federal Rule of Civil Procedure Rule 23(a)..............................................4, 5

Federal Rule of Civil Procedure Rule 23(a)(1)..............................................5

Federal Rule of Civil Procedure Rule 23(a)(2)..............................................6

Federal Rule of Civil Procedure Rule 23(a)(3)..............................................6

Federal Rule of Civil Procedure Rule 23(a)(4)..............................................7

Federal Rule of Civil Procedure Rule 23(b)(3).............................4, 5, 8, 9, 13

Federal Rule of Civil Procedure Rule 23(c)(2).....................................13, 14, 15

Federal Rule of Civil Procedure Rule 23(c)(3)..............................................15

Federal Rule of Civil Procedure Rule 23(e).......................................1, 4, 10, 11

iv

Case 4:07-cv-00716-SBA    Document 28-5    Filed 04/22/2008    Page 8 of 24

**Treatises**

Manual for Complex Litigations 1.46 (West 1977)……………………………………………….4

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:573 (The Rutter Group 2006)……………………………………………………………...……………...4

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

## I.   INTRODUCTION

In related class action lawsuits, Zachary Hile, plaintiff in Case No. CV 07-00716, and Shogher Andonian, plaintiff in Case No. CV 07-2349, sued Ritz Camera Centers, Inc. ("Ritz") for violations of the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiffs allege that Ritz violated FACTA by printing the expiration date on receipts provided to debit and credit card holders at Ritz stores. Having reached an agreement to resolve all the claims asserted in these related actions (the "Settlement"), Plaintiffs now move for preliminary approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

## II.   BACKGROUND

FACTA prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 (c)(g). FACTA was passed in 2003, but did not take effect until December 4, 2006 for point of sale ("POS") terminals that were in operation before January 1, 2005. Ritz estimates that it printed approximately 2.55 million receipts with a credit card expiration date between December 4, 2006 and April 9, 2007. *See* Declaration of Curtis Scheel, filed herewith. The parties estimate that these receipts were provided to approximately 1.7 million different consumers. *Id.* In their respective complaints, Plaintiffs do not allege that any of the class members who received receipts that violated FACTA suffered actual damages (*i.e.*, actual monetary loss). Instead, Plaintiffs seek statutory damages of $100 to $1,000 per violation (as well as punitive damages, costs and attorney's fees) pursuant to 15 U.S.C. § 1681n. Plaintiffs maintain that Ritz's violations of FACTA were willful because Ritz intentionally or recklessly disregarded the requirements of FACTA.

## III.   MEDIATION

The terms of this settlement as set forth in the Joint Stipulation of Class Action Settlement were agreed to by counsel for Plaintiffs and Ritz after two separate day-long mediation sessions held at the offices of JAMS, Inc. in San Francisco, California on July 26, 2007 and September 20, 2007 before the Honorable Ferns S. Smith, United States District Court Judge (Ret.) and over 20 additional weeks of post-September 20, 2007 negotiations between

1

counsel for Plaintiffs and Ritz.  The mediations and post-mediation negotiations involved extensive, arm's-length negotiations; numerous offers and counter offers were exchanged before the final settlement terms were achieved.  Many of the settlement terms were recommended by Judge Smith, after her review of lengthy mediation briefs submitted by Plaintiffs and Ritz, which discussed in detail the legal and factual issues in the case, and referenced various rulings on law and motion issues in other FACTA cases pending in California and elsewhere.

**IV.     SUMMARY OF SETTLEMENT TERMS**

The settlement class is defined as follows:

> "All individual consumers in the United States of America who,
> between December 4, 2006 and April 9, 2007, used a credit or
> debit card for a transaction at a Ritz Camera Centers Location and
> were provided at the point of sale or transaction with an
> electronically-printed receipt which displayed (1) more than the
> last five digits of the credit or debit card number, and/or (2) the
> expiration date of the credit or debit card."

