1 | Eric A. Grover (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff Zachary Hile

William A. Baird (SBN 192675)
Launa N. Everman (SBN 227743)
**MILSTEIN, ADELMAN & KREGER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
tbaird@maklawyers.com

Attorneys for Plaintiff Shogher Andonian

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>Defendant. | Case Nos.: CV-07-00716 SBA<br>and CV 07-2349 GAF<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive,<br><br>Defendants. | |

-1-

The Court has received the Joint Stipulation of Class Action Settlement ("Stipulation"), entered into by and between (1) plaintiffs Zachary Hile and Shogher Andonian ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all other similarly situated (the "Class"), and (2) defendant Ritz Camera Centers, Inc. ("Defendant"). The Court, having reviewed the Stipulation and the exhibits attached thereto and the papers submitted in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1. The Court, for purposes of this order (the "Order"), adopts all defined terms as set forth in the Stipulation;

2. The Court grants preliminary approval of the Settlement based upon the terms set forth in the Stipulation. The Settlement appears to be fair, reasonable, and adequate to the Class;

3. The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only: All individual consumers in the United States of America who, between December 4, 2006 and April 9, 2007, used a credit or debit card for a transaction at a Ritz Camera Centers Location and were provided at the point of sale or transaction with an electronically-printed receipt which displayed (1) more than the last five digits of the credit or debit card number, and/or (2) the expiration date of the credit or debit card;

4. The Court finds that the above-defined Class meets all the requirements for class certification. The Court further finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied as (a) the Class Members are so numerous that joinder is impracticable, (b) there are questions of law and fact common to the Class Members which predominate over any individual questions, (c) the claims of the Class Representatives are typical of the claims of the Class Members, (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of the Class Members and will continue to do so, and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

5. The Court appoints Eric A. Grover of Keller Grover LLP, Mark R. Thierman of Thierman Law Firm, Scott A. Miller of Law Offices of Scott A. Miller, A.P.C., Steven L. Miller

of Steven L. Miller, A PLC, and William A. Baird and Launa N. Everman of Milstein, Adelman & Kreger, LLP as Class Counsel;

6. The Court appoints Zachary Hile and Shogher Andonian as the Class Representatives;

7. The Court confirms EPIQ Systems, Inc. as the Settlement Administrator;

8. The Court approves the Notice methodology set forth in the Stipulation;

9. The Court approves the In-Store Notice in substantially the form attached to the Stipulation as Exhibit "B";

10. The Court approves the Published Notice in substantially the form attached to the Stipulation as Exhibit "C";

11. The Court approves the Claim Form in substantially the form attached to the Stipulation as Exhibit "D";

12. The Court approves the manner and form of the On-Line Notice described in paragraph 2.1.2 of the Stipulation.

13. The Court directs Defendant to cause the Published Notice to be published on two separate occasions as part of Defendant's normal Sunday newspaper advertising inserts and circulars within forty-five (45) days after the Preliminary Approval Date;

14. The Court directs Defendant to display the In-Store Notice for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

15. The Court directs Defendant to provide a link on its website homepage, www.ritzpix.com, to a webpage or website that contains the On-Line Notice, for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

16. The Court finds that the notice to be provided to Class Members in this case, including the In-Store Notice, the On-Line Notice and the Published Notice (collectively "Class Notice") and the methodology by which the notice will be disseminated: (a) is the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise the Class

1  Members of the pendency of the Action and of their right to object or to exclude themselves
2  from the proposed Settlement; (c) is reasonable and constitutes due, adequate and sufficient
3  notice to all persons entitled to receive notice; and (d) meets all applicable requirements of the
4  Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution
5  (including the Due Process Clause), the Rules of Court, and any other applicable law;

6      17.    The Court directs Defendant to file proof of publication of the Published Notice
7  and proof of its compliance with its In-Store Notice and On-Line Notice obligations as soon as
8  reasonably practicable;

9      18.    This Court will hold a Final Settlement Approval Hearing on _____, 2008
10 at _____ to consider the fairness, reasonableness and adequacy of the proposed Settlement
11 as well as the award of costs, fees and incentive awards;

12     19.    To facilitate the claims procedure approved by the Court, whereby Class
13 Members may file claims to participate in the Settlement, the Court herby enjoins Plaintiffs and
14 all Class Members from filing or prosecuting any claims, suits or administrative proceedings
15 regarding claims released by this Settlement unless and until such Class Members have sent valid
16 Exclusions to the Claims Administrator and the time for filing claims with the Claims
17 Administrator has elapsed;

18     20.    Class Members who wish to participate in the Settlement shall complete and
19 submit a Claim Form within sixty (60) days after the date of the last Published Notice;

20     21.    Each Class Member who wishes to exclude himself or herself from the Class must
21 submit a valid and timely written request for exclusion to the Claims Administrator within forty-
22 five (45) days after the date the last Published Notice appears;

23     22.    Any Class Member who does not submit a valid and timely written request for
24 exclusion from the Class will be bound by all proceedings, orders, and judgments in this Action
25 relating to the Stipulation, even if such Class Member has previously initiated or subsequently
26 initiates individual litigation against any Defendant or Releasees or other proceedings involving
27 Settled Claims;

28

23. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Stipulation, to any terms of the proposed Settlement, or to the proposed Attorneys' Fees and Costs, must submit a written objection to the Claims Administrator within forty-five (45) days after the date the last Published Notice appears;

24. Pursuant to the Class Action Fairness Act, Defendant is required to notify "appropriate Federal and State officials" of the settlement. 28 U.S.C. § 1715. If such notifications have not been made at the time of this Order, the Defendant must do so within ten (10) court days and file proof of such notification with the Court within fifteen (15) court days of the date of this Order.

25. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or this Order.

**IT IS SO ORDERED.**

DATE: _____, 2008

**Honorable Saundra B. Armstrong**
Judge of the United States District Court,
Northern District