IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 08 C 453 |
| RITZ CAMERA CENTERS, INC., | ) ) | Judge Guzman |
| Defendant. | ) ) ) | Magistrate Judge Cole |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Expecting this Court to rubber stamp its approval of his motion for certification of a class alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. 1681 *et seq.*, Plaintiff offers a bare bones motion, with scant factual allegations and absolutely no evidence to support any of his claims. In doing so, Plaintiff has mistakenly placed the onus on Ritz Camera and this Court to ferret out the inferences Plaintiff means to draw in its favor. Plaintiff has not provided sufficient information from which Ritz Camera can formulate a response or from which the Court can conduct the rigorous analysis Federal Rule of Civil Procedure 23 requires. Failure to offer this information does not, however, transfer Plaintiff's burden to support his motion to Ritz Camera and this Court; it simply means that Plaintiff has failed to meet his burden.

Plaintiff has failed to show that the requirements of Rule 23(a) have been met. For example, Plaintiff offers no information that demonstrates that any class members beside himself exist. The pending settlement of two identical but nationwide class action suits will wipe out all of Plaintiff's local class here. He has therefore failed to establish numerosity. Similarly, Plaintiff

has provided no information in his complaint or motion about the named plaintiff, making analysis of his adequacy impossible. Ritz Camera's own discovery has established that he is not an adequate representative. He has little understanding of the issues in the litigation and has demonstrated that he is not committed to pursuing his claims. Moreover, certain defenses unique to Plaintiff make him atypical and thus in conflict with the other members of the putative class.

Certification under Rule 23(b) is similarly inappropriate. Statutory damages under FACTA may range widely. U.S.C. §1681n. Even if a defendant is found to have been willful in its conduct, these damages are assessed to reflect the plaintiff's actual circumstances. This will necessitate a fact-intensive analysis into the particular circumstances of each case and the behavior and knowledge of each plaintiff. Thus, individual issues predominate. Moreover, class action is not superior to the individual approach because Congress provided incentives for individuals to file suit under FACTA in the form of attorneys fees.

Failure to establish any of these requirements merits denial of Plaintiff's motion. Having put forth no evidence to support his claim that his proposed class is entitled to certification, Plaintiff fails to meet most if not all of the requirements of the Rule and his motion should therefore be denied.

## I. FACTS

Plaintiff has filed this class action lawsuit against Ritz Camera alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") relating to the alleged printing of more than five digits of a credit card number or an expiration date on an electronically generated receipt. Plaintiff purports to bring this suit on behalf of "all consumers to whom Defendant Ritz Camera provided an electronically printed receipt at the point of sale or transaction in a store located in Cook County Illinois, after December 4, 2006, which receipt displays (a) more than

the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's creditor debit card or (c) both." (Compl. ¶ 22.)

In 2005, Ritz Camera updated its point-of-sale software to protect sensitive customer information, masking all but the last four digits of a customer's credit or debit card number. Ritz was never advised that the masking of the expiration date of the credit or debit card was also required by law. Just over a week after learning that this was not simply a "best practice" as it had previously believed, but was required by law, Ritz Camera immediately began overhauling its point-of-sale software. The update was completed within a few weeks, on April 9, 2007.

Ritz learned of the legal requirement when it received a complaint filed by Zachary Hile in the United States District Court for the Northern District of California. (*Id.*); *Hile v. Ritz Camera Centers, Inc.*, C 07-00716 SBA. On the same day that Ritz Camera completed the update of its software systems and was in full compliance with this specific provision of FACTA, a second class action was filed in the Central District of California, *Andonian v. Ritz Camera Centers, Inc.*, C 07-06342 SBA. The parties in these actions have recently filed a joint stipulation of settlement and have moved the court in the Northern District of California for preliminary approval of the settlement. (Exs. 1-5, Settlement Documents.) The putative class covered by the proposed settlement is defined to include:

> All individual consumers in the United States of America who, between December 4, 2006, and April 9, 2007, used a credit or debit card for a transaction at a Ritz Camera Centers Location and were provided at the point of sale or transaction with an electronically-printed receipt which displayed (1) more than the last five digits of the credit or debit card number, and/or (2) the expiration date of the credit or debit card.

