# Exhibit 2

```
 1  Eric A. Grover (SBN 136080)
    KELLER GROVER LLP
 2  425 Second Street, Suite 500
    San Francisco, CA  94107
 3  Telephone: (415) 543-1305
    Facsimile: (415) 543-7861
 4  eagrover@kellergrover.com

 5  Attorneys for Plaintiff Zachary Hile

 6
    William A. Baird (SBN 192675)
 7  Launa N. Everman (SBN 227743)
    MILSTEIN, ADELMAN & KREGER, LLP
 8  2800 Donald Douglas Loop North
    Santa Monica, California 90405
 9  Telephone:  (310) 396-9600
    Facsimile:  (310) 396-9635
10  tbaird@maklawyers.com

11  Attorneys for Plaintiff Shogher Andonian

12  [Additional Counsel Listed on Signature Page]
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>　　Defendant.<br><br>─────────────────────<br><br>SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive,<br><br>　　Defendants. | Case Nos.: CV-07-00716 SBA<br>and CV 07-2349 GAF<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

-1-

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA

1  The Court has received the Joint Stipulation of Class Action Settlement ("Stipulation"),
2  entered into by and between (1) plaintiffs Zachary Hile and Shogher Andonian ("Plaintiffs" or
3  "Class Representatives"), on behalf of themselves and all other similarly situated (the "Class"),
4  and (2) defendant Ritz Camera Centers, Inc. ("Defendant"). The Court, having reviewed the
5  Stipulation and the exhibits attached thereto and the papers submitted in support of Plaintiffs'
6  Motion for Preliminary Approval of Class Action Settlement and good cause appearing,
7  HEREBY ORDERS THE FOLLOWING:

8  1.  The Court, for purposes of this order (the "Order"), adopts all defined terms as set forth in the Stipulation;

10  2.  The Court grants preliminary approval of the Settlement based upon the terms set forth in the Stipulation. The Settlement appears to be fair, reasonable, and adequate to the Class;

12  3.  The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only: All individual consumers in the United States of America who, between December 4, 2006 and April 9, 2007, used a credit or debit card for a transaction at a Ritz Camera Centers Location and were provided at the point of sale or transaction with an electronically-printed receipt which displayed (1) more than the last five digits of the credit or debit card number, and/or (2) the expiration date of the credit or debit card;

18  4.  The Court finds that the above-defined Class meets all the requirements for class certification. The Court further finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied as (a) the Class Members are so numerous that joinder is impracticable, (b) there are questions of law and fact common to the Class Members which predominate over any individual questions, (c) the claims of the Class Representatives are typical of the claims of the Class Members, (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of the Class Members and will continue to do so, and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

26  5.  The Court appoints Eric A. Grover of Keller Grover LLP, Mark R. Thierman of Thierman Law Firm, Scott A. Miller of Law Offices of Scott A. Miller, A.P.C., Steven L. Miller

-2-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA

of Steven L. Miller, A PLC, and William A. Baird and Launa N. Everman of Milstein, Adelman & Kreger, LLP as Class Counsel;

6. The Court appoints Zachary Hile and Shogher Andonian as the Class Representatives;

7. The Court confirms EPIQ Systems, Inc. as the Settlement Administrator;

8. The Court approves the Notice methodology set forth in the Stipulation;

9. The Court approves the In-Store Notice in substantially the form attached to the Stipulation as Exhibit "B";

10. The Court approves the Published Notice in substantially the form attached to the Stipulation as Exhibit "C";

11. The Court approves the Claim Form in substantially the form attached to the Stipulation as Exhibit "D";