The parties estimate that there are approximately 1.7 million class members. Ritz has agreed to provide "Award Certificate Settlement Packages" to all class members who submit claim forms.  Each Award Certificate Settlement Package shall consist of an Award Certificate with a $15.00 value and, if applicable, a Supplemental Award Certificate, that may be applied against the in-store purchase of: (1) any camera or lens with a pre-tax price, after all other applicable discounts, allowances and rebates, of $100.00 or more, or  (2) any digital memory product with a pre-tax price, after all other applicable discounts, allowances and rebates, of $50.00 or more, or (3) any purchase of images or imaging products with a pre-tax price, after all other applicable discounts, allowances and rebates of $40.00 or more.  Each Award Certificate and Supplemental Award Certificate shall be freely transferable and will be valid for one year after the date of issuance.  Each Award Certificate Settlement Package shall have an alternative cash value of $1.00.

2

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1        As part of the settlement negotiation process, Ritz has represented that, based on its 2006

2  sales, more than 80% of all camera, lens and digital memory sales fall within parameters that

3  would allow the Award Certificate to be used during such sales transactions. *See* Scheel Decl.

4  Moreover, more than 80% of the total sales at Ritz Camera Centers Locations encompass the sale

5  of camera, lens, digital memory and imaging products. *Id.*

6        If less than 170,000 class members submit claims, then the Claims Administrator will

7  calculate the dollar value of a Supplemental Award Certificate by multiplying $15 by a fraction,

8  the numerator of which is 170,000 and the denominator of which is the actual number of Valid

9  Claims submitted, and subtracting $15 from the result.  If fewer than 170,000 Valid Claims have

10  been submitted, each Authorized Claimant who elected to receive an Award Certificate shall also

11  receive one Supplemental Award Certificate.  (For example, if there are only 100,000 valid

12  claims at the expiration of the claims period, each Settlement Class Member who submitted a

13  valid claim and who elected to receive an Award Certificate also would receive a $10.50

14  Supplemental Award Certificate, calculated as follows:  $170,000/100,000 = 1.7 \times \$15 = \$25.50 -$

15  $\$15 = \$10.50.$)

16        Neither Plaintiffs nor Ritz know or can readily determine the identity or mailing address

17  of absent class members.  The parties have therefore agreed that notice to class members will be

18  given in the following ways: 1) publication in Ritz's Sunday newspaper national advertising

19  circulars; 2) notices displayed conspicuously at Ritz stores; and 3) notice on Ritz's settlement

20  webpage or website at www.ritzpix.com.

21        Ritz has agreed that it will not oppose a request by Plaintiffs' counsel for an award of

22  attorneys' fees and costs up to Seven Hundred Eighty Three Thousand Dollars ($783,000), or

23  requests for total incentive payments to the class representatives up to $2,000.  In addition, Ritz

24  has agreed to pay all the administrative costs of settlement, including the costs of giving notice

25  and costs of settlement administration incurred by the third-party claims administrator.

26  **V.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL**

27        The law favors settlement, particularly in class actions and other complex cases where

28  substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.

3

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1   *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).  These concerns apply with

2   particular force in a case such as this where an allegedly illegal practice affected over one million

3   consumers.  Rule 23(e)(C)(J) of the Federal Rules of Civil Procedures provides that a court may

4   approve a settlement of a class action only when it finds after a hearing that the settlement is

5   "fair, reasonable, and adequate," and Rule 23(e )(C)(4) provides that any class member may

6   object to a proposed settlement.

7          Judicial review of a class action settlement thus entails a two step process.  "The first step

8   is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within

9   the range of possible approval.'  This hearing is not a fairness hearing; its purpose rather is to

10  ascertain whether there is any reason to notify the class members of the proposed settlement and

11  to proceed with a fairness hearing."  *Armstrong v. Board of School Directors of the City of*

12  *Milwaukee,* 616 F.2d 305, 314 (6th Cir. 1980) [quoting Manual for Complex Litigation s 1.46, at

13  53-55 (West 1977)].  At the second stage of the approval process, after class members have had

14  an opportunity to object to the settlement, the court makes a final determination whether the

15  settlement is "fair, reasonable and adequate" under Rule 23( e).  *Armstrong*, 616 F.2d at 314.