Mr. Thomas brought the instant claim nearly a year after *Hile* and *Andonian* were filed and now seeks to certify a class that is entirely subsumed by the nationwide class defined by those cases. He does not allege that he has not suffered any actual harm as a result of Ritz

3

Camera printing an expiration date on a receipt. He also admits that he is not aware of any facts to support his contention that Ritz Camera's alleged violation of FACTA was willful. (Ex. 6, Thomas Dep. 86:23-87:18.)

## II. LEGAL STANDARD

"The class action device was designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02 C 1897, 2006 WL 1697171, *4 (N.D. Ill. June 12, 2006) (quotations omitted).[1] A class action "may only be certified if the trial court is satisfied, after rigorous analysis, that the prerequisites of the rule governing class actions have been satisfied." *Hyderi v. Washington Mut. Bank*, 235 F.R.D. 390, 395 (N.D. Ill. 2006) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). "Before deciding whether to allow a case to proceed as a class action, . . . a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Unlike the analysis under a Rule 12(b)(6) motion to dismiss, "the district court does not talismanically accept the plaintiff's factual allegations as true when determining whether to certify a class." *Hyderi*, 235 F.R.D. at 395.

## III. DISCUSSION

A class cannot be certified unless the plaintiff satisfies each of the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The plaintiff must also satisfy one of the criteria listed under Rule 23(b). *Iosello v. Lawrence*, No. 03 C. 987, 2005

---

[1] Unpublished cases are attached to this Response Brief as Exhibit 8.

WL 2007147, *2 (N.D. Ill. Aug. 18, 2005) (Guzman, J.) Because Plaintiff has asserted that Rule 23(b)(3) is satisfied, he bears the burden of showing that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiff has failed to offer any evidence whatsoever that the numerosity, typicality or adequacy of representation requirements have been met and in fact the evidence shows that Plaintiff cannot prove these elements. Furthermore, Plaintiff's proposed class cannot be certified because individual issues relating to damages predominate, and class action is not superior to individualized litigation.

### A. Plaintiff has proffered no evidence to demonstrate that numerosity is satisfied.

In order to satisfy the numerosity requirement, a plaintiff must show that the class is "so numerous that joinder of all members is impracticable." Rule 23(a)(1). A plaintiff is "not required to specify the exact number of persons in the class, but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Iosello*, 2005 WL 2007147, *4 (rejecting argument that numerosity could be shown by compiling "inference upon inference").

Plaintiff cannot argue that numerosity has been satisfied because all of the potential class members in this lawsuit, including Mr. Thomas, are members of two national class actions that are on their way to being settled. (*See* Exs. 1-5.) The proposed class definition in that settlement is identical to the one proposed here except that the geographic location encompasses Cook County. (*See* Ex. 1, Pl.'s Mot. for Prelim. Approval, at 2.) In other words, putative class members have, in essence, already agreed to settle identical claims in those lawsuits. Res

5

judicata concerns and the terms of the proposed settlement forbid these plaintiffs from pursuing their claims here unless they affirmatively choose to "opt out" of the settlement.

Though he learned of this potential settlement soon after filing his motion for certification, Plaintiff offers no argument, even a conclusory one, that numerosity can be found in the wake of this development. As Plaintiff has made no effort to establish that *any* class members beside Mr. Thomas exist, this is hardly surprising.

Plaintiff asks the Court to "infer that from the number of stores defendant has in Cook County that they issued more then [sic] forty receipts," without providing any allegations from which to draw that inference. Plaintiff has not even named a single additional potential class member outside of the named plaintiff. Arguably, Plaintiff has failed to place any factual allegations or evidence before the Court showing that *he* is a member of his class. In Mr. Thomas's complaint, he claimed he received the receipt at issue at a Ritz Camera located at 2255 West 95th St. (Compl. ¶ 20.) Plaintiff made the same assertion in his motion for class certification. (Mem. Supp. Mot. Class Cert. at 2.) In actuality, as Mr. Thomas admitted in his deposition upon prompting from Ritz Camera, there is no Ritz Camera store at that location. (Ex. 6, Thomas Dep. 58:1-59:7.) To date, neither Plaintiff's complaint nor his motion for certification have been amended to allege that Plaintiff purchased anything at a Ritz Camera location. Ritz Camera only learned of the location Plaintiff now claims he received the receipt at issue through its own investigation and through its request for the receipt, which was tendered after Ritz Camera submitted its responses to Plaintiff's discovery responses. This misplaced the burden of establishing that Plaintiff's proposed class contains even one member on to Ritz Camera. Thus, Plaintiff has failed to establish that it has satisfied this essential element. *See*