12. The Court approves the manner and form of the On-Line Notice described in paragraph 2.1.2 of the Stipulation.

13. The Court directs Defendant to cause the Published Notice to be published on two separate occasions as part of Defendant's normal Sunday newspaper advertising inserts and circulars within forty-five (45) days after the Preliminary Approval Date;

14. The Court directs Defendant to display the In-Store Notice for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

15. The Court directs Defendant to provide a link on its website homepage, www.ritzpix.com, to a webpage or website that contains the On-Line Notice, for a period of not less than sixty (60) days after the last Published Notice, beginning no more than fourteen (14) days after the Preliminary Approval Date;

16. The Court finds that the notice to be provided to Class Members in this case, including the In-Store Notice, the On-Line Notice and the Published Notice (collectively "Class Notice") and the methodology by which the notice will be disseminated: (a) is the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise the Class

1  Members of the pendency of the Action and of their right to object or to exclude themselves
2  from the proposed Settlement; (c) is reasonable and constitutes due, adequate and sufficient
3  notice to all persons entitled to receive notice; and (d) meets all applicable requirements of the
4  Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution
5  (including the Due Process Clause), the Rules of Court, and any other applicable law;

6     17.    The Court directs Defendant to file proof of publication of the Published Notice
7  and proof of its compliance with its In-Store Notice and On-Line Notice obligations as soon as
8  reasonably practicable;

9     18.    This Court will hold a Final Settlement Approval Hearing on _____, 2008
10 at _____ to consider the fairness, reasonableness and adequacy of the proposed Settlement
11 as well as the award of costs, fees and incentive awards;

12    19.    To facilitate the claims procedure approved by the Court, whereby Class
13 Members may file claims to participate in the Settlement, the Court herby enjoins Plaintiffs and
14 all Class Members from filing or prosecuting any claims, suits or administrative proceedings
15 regarding claims released by this Settlement unless and until such Class Members have sent valid
16 Exclusions to the Claims Administrator and the time for filing claims with the Claims
17 Administrator has elapsed;

18    20.    Class Members who wish to participate in the Settlement shall complete and
19 submit a Claim Form within sixty (60) days after the date of the last Published Notice;

20    21.    Each Class Member who wishes to exclude himself or herself from the Class must
21 submit a valid and timely written request for exclusion to the Claims Administrator within forty-
22 five (45) days after the date the last Published Notice appears;

23    22.    Any Class Member who does not submit a valid and timely written request for
24 exclusion from the Class will be bound by all proceedings, orders, and judgments in this Action
25 relating to the Stipulation, even if such Class Member has previously initiated or subsequently
26 initiates individual litigation against any Defendant or Releasees or other proceedings involving
27 Settled Claims;
28

-4-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 07-716 SBA

23. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Stipulation, to any terms of the proposed Settlement, or to the proposed Attorneys' Fees and Costs, must submit a written objection to the Claims Administrator within forty-five (45) days after the date the last Published Notice appears;

24. Pursuant to the Class Action Fairness Act, Defendant is required to notify "appropriate Federal and State officials" of the settlement. 28 U.S.C. § 1715. If such notifications have not been made at the time of this Order, the Defendant must do so within ten (10) court days and file proof of such notification with the Court within fifteen (15) court days of the date of this Order.

25. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or this Order.