16         In reviewing a class action settlement, a court undertakes two fundamental inquiries.

17  "First, the district court must assess whether a class exists."  *Staton v. Boeing Co.* (9th Cir. 2003)

18  327 F.3d 938, 952.  In other words, the court must determine that the lawsuit qualifies as a class

19  action under Rule 23.  *See, e.g., Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1022 (9th Cir. 1998)

20  (reviewing settlement to ensure compliance with requirements of Rule 23(a) and Rule 23(b) (3)).

21  Second, the court must determine whether the settlement is "fair, adequate, and reasonable."

22  *Staton*, 327 F.3d at 952.  When parties reach a settlement agreement prior to class certification,

23  "courts must peruse the proposed compromise to ratify both the propriety of the certification and

24  the fairness of the settlement."  *Acosta v. Trans Union LLC,* 243 F.R.D. 377, 383 (C.D. Cal.

25  2007).

26         **A.      Plaintiffs' Claims Merit Class Action Treatment**

27         Plaintiff need only make a "prima facie showing" of the requirements under Rule 23.

28  *See*, Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:573

---

4

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1  (The Rutter Group 2006).  In determining the propriety of class certification, a court may not

2  delve into the underlying merits of the claims. The fundamental question "is not whether ...

3  plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the

4  requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974).

5  Accordingly, the Ninth Circuit has established that, when ruling on the propriety of class

6  certification, a district court "is bound to take the substantive allegations of the complaint as

7  true." *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir. 1975).  A court "may not require

8  plaintiffs to make a preliminary proof of their claim; it requires only sufficient information to

9  form a reasonable judgment." *Baldwin & Flynn v. Nat'l Safety Associates,* 149 F.R.D. 598, 600

10  (N.D. Cal. 1993).  Under these governing standards, this action meets the requirements for

11  certification under Rule 23(a) and Rule 23(b)(3).

12          **1.**    **Numerosity**

13        Under Rule 23(a)(1), a class action may be maintained where "the class is so numerous

14  that joinder of all members is impracticable."  In determining whether joinder would be

15  impracticable, a court may consider not only the sheer number of class members, but also "the

16  nature of the action, the size of the individual claims, [and] the inconvenience of trying

17  individual suits." *Wang v. Chinese Daily News,* 231 F.R.D. 602, 606 (C.D. Cal. 2005).

18        Here, the class is composed of approximately 1.7 million consumers who, within a few

19  weeks, engaged in approximately 2.55 million transactions at Ritz stores.  When a class is as

20  large as this one, "numbers alone are dispositive." *Riordan v. Smith Barney,* 113 F.R.D. 60, 62

21  (N.D. Ill. 1986).  It makes no difference that Plaintiffs cannot provide the precise number of class

22  members.  "A class action may proceed upon estimates as to the size of the proposed class."

23  *Lewis v. Gross,* 563 F.Supp. 1164, 1169 (E.D. N.Y. 1986).  *See also, In re Computer Memories*

24  *Sec. Litig.,* 111 F.R.D. 675, 679 (N.D. Cal. 1986) (class certified where plaintiffs did not

25  establish exact number of class members, but demonstrated that class would "obviously be

26  sufficiently numerous").  The fact that, by the very nature of the class, its members are unknown

27  and cannot be readily identified, further dictates that joinder is impracticable. *See, Arnold v.*

28  *United Artists Theatre Circuit, Inc.,* 58 F.R.D. 439, 448 (N.D. Cal. 1994) (numerosity

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1   requirement satisfied where class composed of disabled persons allegedly denied access to movie

2   theaters).

3       **2.    Commonality**

4       Rule 23(a)(2) requires that there be "questions of law or fact common to the class." This

5   commonality requirement must be "construed permissively." *Hanlon v. Chrysler Corp.*, 150

6   F.3d 1011, 1019 (9th Cir. 1998). Plaintiffs need not demonstrate that all questions of fact and

7   law are common. "The existence of shared legal issues with divergent factual predicates is

8   sufficient." *Id.* Where a class is united by a common interest in determining whether a

9   defendant's broad course of conduct is actionable, commonality is not defeated "by slight

10  differences in class members' positions." *Blackie*, 524 F.2d at 902.