*Duffin v. Exelon Corp.*, No. CIV A 06 C 1382, 2007 WL 845336, *5 (N.D. Ill. March 19, 2007) ("Conclusory allegations and speculation do not satisfy Rule 23(a)(1).").

Plaintiff states that he "will propound discovery as to the number of class members," but this is putting the cart before the horse. *See id.* ("Plaintiffs' argument that numerosity will be shown after additional discovery is unavailing. It is plaintiff's burden to establish the appropriateness of class certification."). It was Plaintiff who hastily filed this motion before propounding discovery and Plaintiff who insisted upon a hurried briefing schedule. Plaintiff could have and should have gathered his evidence before moving to certify a class.

Ritz Camera cannot dispute that "between December 4, 2006 and April 9, 2007, at Ritz Camera Centers Inc. retail locations in Cook County, Illinois, in credit card and debit card transactions, Ritz Camera Centers Inc. printed 75,000 receipts which displayed the expiration dates of a person's credit card or debit card." (Ex. 7, Def.'s Resp. Interrog. 5.). It should not fall upon Ritz Camera to make Plaintiff's case for him, however. Nor should Plaintiff be permitted to supplement its proofs in its reply, thereby leaving Ritz Camera without any opportunity to respond without filing a sur-reply. To allow him to do so would be to allow him to needlessly waste this Court's and the parties' time and resources.

### B. **Plaintiff is an atypical plaintiff in conflict with the potential class.**

Under Rule 23(a)(3), the plaintiff must establish that "the claims *or defenses* of the representative parties are typical of the claims *or defenses* of the class." Rule 23(a)(3) (emphasis added). "Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). Where the named plaintiff is subject to certain specific factual defenses, typicality is

7

undermined. *Id.* Similarly, "an individual defense that would take a significant amount of time may destroy typicality." *Pruitt v. City of Chicago*, No. 03 C 2877, 2004 WL 1146110, *10 (N.D. Ill. May 20, 2004).

Mr. Thomas is certainly no typical plaintiff. Though his recovery is dependent upon proving Ritz Camera's willful behavior, Mr. Thomas is in no position to accuse others of willful behavior when he himself has been utterly lax in ensuring FACTA compliance—something that has been part of his job. According to Mr. Thomas, his job working as a consultant for various auto dealerships "pertain[s] to the Fair Credit Act to some extent and some of the safeguard and safekeeping or safeguarding, whatever that law is called, that as far as proper documentation, driver's license, things with Social Security numbers being shredded in the location and stuff like that. So [he becomes] abreast of those issues at that point in time from [his] job." (Ex. 6, Thomas dep. 57:3-12.) Mr. Thomas attended classes through the National Automobile Dealer's Association ("NADA") at which he learned about FACTA compliance as early as February 2006, though he has no recollection of the content of those classes. (*Id.* 59:23-60:15.) Despite sitting through those trainings, Mr. Thomas insists he was not aware of the truncation requirement he accuses Ritz Camera of willfully violating. (*Id.* 76:2-22.) He testified that while he might have learned of the provision, "[i]t doesn't mean I recall that I actively went and reviewed that at that point in time at places I was working." (*Id.* 77:2-4.) Though he admits that part of his job has been to assist car dealerships to comply with the truncation requirements of FACTA (*id.*, 68:17-23), Thomas never bothered to read any manuals, newsletters, or other communications from credit card companies announcing changes to their rules. (*Id.* 81:7-82:3.)