**IT IS SO ORDERED.**

DATE: _____, 2008

**Honorable Saundra B. Armstrong**
Judge of the United States District Court,
Northern District

# Exhibit 3

Eric A. Grover (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff Zachary Hile

William A. Baird (SBN 192675)
Launa N. Everman (SBN 227743)
**MILSTEIN, ADELMAN & KREGER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
tbaird@maklawyers.com

Attorneys for Plaintiff Shogher Andonian

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>　　Defendant. | Case Nos.: CV-07-00716 SBA<br>and CV 07-2349 GAF<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive,<br><br>　　Defendants. | |

-1-
[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 07-716 SBA

**[PROPOSED] ORDER**

Good cause appearing, the Court HEREBY ORDERS THE FOLLOWING:

1. The Court, for purposes of this order (the "Order"), adopts all defined terms as set forth in the Stipulation;

2. The Court approves the settlement as set forth in the Stipulation as fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure;

3. The Court hereby approves and orders that the total amount of $765,000.00 is the amount of reasonable attorneys' fees that should be paid to Class Counsel for the work completed and to be completed and orders reimbursement of costs in the amount of $18,000.00, and hereby authorizes payment of said amounts in accordance with the Stipulation. The Court further orders that the attorneys' fee award set forth in this paragraph shall be administered pursuant to the terms of the Stipulation;

4. The Court hereby approves and orders incentive payments to plaintiffs Zachary Hile and Shogher Andonian in the amount of $1,000 each as compensation for their work and efforts on behalf of the Class;

5. The Court dismisses the Complaints on the merits and with prejudice and, except as approved by the Court and provided herein, without costs or attorneys' fees to either of the Settling Parties;

6. The Court adjudges that the Settling Plaintiffs have released any and all claims against the Settling Defendant as set forth in Paragraph 1.17 of the Stipulation;

7. The Court permanently enjoins all Settling Plaintiffs from filing, prosecuting or otherwise pursuing any and all Settled Claims against the Settling Defendant;

8. The Court permanently enjoins Settlement Class Plaintiffs and members of the Settlement Class who made a purchase at a Ritz Camera Centers Location during the Relevant Time Period using a credit card or debit card and who received a receipt containing more than the last five digits of the credit card or debit card number and/or the expiration date of the credit or debit card who reside in jurisdictions in which the Published Notice was published, in which

the In-Store Notice was displayed, or in which the On-Line Notice was accessible, and who did not either Opt-Out or raise any proper written objection to the proposed settlement terms on or before the Opt-Out Expiration Date either in person, directly or through legal counsel, or in writing from filing, prosecuting or otherwise pursuing any appeal of the Final Judgment, to the extent permitted by law;

9. Because there is no just reason for delay, the Court directs that the clerk of the Court enter the Final Judgment forthwith as a final judgment pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure; and

10. Without affecting the finality of the Final Judgment, the Court reserves continuing jurisdiction over the Settling Parties for the purposes of: (a) implementation of the settlement set forth in this Stipulation; and (b) enforcing and administering the settlement and any Court orders relating to the settlement.

**IT IS SO ORDERED.**

DATE: _____, 2008

**Honorable Saundra B. Armstrong**
Judge of the United States District Court,
Northern District

# Exhibit 4

1 Richard T. Williams (State Bar No. 52896)
Tara L. Cooper (State Bar No. 239018)
2 HOLLAND & KNIGHT LLP
633 West Fifth Street, 21st Floor
3 Los Angeles, California 90071-2040
Telephone: (213) 896-2400
4 Facsimile: (213) 896-2450
richard.williams@hklaw.com
5 Attorneys for Defendant
Ritz Camera Centers, Inc.
6

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of him/herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>Defendant. | Case No.: CV-07-00716 SBA and CV 07-2349 GAF<br><br>Hon. Saundra B. Armstrong<br><br>DECLARATION OF CURTIS SCHEEL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: June 3, 2008<br>Time: 1:00 PM<br>Ctrm: 3, 3rd Floor<br>Hon. Saundra B. Armstrong |
| SHOGHER ANDONIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 though 10, inclusive,<br><br>Defendants. | |

I, Curtis J. Scheel, declare and say as follows:

1. I am the President and Chief Operating Officer of Defendant Ritz Camera Centers, Inc. ("RCCI"), a position I have held since December 27, 2007. Since joining RCCI in January 2003, I have held various executive positions,

1

Case No. CV-07-00716 SBA

including Chief Operating Officer and Chief Financial Officer. The statements contained in this Declaration are made from my personal knowledge and from my review of documents prepared in the ordinary course of business by RCCI employees under my general supervision and direction; if called as a witness in these proceedings, I could and would testify competently to each of the matters set forth herein.

2. Based upon information I have reviewed from records of RCCI prepared and maintained in the ordinary course of business, I confirm the representation made in the Stipulation of Settlement herein that between December 4, 2006 and April 9, 2007, at its U.S. retail outlets selling cameras, lenses, digital memory products, imaging products and services, RCCI printed approximately 2.55 million credit card and debit card receipts displaying a card expiration date. These receipts were issued to approximately 1.7 million different consumers, some of whom received more than one receipt. By April 9, 2007, all RCCI locations were fully FACTA-compliant.