11      Here, all class members share two common legal questions -- whether Ritz violated

12  FACTA by printing the expiration date on credit or debit card receipts (which cannot seriously

13  be disputed), and whether Ritz's failure to comply with FACTA was willful. Any factual

14  variations among class members, such as differences in the number of transactions they engaged

15  in, which credit or debit cards they used, or which stores they visited, have no bearing on these

16  common legal questions. All class members share the common interest of determining whether

17  the same receipt-printing practice at numerous Ritz stores was lawful and whether they are

18  entitled to the same statutory damages for Ritz's allegedly willful violation of the law.

19      **3.    Typicality**

20      Rule 23(a)(3) requires that the representative plaintiff have claims "typical of the

21  claims... of the class." Representative claims are typical "if they are reasonably co-extensive

22  with those of absent class members; they need not be identical." *Hanlon*, 150 F. 3d at 120. In

23  other words, named plaintiffs need not be "identically situated" with all other class members. "It

24  is enough if their situations share a common issue of law or fact and are sufficiently parallel to

25  insure a vigorous and full presentation of all claims for relief." *Cal. Rural Legal Assistance, Inc.*

26  *v. Legal Sevs. Corp.*, 917 F .2d 1171, 1175 (9th Cir. 1990).

27      Typicality refers to the "nature of the claim... of the class representative, and not to the

28  specific facts from which it arose." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

6

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1992).  The test of typicality is thus "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.*

Here, Plaintiffs and all other class members allege the same injury, violation of their legal rights and increased risk of identity theft, resulting from the same course of conduct, the printing of too much information on credit or debit card receipts.  All class members also seek the same relief.  Class members seek statutory damages under 15 U.S.C. Section 1681n, the remedial provision of the Fair Credit Reporting Act ("FCRA") which applies to FACTA.  Like many other consumer class actions seeking statutory damages under the FCRA, this lawsuit is based on conduct which is not unique to Plaintiffs, but on a course of conduct that is common to all class members.  *See, e.g., Murray v. GMAC Mortgage Corp.* 2007 WL 1100608, *5 (N.D. Ill. 2007) ("*Murray II*") (in action brought under the FCRA, typicality established where, despite minor factual discrepancies, all putative class members had "the same essential characteristics"); *see also, In re Activision,* 621 F. Supp. 415, 428 (N.D. Cal. 1985) (finding that "the only material variation among class members is the amount of damages to which each member is entitled" and that "[s]uch differences are insufficient to defeat class certification").

### 4.   Adequate Representation

Rule 23(a) (4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Adequate representation turns on whether the named plaintiffs and their counsel "have any conflicts of interest with other class members," and whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Hanlon,* 150 F.3d at 1020.

Here, there are no conflicts of interest between Plaintiffs and class members. Given the similarity of the claims asserted and remedies sought by class members in this case, it is hard to imagine how there could be any conflicts.  Ritz has no basis for asserting against Plaintiffs any unique defenses that Ritz could not assert against any other class member.  Nor does Ritz have any basis for suggesting that Plaintiffs lack sufficient zeal or competence.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

Additionally, there are not any conflicts with Plaintiffs' counsel. Ritz cannot dispute that Plaintiffs' counsel, who have substantial class action experience, can adequately represent the class. *See, Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.* (9th Cir. 2001) 244 F.3d 1152, 1162 (adequacy established by mere fact that counsel were experienced practitioners).

### 5. Predominance of Common Questions

The predominance inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Culinary/Bartender Trust Fund*, 244 F.3d at 1162. Central to this question "is the notion that the adjudication of common issues will help achieve judicial economy." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001).

Here, whether Ritz violated FACTA intentionally or recklessly (which suffices for willfulness) is the central issue that clearly predominates over any individual issues. Considerations of judicial economy obviously favor litigating this common issue once in a class action instead of thousands of times in separate suits. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F. 3d at 1022.