Mr. Thomas's own failure to adequately acquaint himself with the truncation requirements of FACTA does more than place him in the hypocritical role of the proverbial pot

8

calling the kettle black. His unique access to information regarding the law and his apparent disregard of its application sets him apart from other potential class members and could affect his entitlement to damages. Because he is subject to specific factual defenses, typicality is destroyed. On this basis, Plaintiff's motion for certification should be denied.

### C. <u>Plaintiff is not an adequate representative for the putative class.</u>

Under Rule 23(a)(4), a plaintiff must establish that he can "fairly and adequately protect the interests of the class." Rule 23 (a)(4). This requirement has two elements 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interests of the class members." *Forrest v. Shenandoah Valley Nat'l Bank*, No. 06-C-11, 2007 WL 1029503 (E.D. Wis. March 28, 2007). A class is not fairly and adequately represented if the named plaintiff has claims that are antagonistic to or conflict with those of other potential class members. *Id.*

Once again, Plaintiff has asserted virtually no facts about the named Plaintiff, let alone put forth any evidence that he can adequately represent the putative class. Thus, the Court has no basis on which to make a judgment on this criterion and Plaintiff has failed to meet his burden. There is ample evidence to the contrary. Perhaps most telling is the lack of any attempt to fulfill his burden in this motion. For that reason alone the motion should be denied. *See Pruitt*, 2004 WL 1146110, *10 ("[T]he level of inadequacy the Plaintiffs have demonstrated in the filing of this motion for class certification casts serious doubt on their ability to represent an entire class of individuals.").

A class must have a "conscientious representative plaintiff." *Rand v. Monsato Co.*, 926 F.2d 596, 599 (7th Cir. 1991). Though the threshold is relatively low, the plaintiff must establish

that he is not "a shadow plaintiff, one disinterested or unconcerned." *Forrest*, 2007 WL 1029503.

While it is apparent that Plaintiff *should have* been aware of FACTA-related issues from his job, it is equally apparent that he is not familiar with the key issues of this case. Mr. Thomas stated that his goal for the lawsuit was "hopefully, you know, business and people, you know, following the things that continue to protect people's identity from being stolen and creating problems for the individuals." (Ex. 6, Thomas Dep., 30:18-23.) This statement shows a fundamental misunderstanding of what the issues in this case are about. This case is not about identity theft. There are no factual allegations in the complaint relating to identity theft, and absolutely no link between Mr. Thomas's previous personal experiences with identity theft and any receipt he received from Ritz Camera. Damages are in no way tied to allegations of identity theft. Mr. Thomas is much like the plaintiff in *Weiner v. Quaker Oats Co.*, No. 98 C. 3123, 1999 WL 1011381, *10 (N.D. Ill. 1999), who mistakenly believed that "a securities fraud claim arises whenever an investor loses money in the stock market." Such total failure to comprehend the nature of the case should preclude Mr. Thomas from being certified as a class representative. *See id.* (refusing to certify individual as class representative but allowing him to remain as a class member).

Moreover, Mr. Thomas is largely unfamiliar with a host of the factual allegations underlying his complaint. (Ex. 6, Thomas Dep., 78:9-87:18.) For example, Mr. Thomas had no knowledge relating to Ritz Camera's compliance with FACTA. (*Id.* 87:4-18.) He also knew of no other persons who could be members of the class he purports to represent. (*Id.* 90: 9-11.) As discussed above, he was unsure why or how his complaint asserted that he purchased his camera at an incorrect address. In fact, he had very little recollection of the purchase at issue in his case.

He wasn't even sure what credit card he may have used in the transaction, even with the receipt from that transaction right in front of him. (*Id.* 41:21-42:4.)