3. Based upon information I have reviewed from records of RCCI prepared and maintained in the ordinary course of business, I confirm the representation made in the Stipulation of Settlement herein that more than 80% of the total sales in 2006 at U.S. retail outlets of RCCI selling cameras, lenses, digital memory products, imaging products and services encompass and are of the sale of those products. Further, and also based on RCCI's 2006 sales at these outlets, I confirm that more than 80% of all camera, lens and digital memory sales fall within parameters in the Stipulation of Settlement that would allow the proposed

Settlement Package Award Certificate and Supplemental Award Certificate to be used in such sales transactions.

4. With respect to notice to members of the proposed Settlement Class, since November 2006, prior to the time period relevant to this litigation, RCCI has not collected street addresses or postal mailing addresses from its customers. RCCI has no means to gather names and street addresses or postal mailing addresses of individual members of the proposed Settlement Class. Whether financial institutions who issued credit cards or debit cards used by customers in transactions at RCCI outlets between December 4, 2006 and April 9, 2007, could or would provide names and addresses for those customers is unknown to RCCI; attempting to assemble the individual names and addresses for 1.7 million customers would undoubtedly involve huge amounts of time and significant expenditure by such financial institutions and the parties, far more than reasonable effort, without assurance the process can be accomplished in a reasonable time.

5. RCCI has, for many years, advertised frequently and regularly with printed inserts in the Sunday editions of newspapers and customary weekly advertising publications of such newspapers (collectively, "Insert Publications") in the major metropolitan areas of the United States. In my observation and experience, these printed insert advertisements have been the principal means for communication between RCCI and its customers. The newspapers in which RCCI regularly advertises with inserts in Insert Publications, along with their reported circulation and headquarters cities, are as follows:

| Paper Name | Headquarters | Circulation of RCCI Inserts |
|---|---|---|
| Atlanta Journal | Atlanta, GA | 866,000 |

3

Case No. CV-07-00716 SBA

| # | Publication | Location | Circulation |
|---|---|---|---|
| 1 | Austin American Statesman | Austin, TX | 87,830 |
| 2 | Baltimore Examiner | Baltimore, MD | 178,837 |
| 3 | | | |
| 4 | | | |
| 5 | Baltimore Sun | Baltimore, MD | 208,610 |
| 6 | Birmingham News | Birmingham, AL | 85,291 |
| 7 | | | |
| 8 | Boston Globe | Boston, MA | 546,575 |
| 9 | Charleston Post & Courier | Charleston, SC | 112,295 |
| 10 | | | |
| 11 | Charlotte Observer | Charlotte, NC | 141,300 |
| 12 | Chattanooga Times Free Press | Chattanooga, TN | 90,373 |
| 13 | | | |
| 14 | Chicago Tribune | Chicago, IL | 958,500 |
| 15 | | | |
| 16 | | | |
| 17 | Cincinnati Enquirer | Cincinnati, OH | 307,259 |
| 18 | | | |
| 19 | Cleveland Plain Dealer | Cleveland, OH | 319,977 |
| 20 | Columbia State | 131,416 | 145,000 |
| 21 | Dallas Morning News | Dallas, TX | 570,000 |
| 22 | | | |
| 23 | Denver Post | Denver, CO | 508,730 |
| 24 | Detroit News and Free Press | Detroit, MI | 160,253 |
| 25 | | | |
| 26 | Ft. Lauderdale Sun Sentinel | Ft. Lauderdale, FL | 550,000 |
| 27 | | | |
| 28 | | | |

4

Case No. CV-07-00716 SBA

| # | Newspaper | City | Circulation |
|---|---|---|---|