### 6. Superiority

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alterative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163. *See also, Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

8

1  In *Culinary/Bartender Trust Fund*, the Ninth Circuit held that a class action met the

2 superiority requirements of Rule 23(b)(3) where class members could recover, at most, damages

3 in the amount of $1,330. Here, class members can recover, at most, statutory damages in an

4 amount between $100 and $1,000 per violation. As in *Culinary/Bartender Trust Fund*, "this case

5 involves multiple claims for relatively small sums" and a class action clearly serves as the only

6 method that would "permit the plaintiffs to pool claims which would be uneconomical to litigate

7 individually." *Id.* at 1163 [quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985)].

8 *Culinary/Bartender Trust Fund* clearly dictates that the superiority requirements of Rule 23(b)(3)

9 are satisfied here.

10  Consideration of the factors listed in Rule 23(b)(3) bolsters this conclusion. Ordinarily,

11 these factors are (A) the interest of members of the class in individually controlling the

12 prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning

13 the controversy already commenced by or against members of the class; (C) the desirability or

14 undesirability of concentrating the litigation of the claims in the particular forum; and (D) the

15 difficulties likely to be encountered in the management of a class action. However, when a court

16 reviews a class action settlement, the fourth factor does not apply. In deciding whether to certify

17 a settlement class action, a district court "need not inquire whether the case, if tried, would

18 present intractable management problems." *Amchem Products Inc. v. Woodward,* 521 U.S. 591,

19 620 (1997). Here, the remaining factors set forth in Rule 23(b)(3)(A), (B) and (C) all favor class

20 certification.

21  First, class members have no particular interest in individually controlling the prosecution

22 of separate actions. Statutory damages cannot exceed $1,000. Any class member who wants to

23 pursue actual damages greater than $1,000 can opt out of the Settlement.

24  Second, only one other lawsuit, *Mark Thomas v. Ritz Camera Centers, Inc.,* No. 08 CV

25 453 (filed January 22, 2008, in the U.S. District Court for the Northern District of Illinois and

26 attached as Exh. A to the Declaration of Eric A. Grover, filed herewith), presents similar

27 allegations to this case but is limited to a small portion of the class proposed for Settlement

28 herein: Purchasers from Ritz outlets in Cook County, Illinois. Ritz has filed a motion for transfer

9

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1    of the *Thomas* case to this judicial district, which motion is presently pending.  No other

2    competing lawsuit is known to Plaintiffs or to Ritz.

3           Finally, it is desirable to concentrate the issues in this forum because the Plaintiffs reside

4    in California and Ritz violated FACTA at numerous stores in California, including stores in this

5    district.  Significantly, Ritz has not moved to transfer venue for these cases to another district.

6    Moreover, the parties have reached a Settlement.  "With the settlement in hand, the desirability

7    of concentrating the litigation in one forum is obvious."  *Elkins v. Equitable Life Ins. Of Iowa*,

8    1998 WL 133747, at * 19 (M.D. Fla. 1998).  *See also, Strube v. American Equity Life Ins. Co.*,

9    226 F.R.D. 688, 697 (M.D. Fla. 2005) (third and fourth Rule 23(b)(3) factors are "conceptually

10   irrelevant in the context of a settlement").

11          The conclusion is inescapable that there simply is no better method than a class action for

12   resolving all the claims of the class members in this case.  The conclusion of the court in

13   *Murry II*, where the court certified a case involving claims for statutory damages under the

14   FCRA, applies equally here:

15                  This is a case where class certification presents the most efficient

16                  means of adjudicating the controversy.  The class is numerous but

17                  the potential recovery for each class member is quite small.

18                  Indeed, it is exceedingly unlikely that many individuals would

19                  wish to go to court for a potential recovery of $100-or that they

20                  could find counsel willing to represent them.

21   *Murray II*, 2007 WL 1100608 at * 7.