Mr. Thomas has had little to no involvement with the lawsuit. He never met in person with his counsel, his cousin's college roommate, prior to his deposition. (*Id.* 27:17-28:18.) He had a total of three to five phone conversations with his counsel, the longest one being "very short, primarily just to centralize where and when I'm in town to set up the appointment for the deposition." (*Id.* 88:19-11.) He could not recall a single email he sent to his counsel that was not a response to another email. (*Id.* 88:17-24.) Mr. Thomas could not recall at first whether he had read the complaint before it was filed, saying he "may have." (*Id.* 29:22-24.) Mr. Thomas never confirmed that he read the final draft of the complaint before it was filed—only that he had seen it in "draft form." (*Id.* 30:2-4.) Other than this cursory review of a draft of the complaint, Mr. Thomas could not recall whether he had seen any of the other documents that have been filed in this case. (*Id.* 89:1-24.) Plaintiff's apathy toward the case is of particular concern, given the relatively small amount of statutory damages at stake: "The smaller the individual claim, the less incentive the claimant has to police the class lawyer's conduct, and the greater the danger, therefore, that the lawyer will pursue the suit for his own benefit rather than for the benefit of the class." *Greisz v. Household Bank*, 176 F.3d 1012, 1013 (7th Cir. 1999).

Mr. Thomas's lack of commitment to this case is not unprecedented. Though he claims to have been a victim of identity theft, he admits that when he was contacted by the police concerning the thefts, he never followed up with the police department (Ex. 6, Thomas Dep. 55:10-56:9.) Similarly, he has failed to pursue a number of other FACTA-related claims, despite finding fifteen to twenty other receipts with the expiration date of his credit card printed on them (*Id.* 67:14-12.) Mr. Thomas simply has not met the minimal qualifications to suitably represent

other class members, or to provide the Court with any assurance that he will protect their interests. Without evidence to show that he can adequately represent the class, Plaintiff's motion to certify the class should be denied.

### D. Individual issues predominate and class action is inferior to individualized litigation.

Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "Even if Rule 23(a)'s commonality requirement may be satisfied . . . the predominance criterion of Rule 23(b)(3) is far more demanding." *Hamilton*, 2006 WL 1697171, *6 (citing *Achem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)).

Plaintiff has relied heavily on the Seventh Circuit case of *Murray v. GMAC Mort. Corp*, 434 F.3d 948 (7th Cir. 2006) to support his motion. That case was not a rubber stamp certifying all FCRA-related class actions, however. The *Murray* court merely answered a handful of discrete questions put before it, including the question of whether the prospect of excessive damages should preclude class certification. The case does not reach the more pertinent question of whether individual issues predominate. A look at the statute itself and the relevant caselaw reveals that Plaintiff has failed to meet the predominance requirement.

The FACTA provision under which Plaintiff seeks recovery, 15 U.S.C. § 1681n, allows for a wide range of damages. The provision reads, in relevant part:

> (a) In general
>    Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>       (1)(A) any *actual damages sustained by the consumer* as a result of the failure or damages of not less than $100 and not more than $1,000.

§1681n(a) (emphasis added).

In this case, Plaintiff claims he is seeking to reclaim only "statutory damages of $100 to $1000 per violation." (Compl.) Plaintiff offers no factual allegations whatsoever regarding his or any other members actual damage. Indeed, Plaintiff has pled no actual damages. His class definition encompasses consumers who may allege actual damages, however. This could place him in conflict with these putative class members, who may wish to eschew the statutory damages, with its $1,000 cap, and seek to prove actual damage. This would require a great deal of individualized inquiry.

Moreover, statutory damages under the FACTA provision Plaintiff relies upon requires inquiry into the actual damages suffered by each individual plaintiff, as it requires a determination of "actual damages" of between $100 and 1,000. While the statute does not provide a simple equation from which to determine what plaintiff is entitled to what award, it does place the focus of the determination squarely on the consumer. To date, no court has awarded any damages under this provision, but most likely, this determination will be made on a case-by-case basis, through an investigation of the individual plaintiff's factual allegations. For example, a plaintiff who carelessly handled his or her receipts, thereby increasing the chances that it could fall into the wrong hands, would be entitled to a lower damages award than one who faithfully shredded them, thereby mitigating potential damage. This analysis requires an examination of each individual's habits as well as the facts surrounding his or her purchase, and the manner in which he or she handled the receipt from that purchase. Where, as here, there is a "variance in injury among the members of the class and the cost of the individualized hearings that would in consequence be required for assessing damages," class certification should be denied. *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001); *see also Anderson v.*

*New Dimension Fin. Servs.*, No. 00 C 3725, 2001 WL 1155251, *2 (N.D. Ill. Sept. 28, 2001) (Guzman, J.) (finding that where individualized inquiry is required, class action is inappropriate).