| 1 | Ft. Worth Star Telegram | Ft. Worth, TX | 175,630 |
| 2 | | | |
| 3 | | | |
| 4 | Greenville News-Piedmont | Greenville, NC | 119,000 |
| 5 | | | |
| 6 | Hartford Courant | Hartford, CT | 240,559 |
| 7 | Houston Chronicle | Houston, TX | 359,746 |
| 8 | | | |
| 9 | Kansas City Star | Kansas City, MO | 254,730 |
| 10 | | | |
| 11 | Kingsport Times-News | Kingsport, TN | 48,000 |
| 12 | | | |
| 13 | Los Angeles Times | Los Angeles, CA | 844,093 |
| 14 | | | |
| 15 | Manchester Union Leader | Manchester, NH | 54,108 |
| 16 | | | |
| 17 | Memphis Commercial Appeal | Memphis, TN | 165,716 |
| 18 | | | |
| 19 | Miami Herald | Miami, FL | 189,000 |
| 20 | | | |
| 21 | Milwaukee Journal | Milwaukee, WI | 218,876 |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

5

Case No. CV-07-00716 SBA

| | | |
|---|---|---|
| Minneapolis Star Tribune | Minneapolis, MN | 507,160 |
| Nashville Tennessean | Nashville, TN | 200,000 |
| Norfolk Virginian Pilot | Norfolk, VA | 144,675 |
| Orlando Sentinel | Orlando, FL | 208,400 |
| Philadelphia Inquirer | Philadelphia, PA | 651,000 |
| Phoenix Arizona Republic | Phoenix, AZ | 369,917 |
| Pittsburgh Post Gazette | Pittsburgh, PA | 294,960 |
| Portland Oregonian | Portland, OR | 300,000 |

6

Case No. CV-07-00716 SBA

| Newspaper | City | Circulation |
|---|---|---|
| Providence Journal | Providence, RI | 219,769 |
| Raleigh News & Observer | Raleigh, NC | 186,590 |
| Richmond Times Dispatch | Richmond, VA | 142,888 |
| Sacramento Bee | Sacramento, CA | 225,418 |
| Salt Lake City Tribune | Salt Lake City, UT | 127,395 |
| San Antonio Express News | San Antonio, TX | 125,386 |
| San Diego Union Tribune | San Diego, CA | 318,848 |
| San Francisco Chronicle | San Francisco, CA | 364,900 |
| San Francisco Examiner | San Francisco, CA | 244,034 |

| | | |
|---|---|---|
| San Jose Mercury News | San Jose, CA | 264,486 |
| Sarasota Herald-Tribune | Sarasota, FL | 105,990 |
| Seattle Times | Seattle, WA | 385,000 |
| St Louis Post Dispatch | St. Louis, MO | 85,266 |
| St Paul Pioneer Press | St. Paul, MN | 85,266 |
| St. Petersburg Times | St. Petersburg, FL | 285,000 |
| Tampa Tribune | Tampa, FL | 126,469 |
| Washington Examiner | Washington, DC | 158,445 |
| Washington Post | Washington, DC | 1,002,300 |

8

Case No. CV-07-00716 SBA

6. The publication of an insert in the Insert Publications of each of the above-listed newspapers will reach, according to the most recent information reported to RCCI, approximately 11.4 million newspaper subscribers and customers. RCCI will publish notice, as approved by this Court pursuant to the present Motion for Preliminary Approval of Class Action Settlement, in inserts in the Insert Publications of the above-listed newspapers on two separate Sundays (for Sunday editions) and in two separate weeklies (for weekly advertising publications), for a total of approximately 23 million inserts.

7. From my observation and experience of RCCI sales and store locations and my review of information from records maintained by RCCI in the ordinary course of business, I confirm that more than 85 percent (85%) of RCCI's total sales of cameras, lenses, digital memory products, imaging products and services are made within the circulation areas of the above-listed newspapers. I further confirm that more than 85 percent (85%) of RCCI's retail outlets where these products are sold are located within the circulation areas of the above-listed newspapers.

Executed under penalty of perjury under the laws of Maryland and the United States this 8th day of April, 2008.

_____
Curtis J. Scheel

# 5245806_v1