22          **B.     The Settlement is Fair, Reasonable and Adequate**

23          No single criterion determines whether a class action settlement meets the requirements

24   of Rule 23(e).  The Ninth Circuit has directed district courts to consider a variety of factors

25   without providing an "exhaustive list" or suggesting which factors are most important.  *See,*

26   *Staton*, 327 F.3d at 959.  "The relative degree of importance to be attached to any particular

27   factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of

28   relief sought, and the unique facts and circumstances presented by each individual case."

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1 | *Officers for Justice v. Civil Service Commission of City and County of San Francisco,* 688 F.2d
2 | 615, 625 (9th Cir. 1982).

3 | Due to the impossibility of predicting any litigation result with certainty, a district court's

4 | evaluation of a settlement essentially amounts to "nothing more than 'an amalgam of delicate

5 | balancing, gross approximations and rough justice.'" *Officers for Justice,* 688 F.2d at 625

6 | (citation omitted). The ultimate touchstone, however, is whether "class counsel adequately

7 | pursued the interests of the class as a whole." *Staton,* 327 F.3d at 961. As the Ninth Circuit

8 | explained in *Officers for Justice,* the district court's role in evaluating a class action settlement is

9 | therefore tailored to meet that narrow objective. Review under Rule 23(e) "must be limited to

10 | the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud

11 | or overreaching by, or collusion between, the negotiating parties." Accordingly, the Ninth Circuit

12 | will not reverse a district court's approval of a class action settlement "unless the fees and relief

13 | provisions clearly suggest the possibility that class interests gave way to self interest." *Staton,*

14 | 327 F.3d at 961.

15 | Here, the parties reached a non-collusive Settlement after sufficient informal discovery

16 | enabled counsel to form educated opinions about the value of the case. Since obtaining class

17 | certification and establishing liability posed difficult hurdles for Plaintiffs that justified

18 | compromise of their claims, the Settlement falls well within the range of reasonable outcomes

19 | and merits approval under Rule 23(e).

20 | **1.     Monetary Terms**

21 | The parties reached a Settlement in good faith after negotiating at arms length during two

22 | separate day-long mediation sessions before the Honorable Fern Smith and over at least five

23 | months of additional negotiations between Plaintiffs and Ritz. Although formal discovery was

24 | not required because Ritz's receipt printing practices were not subject to dispute, approval of a

25 | class action settlement does not require that discovery be exhaustive. *See, e.g., In re Immune*

26 | *Response Securities Litigation,* 497 F. Supp.2d 1166, 1174 (S.D. Cal. 2007) (settlement

27 | approved where informal discovery gave the parties a clear view of the strength and weaknesses

28 | of their cases). The fact that settlement results from arms length negotiations following "relevant

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1    discovery" creates "a presumption that the agreement is fair." *Linney v. Cellular Alaska*

2    *Partnership,* 1997 WL 450064, at *5 (N.D. Cal. 1997).

3           While the basic factual predicate for Plaintiffs' claims was not disputed, Ritz strongly

4    denied liability for statutory damages and the parties faced novel issues concerning the

5    interpretation of FACTA and the requirements for a "willful" violation of FACTA.  This is one

6    of the first FACTA lawsuits filed against any merchant, and the law regarding FACTA is in the

7    nascent stage of development.  Continued litigation of this lawsuit presented Plaintiffs and Ritz

8    with substantial legal risks that were (and continue to be) very difficult to assess.  Under these

9    circumstances, the benefits available to Class members in return for releasing their FACTA

10   claims against Ritz are fair and reasonable.

11          Class members who submit a claim will receive an Award Certificate with a $15.00

12   value.  Each Award Certificate is freely transferable and will be valid for one year after the date

13   of issuance.  Fifteen dollars in settlement benefits gives consumers 15% value compared to the

14   minimal level of statutory damages available for a willful violation of FACTA ($100) which is

15   unquestionably a reasonable settlement.  Although $15 only presents a 1.5% value compared to

16   the maximum possible recovery of $1,000 in statutory damages, the propriety of awarding full

17   statutory damages to class members who do not claim actual monetary loss is strongly disputed.