Proving each individual's claim will also require predominately individualized inquiry. Under the provision of the statute Plaintiff claims was violated here, each plaintiff will need to prove that he or she is a "consumer" under the statute, and that he or she was provided with a non-compliant receipt at the point of sale or transaction at issue. 15 U.S.C. §1681c(g)(1).

Moreover, class action is not the superior means of adjudicating Plaintiff's claim. This is not a "negative value suit," where a plaintiff may be disinclined to litigate because the potential return on the investment of his time and money is minimal. Because the statute provides attorneys fees, an individual plaintiff, who need not offer any proof of damages, can recover his actual damages without any out-of-pocket expense. Congress incorporated this incentive into FACTA to encourage litigation on an individual basis. "[T]he availability of statutory damages plus the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits." *Hyderi*, 235 F.R.D at 404; *see also Gardner v. Equifax Info. Servs. LLC*, Civil No. 06-3102 ADM/AJB, 2007 WL 2261688, *6 (D. Minn. Aug. 6, 2007) ("The attorney's fee provision, allowing harmed individuals to pursue meritorious claims without incurring financial detriment, weighs against a finding of class action superiority over other litigation mechanisms."); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 456 (E.D. Pa. 2000) ("ability to recover attorney's fees . . . belies the projected problems of a negative value suit, and offsets the potential costs associated with individual litigations for relatively small amounts"). "Accordingly, a class action is not necessary for justice to be done." *Glover v. Standard Fed. Bank*, 283 F.3d 953, 965-66 (8th Cir. 2002) (finding that where Congress has guaranteed legal representation under a statute

by permitting attorneys fees and costs as part of each allowable recovery, class action is not necessary to encourage litigation under the statute, even if potential damages are relatively low).

Plaintiff's efficiency argument is undercut by the limiting of his potential class to one county in Illinois. This limitation serves no legitimate purpose and, if successful, could encourage the very sort of needless piecemeal litigation Rule 23 was meant to discourage. Plaintiff essentially advocates the unequal treatment of otherwise similar consumers who happened to purchase items at different locations within the same state. The inefficiency of this approach is underscored by the pending settlement of *Hile* and *Andonian*, which will include a nationwide class and will encompass the potential members of Plaintiff's proposed class.

Thus, Plaintiff cannot establish that class action is superior to individualized litigation and his class should not be certified.

## IV. CONCLUSION

Plaintiff has fallen woefully short of meeting his burden to show that class certification is appropriate. He has provided nothing but speculation in support of his claim that numerosity has been satisfied—this in spite of the fact that a recent nationwide class action suit will eliminate any potential class members he may have been able to name, had he made the effort to name any beside himself. Similarly, Plaintiff offers nothing but conclusory allegations that typicality and adequacy are satisfied, despite facts unique to himself that destroy typicality, and ample evidence that he is not qualified to represent the putative class. Finally, Plaintiff cannot meet the requirements of Rule 23(b)(3), as individual claims for damages predominate over the issues of the class, and Congressional incentives negate his argument that class action is superior in this type of action. Therefore, having failed to satisfy the requirements of *either* Rule 23(a) or 23(b), Plaintiff's motion for class certification should be denied.

                                                DEFENDANT RITZ CAMERA CENTERS, INC.

                                                By:    /s/ Suzanne E. Rollier
                                                               One of Its Attorneys

Richard T. Williams
Charles E. Joern, Jr.
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600

## CERTIFICATE OF SERVICE

The undersigned certifies that on **April 28, 2008**, she caused the foregoing **Response to Plaintiff's Motion for Class Certification** to be filed electronically and that service was accomplished pursuant to the CM/ECF for filing users and that non-participants were served as required by L.R. 5.5.

/s/ Suzanne E. Rollier

Richard T. Williams
Charles E. Joern, Jr.
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600