18   Many FACTA defendants have argued that lack of "actual harm" precludes an award of statutory

19   damages due to the potentially staggering liability, or at the very least that an award of statutory

20   damages would be excessive.  Since it remains to be seen how such disputes will eventually be

21   resolved, the value negotiated by the parties represents a fair compromise well within the range

22   of reasonableness. *See, In re Cendant Corp., Derivative Action Litigation,* 232 F.Supp.2d 327(D.

23   N.J. 2002) (approving settlement which provided 2% value compared to maximum possible

24   recovery); *In re Compact Disc Minimum Advertised Price Antitrust Litigation,* 216 F.R.D. 197

25   (D. Me. 2003) (approving settlement providing $13 to class members overcharged an average of

26   23 cents).

27          The compensation sought for Plaintiffs' counsel is also fair and reasonable. The Ninth

28   Circuit has directed that to determine what constitutes a fair and reasonable percentage of the

---

12

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

1    settlement for purposes of calculating common fund attorneys' fees, the courts should use a

2    "benchmark" percentage of 25% of the total fund. *Paul, Johnson, Alston & Hunt v. Graulty*, 886

3    F.2d 268, 272 (9th Cir. 1989); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002);

4    *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Here, the

5    value of the "fund" obtained through the efforts of Plaintiffs' counsel is in the vicinity of

6    $25,500,000 (approximately 1.7 million consumers x $15). In recognition of Ritz's agreement to

7    settle this case at an early stage of litigation before the parties expended a significant amount of

8    time on discovery, motions or trial, Plaintiffs' counsel agreed to accept no more than $783,000

9    for costs and fees, which represents less than approximately 3% of the value of the fund. The

10   relatively low amount of fees agreed to by Plaintiffs' counsel, which is capped at 30% of the

11   <u>minimum value of benefits</u> that must be distributed to class members, is clearly reasonable.

12          Finally, the incentive payments to Plaintiffs are reasonable. Incentive payments serve to

13   reward named plaintiffs for the time and effort expended on behalf of the class, and for exposing

14   themselves to the significant risks of litigation. "Courts routinely approve incentive awards to

15   compensate named plaintiffs for the services they provided and the risks they incurred during the

16   course of the class action litigation." *Ingram v. The Coca-Cola Co.,* 200 F.R.D. 685, 594 (N.D.

17   Ga. 2001); *In re Southern Ohio Correctional Facility,* 175 F.R.D. 270, 272 (S.D. Ohio 1997). In

18   *Coca-Cola,* for example, the court approved incentive awards of $300,000 to each named

19   plaintiff in recognition of the services they provided to the class by responding to discovery,

20   participating in the mediation process and taking the risk of stepping forward on behalf of the

21   class. *Coca-Cola,* 200 F.R.D. at 694; *see also, Van Vranken v. Atl. Richfield Co.,* 901 F. Supp.

22   294, 300 (N.D. Cal. 1995) (approving $50,000 participation award). Here, Plaintiffs seek modest

23   incentive awards of $1,000 per plaintiff.

24          **2.      The Class Notice**

25          Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must

26   direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B)

27   does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon,* 18 F.3d

28   1449, 454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under

---

13

all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, the parties have agreed to provide notice in several ways to apprise class members of the Settlement. First, notice will be published in Ritz's Sunday advertising inserts and circulars in newspapers of general circulation across the country, reaching approximately 11.4 million and subscribers; notice will be published on two separate occasions for a total of 25 million copies of the notice. *See* Scheel Decl. Additionally, the parties have agreed in the Stipulation of Settlement that a link will be placed on the homepage of Ritz's website to a separate webpage or website that contains a summary of the terms of the settlement, FAQs, a printable Claim Form, an internet-based Claim Form, contact information for the Claims Administrator and Class Counsel, instructions on how to submit a Claim Form, and information concerning the date of the Final Settlement Approved Hearing. Finally, notice will be displayed in all Ritz stores where cameras, lenses, digital memory or imaging products are sold.

In a case like this, where neither the names nor addresses of class members can be ascertained despite reasonable effort, notice by publication and website clearly suffices. *See, Mirfasihi v. Fleet Mortgage Corp.,* 356 F 3d 781, 786 (7th Cir. 2004) (notice by publication and website adequate where individual notice impossible); *see also, Battle v. Liberty National Life Ins. Co.,* 770F.Supp. 1499, 1515, n.47 (M. D. Ala. 1991) (individual notice not required where absent members are not identified and cannot be located through diligent efforts) *aff'd*, 874 F.2d 1279 (11th Cir. 1992). Posting of notices at Ritz stores, which targets class members who frequent Ritz stores, leaves no room for doubt that the parties have agreed to provide the "best notice practicable" under the circumstances. *See, Van Horn v. Trickey,* 840 F.2d 604, 606 (8th Cir. 1988) (posting at central location sufficient even where individual notice was possible).

Apart from the manner of notice, Rule 23(c)(2)(B) also sets forth requirements regarding the content of the notice. The notice must concisely and clearly state in plain, easily understood language:

　　• the nature of the action;

---

14

1    • the definition of the class certified;

2    • the class claims, issues, or defenses;

3    • that a class member may enter an appearance through counsel if the member so desires;

4    • that the court will exclude from the class any member who requests exclusion, stating

5    when and how members may elect to be excluded; and

6    • the binding effect of a class judgment on class members under Rule 23(c)(3).

7    Here, the proposed notice attached to the Settlement complies fully with Rule

8    23(c)(2)(B). Courts routinely approve class notices even when they provide only general

9    information about a settlement. *See, e.g., Mendoza v. United States,* 623 F.2d 1338, 1351 (9th

10   Cir. 1980) ("very general description of the proposed settlement" sufficient); *In re Michael*

11   *Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (notice "need only describe the

12   ten terms of the settlement generally"). The class notice drafted by the parties provides more

13   than adequate notice about the Settlement.

14   **VI.    THE COURT SHOULD SCHEDULE A FAIRNESS HEARING**

15   The last step in the settlement approval process is the fairness hearing, where members of

16   the Settlement Class who timely submit objections to the Settlement may be heard, and the court

17   makes a final determination about the propriety of the Settlement. Based on the timetables for

18   giving notice and submitting any objections to the Settlement, Plaintiffs request that the fairness

19   hearing in this case be scheduled for 120 days after the date of the Order Granting Preliminary

20   Approval or the Court's first available date thereafter.

21   **VII.    CONCLUSION**

22   The parties reached a fair compromise that does not excessively reward class members

23   for weak claims, or sell them short for strong claims. Since the settlement is fair, reasonable and

24   adequate in all respects, the Court should grant Plaintiffs' motion for preliminary approval of the

25   Settlement in its entirety and adopt the proposed Notice order submitted herewith.

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA

DATED:  April 18, 2008                    **Respectfully Submitted,**


                                           _____/s/_____
                                           Eric A. Grover
                                           **KELLER GROVER LLP**

                                           Mark R. Thierman
                                           **THIERMAN LAW FIRM**
                                           7287 Lakeside Drive
                                           Reno, Nevada  89511
                                           Tel. (775) 284-1500
                                           Fax (775) 703-5027
                                           laborlawyer@pacbell.net

                                           Scott A. Miller
                                           **LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
                                           16133 Ventura Blvd. Suite 1200
                                           Encino, California 91436
                                           Tel. (818) 788-8081
                                           Fax (818) 788-8080
                                           millaw@sbcglobal.net

                                           Steven L. Miller
                                           **STEVEN L. MILLER, A PLC**
                                           16133 Ventura Blvd. Suite 1200
                                           Encino, California 91436
                                           Tel.  (818) 986-8900
                                           Fax (818) 990-7900
                                           stevenlmiller@sbcglobal.net

                                           Attorney for Plaintiff ZACHARY HILE

DATED:  April 18, 2008                    Respectfully Submitted,


                                           _____/s/_____
                                           William A. Baird
                                           Launa N. Everman
                                           **MILSTEIN, ADELMAN & KREGER, LLP**

                                           Attorneys for Plaintiff SHOGHER ANDONIAN

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 07-0716 SBA